**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| JOHN N. XEREAS<br><br>Plaintiff,<br><br>v.<br><br>MARJORIE A. HEISS, *et al.*,<br><br>Defendants | Case No. 12-456 |

**DEFENDANTS' OBJECTIONS TO PLAINTIFF'S DEPOSITION DESIGNATIONS, TRIAL EXHIBIT LIST AND TRIAL WITNESS LIST**

Pursuant to the Amended Scheduling Order, Defendants Marjorie Heiss, Geoffrey Dawson and Penn Social LLC ("Defendants") file these objections to Plaintiff's deposition designations, trial exhibit list, and witness list. With respect to deposition designations, Plaintiff made none, and his effort to reserve the right to read deposition testimony by listing such deponents on Plaintiff's trial witness list should be rejected out of hand. In a similar vein, Plaintiff's Trial Exhibit List in many instances list whole classifications of documents rather than the specific documents intended to be used at trial, making objection to such documents impossible. Such large groupings of documents are not properly identified and Plaintiff should be barred from their use at trial. In addition, many of Plaintiff's trial exhibits are irrelevant and/or prejudicial and should be stricken. Finally, Plaintiffs' witness list fails to identify those witnesses that he will call from those that he may call. While several of the corporate entities listed as witnesses are most likely submitted to authenticate documents, Plaintiff has refused to specify which witnesses are for such purpose and whether that is the sole purpose for identifying

that witness. Such refusal to specify makes Defendants' preparation for trial impossible. Moreover, listing 31 witnesses is an abuse of the purpose of a trial witness list. Plaintiff should be required to present a more reasonable witness list.

**I. Plaintiff Cannot Designate Every Line from Every Deposition in This Case**

The Court's December 22, 2017 scheduling order required the Parties to designate testimony from depositions by July 18, 2018, but Plaintiff failed to designate any portions of the testimony taken in this case. Instead, Plaintiff listed as witnesses all witnesses who have testified by deposition in this case if their testimony was designated by a party. See Plaintiff's Exhibit List, attached as Exhibit 4. This is either an improper method for identifying witnesses or an improper effort to designate the entire deposition of witnesses deposed in this matter. The listing of deponents as trial witnesses prevents Defendants from counter designating deposition testimony and suggests Plaintiff intends to read the entire deposition transcripts into the record. As noted by the Court in *Mavromatis v. Murphy*, 2016 WL 3344578 (N.D. Ga., June 16, 2016), "the purpose of the pretrial order is to "narrowly outline the existing issues," *Miles v. Tennessee River Pulp & Paper Co.*, 862 F.2d 1525, 1529 (11th Cir. 1989), and to "promote the fair and efficient administration of justice," *In re FLSA Cases*, No. 6:08-mc-49, 2009 WL 129599, at *7 (M.D. Fla. Jan. 20, 2009). Plaintiff's improper actions neither "narrowly outline the existing issues" nor does it promote the fair and efficient administration of justice and should be rejected.

**II. Plaintiff's Trial Exhibit List is Improper**

Plaintiff's identification of Trial Exhibits suffers from two problems and exhibits falling within these problematic categories should be barred from trial. First, thirteen of Plaintiff's exhibits are groups, most often the entire production of document made pursuant to third party

subpoenas. Such designations are improper and prevent Defendants from accurately responding to the admissibility or relevance of such documents. The second category are specific documents irrelevant to Plaintiff's claims and prejudicial to Defendants. Such documents include emails between the Defendants regarding other businesses, personal emails or emails containing comments which are prejudicial and of no relevance, and documents about complaints, in particular noise complaints, about Penn Social's operations. None of these documents are relevant to plaintiff's claims or defenses to counterclaims, and many are introduced only for their prejudicial effect. Such exhibits should be inadmissible.

### A. Group Exhibits Are Improper

Thirteen of Plaintiff's identified Trial Exhibits are large classes of documents, such as "Third Party production of PNC Bank." See Plaintiff's Exhibit List at 306. PNC produced 105 documents. Trial exhibits 301-305 and 287-293 are similar groups of documents produced by third parties. Exhibit 297 purports to be "Correspondence between Plaintiff's counsel and Defendants' counsel" with no other detail. Failing to adequately identify his trial exhibits, Plaintiff should be barred from using such documents at trial. As the District Court noted in *Banks v. Vilsack*, 292 F.R.D. 158 (D.D.C 2013), "If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness ... at a trial, unless the failure was substantially justified or is harmless." Fed.R.Civ.P. 37(c). "Rule 37(c)(1) is a self-executing sanction [.]" *Norden v. Samper*, 544 F.Supp.2d 43, 49 (D.D.C.2008) (internal quotation marks omitted). "[T]he burden of showing substantial justification and special circumstances is on the party being sanctioned." *Hyde & Drath v. Baker*, 24 F.3d 1162, 1171 (9th Cir.1994); see also *Elion v. Jackson*, 544 F.Supp.2d 1, 6 (D.D.C.2008).

### B. Specific Exhibit Objections

Twenty nine exhibits listed on Plaintiff's Trial Exhibit list are objectionable as either irrelevant and/or prejudicial without sufficient relevance to be admissible. The first group are emails about other businesses owned or managed by Defendants Heiss and Dawson. The second set are email, mostly to or from Ms. Heiss, which are not relevant to the present dispute but appear to be offered to suggest the appearance of impropriety, often out of context. The third group are complaints made to Penn Social management either by neighbors or patrons. Again, these documents have no relevance to the present action and placing them before the jury would be a complete waste of time and resources

#### 1. Emails About Other Businesses Are Not Relevant

Defendants Heiss and Dawson had worked together for nearly 20 year on multiple projects, projects that often involved third parties. Bedrock Management was the managing company for a series of bars, nightclubs and restaurants, each with different ownership, but nearly all involving Mr. Dawson in the ownership group and some including Ms. Heiss. Plaintiff has identified 12 such emails, but none have any relevance to Riot Act, Plaintiff's claims or Defendants' counterclaims.[1] Instead, they contain discussions of other projects, ownership interests in those projects and Ms. Heiss's legal and other work for the various entities. They are irrelevant and are properly objectionable.

[1] These twelve exhibits are Nos. 16, 137, 218, 248, 257, 258, 259, 260, 261, 262, 269, and 276 on Plaintiff's list (attached as Exhibit 1).

**2. Irrelevant or Prejudicial Emails On Other Topics**

A second group of nine emails have some connection to Riot Act/Penn Social, but again have no relevance to the issues raised in this lawsuit.[2] These records include emails between Ms. Heiss and a comic who performed at the Club regarding some pro bono work Ms. Heiss did on his behalf (No. 273 and 275). Another is an email between Ms. Heiss and investor Mr. Sullivan discussing a difficult employee (No. 247). Another is a suggestive email from a comedy promoter to Ms. Heiss at a time when she became involved in booking acts at the club after Mr. Xereas walked out on the company. (No. 272). Others make inappropriate joking references that reflect poorly on third parties (No. 138). None of these exhibits are relevant to the issues before the jury and they are prejudicial. They should be stricken.

**3. Noise complaints**

The last group of eight emails contain noise or customer complaints made after the club transitioned to Penn Social branding.[3] It is not an issue in this litigation that neighbors or customers filed occasional complaints with management, and it is probably true of the great majority of establishments operating in D.C. Such complaints have no relevance to Plaintiff's claims and should not be presented to the jury.

**III. Trial Witnesses**

Plaintiff's trial witness list suffers from several defects. First, the list of 31 witnesses includes 13 corporate entities, only one of which was subject to a deposition (Penn Social). See

[2] These nine exhibits are Nos. 94, 136, 138, 216, 245, 247, 272, 273, and 275 on Plaintiff's exhibit list (attached as Exhibit 2).

[3] These eight exhibits are Nos. 25, 26, 27, 28, 85, 187, 188, and 189 on Plaintiff's exhibit list (attached as Exhibit 3).

Plaintiff's Witness List, attached as Exhibit 5. Presumably, these entities were listed to authenticate documents which Plaintiff intends to introduce during trial. However, when asked to clarify this intent, Plaintiff refused to respond to Defendants' inquiries. To the extent Plaintiff intends to call corporate entities to testify on issues other than document authentication, the topics of such testimony should be revealed prior to trial to allow Defendants a fair opportunity to prepare. In addition, the trial witness list fails to specify which witnesses shall testify and which are only listed as "may" testify. Again, hiding the ball in preparation for trial should not be allowed, and Plaintiff should be required to amend its witness list to identify those witnesses who shall testify versus those that may.

**CONCLUSION**

For these reasons stated herein, certain of Plaintiff's deposition designations and exhibits should be stricken and witnesses better identified.

_/s/________________________
William T. O'Neil
Bar No. 426107
THE O'NEIL GROUP LLC
1629 K Street, N.W.
Washington, DC 20006
Telephone (202) 684-7140
Facsimile ((202) 517-9179
woneil@oneilgroupllc.com

CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above Objections to Plaintiff's Deposition Designations, Trial Exhibit List and Trial Witness List was served on August 1, 2018, by ecf and email counsel of record noted below:

W. Todd Miller, Esq.
Baker & Miller PLLC
2401 Pennsylvania Ave, NW
Suite 300
Washington, D.C. 20037
Attorney for John Xereas

Tony C. Richa, Esq.
Richa Law Group, P.C.
4800 Hampden Lane
Suite 200
Bethesda, MD 20814
Attorney for John Xereas

_/s/___________________
William T. O'Neil