# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

_____

|  |  |  |
|---|---|---|
| JOHN N. XEREAS | ) | |
|  | ) | |
| Plaintiff, | ) | |
|  | ) | Case No. 12-456 |
| v. | ) | |
|  | ) | |
| MARJORIE A. HEISS, *et al.,* | ) | |
|  | ) | |
| Defendants | ) | |

_____ )

## DEFENDANTS' MOTIONS IN LIMINE

Pursuant to the Amended Scheduling Order, Defendants Marjorie Heiss, Geoffrey Dawson and Penn Social LLC ("Defendants") file these motions in limine to exclude from trial certain evidence that is not relevant and/or its prejudicial value outweighs its probative value. First, Defendants seek to exclude from trial the expert reports and opinions of Plaintiff's identified experts Cindy Vu and James Morrissey, as noted in Defendants' prior motion to strike the expert report and opinions of Plaintiff's experts.[1]  In addition to failing to meet the Daubert standards, Plaintiff's expert testimony is irrelevant to Plaintiff's claims and given its negligible probative value, is prejudicial and misleading.  Second, Defendants seek to exclude from admissible evidence documents or testimony about any alleged physical or intimate relationship between Defendants Dawson and Heiss.  Again, such evidence is irrelevant to Plaintiff's claims or his defenses to counterclaims, and even if relevant, its probative value is outweighed by its substantial prejudicial effect.  Third, Defendants seek to exclude evidence of disputes Mr.

---

[1] Defendants recognize that the Court has held the prior motions regarding Plaintiff's experts regarding Daubert for ruling at the pre-trial conference, but Defendants also believe that the proffered evidence is also inadmissible for non-Daubert reasons.

Dawson or Ms. Heiss may have had between each other, other partners or third parties related to other businesses, including any litigation, suits or other claims lodged by or against Defendants Dawson or Heiss.  Fourth and finally, Defendants seek to exclude from the record evidence and testimony regarding the zoning of Riot Act Comedy Theater and Penn Social, including reference to the "arts overlay."  Evidence regarding the zoning is not relevant to any of Plaintiff's causes of action, and discovery has confirmed that Penn Social, standing as a nightclub, falls within the listed permissive uses in Plaintiff's own documents.  Presenting irrelevant evidence regarding arcane zoning issues is misleading and irrelevant and all such evidence should be inadmissible.[2]

## LEGAL STANDARD FOR A MOTION IN LIMINE

The Court in *Flythe v. District of Columbia*, 4 F.Supp.3d 222 (2014) summarized the standard for addressing a motion in limine concisely and in detail.  As the Court stated, "[w]hile neither the Federal Rules of Civil Procedure nor the Federal Rules of Evidence expressly provide for motions in limine, the Court may allow such motions 'pursuant to the district court's inherent authority to manage the course of trials.' " *Barnes v. District of Columbia,* 924 F.Supp.2d 74, 78 (D.D.C.2013) (quoting *Luce v. United States*, 469 U.S. 38, 41 n. 4, 105 S.Ct. 460, 83 L.Ed.2d 443 (1984)). "Motions in limine are designed to narrow the evidentiary issues at trial." *Williams v. Johnson*, 747 F.Supp.2d 10, 14 (D.D.C.2010). "Rule 103(d) of the Federal Rules of Evidence mandates that the court must conduct a jury trial to the extent practicable so that inadmissible evidence is not suggested to the jury by any means." *Daniels v. District of Columbia*, 15 F.Supp.3d 62, 66 (D.D.C.2014) (citing FED. R. EVID. 103(d)). Importantly, a trial judge's

---

[2] Counsel for Plaintiff and Defendants met and conferred regarding these motions but were unable to narrow the disputes.

discretion "extends not only to the substantive evidentiary ruling, but also to the threshold question of whether a motion in limine presents an evidentiary issue that is appropriate for ruling in advance of trial." *Barnes*, 924 F.Supp.2d at 79 (quoting *Graves v. District of Columbia*, 850 F.Supp.2d 6, 11 (D.D.C.2011)).

The *Flythe* Court went on to note, "[i]n evaluating the admissibility of proffered evidence on a pretrial motion in limine the court must assess whether the evidence is relevant and, if so, whether it is admissible, pursuant to Federal Rules of Evidence 401 and 402." *Daniels*, 15 F.Supp.3d at 66. Under the Federal Rules of Evidence, "[e]vidence is relevant if (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." FED. R. EVID. 401. A court "may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." FED. R. EVID. 403. "Unfair prejudice within its context means an undue tendency to suggest [making a] decision on an improper basis, commonly, though not necessarily, an emotional one." *United States v. Ring*, 706 F.3d 460, 472 (D.C.Cir.2013), cert. denied, —— U.S. ——, 134 S.Ct. 175, 187 L.Ed.2d 43 (2013) (quoting *Advisory Committee's Note*, FED. R. EVID. 403); see also *Carter v. Hewitt*, 617 F.2d 961, 972 (3d Cir.1980) (explaining that evidence is unfairly prejudicial "if it appeals to the jury's sympathies, arouses its sense of horror, provokes its instinct to punish, or otherwise may cause a jury to base its decision on something other than the established propositions in the case.") (citations omitted). Under Rule 403, "the court must 'engage in on-the-spot balancing of probative value and prejudice and ... exclude even factually relevant evidence when it fails the

balancing test." *Daniels*, 15 F.Supp.3d at 67 (quoting *United States v. Moore*, 651 F.3d 30, 63 (D.C.Cir.2011)).

**ARGUMENT**

**1.     Plaintiff's Expert Reports and Testimony Are Not Relevant and Misleading**

As detailed in Defendants' motion to strike Plaintiff's experts, Plaintiff's expert reports should not be allowed into evidence for the jury's consideration.  As noted, Ms. Vu's opinion are not the basis  for Plaintiff's damages calculation and are thus on their face irrelevant.  Her opinions regarding IRS recordkeeping requirements are similarly irrelevant because none of Plaintiff's causes of action have anything to do with IRS record-keeping requirements.

Mr. Morrissey's opinions are similarly irrelevant, and have the added distinction of being misleading as well.  Mr. Morrissey's trademark damages calculation based on a licensing income stream have never been accepted in this jurisdiction, and he fails to present any evidence or opinions on the true measure of trademark infringement in this jurisdiction, namely lost profits by Plaintiff or Defendants' profits during the period of infringement.  As such, the opinions on this topic that he does present are irrelevant.  Morrissey's other damages calculation assumes that any reimbursed expense from any owner or employee of Riot Act, and later Penn Social, for which supporting documentation was not found in the company records during their search stand as damages suffered by the company and thus 25% of those damages accrue to Plaintiff.   Such a theory finds no basis in logic or rational analysis.  First, all of those expenses are tracked in Defendants official accounting software, placed there by Penn Social management after approval.  During discovery, plaintiff made no effort to take testimony from Peter Bayne or Sara Norman, both of whom served as Penn Social Managers and both of whom approved expenses on the LLC's behalf.  In addition, records of these expenses exists in the Company files but were apparently not reviewed by Plaintiff, despite the fact that all company records were made available.  But simply because the back-up records cannot be found does not mean the expenses

were not properly charged to the LLC, and Plaintiff can cite no authority for any such supposition. Allowing Plaintiff to present this theory of damages to the jury would be misleading and prejudicial, and all such opinions should be inadmissible.

### 2.      Evidence of the Non-Business Relationship Between Defendants is Irrelevant, Prejudicial and Inadmissible

This litigation began as a trademark depute and a breach of contract action, a typical dispute between business parties. After much of his complaint was dismissed by this Court, Plaintiff has decide on a scorched-earth campaign of wildly prejudicial accusations, including allegations of impropriety in the personal relationship between Defendants Dawson and Heiss that have no relevance to the actual causes of action pled. The undisputed facts are that Plaintiff joined as a one third member of an LLC that was controlled by two votes, and his other two partners had worked together on many projects for nearly 20 years. That they had a long existing business relationship is undisputed, as is the fact that Plaintiff knew this at the time of contracting. In addition to their irrelevance, Plaintiff's allegations regarding this relationship are prejudicial and  invite the jury to base its decision on emotion or other improper motives. As such, any such evidence violates Fed.R.Evid. 403 and 404 and should be deemed inadmissible at trial.

### 3.      Evidence Related to Other Lawsuits Involving Mr. Dawson or His Other Businesses is Irrelevant, Prejudicial and Violates Fed.R. Evid. 404(b)

During discovery, Plaintiff sought information about other lawsuits that Mr. Dawson or Mr. Dawson's businesses had been involved with in the past, in particular about a lawsuit brought over 15 years ago by one of Mr. Dawson's past partners in an unrelated Philadelphia, PA, business. That lawsuit was later dismissed, but evidence regarding this suit is inadmissible as both irrelevant and potentially prejudicial and misleading. Over the course of over 30 years, it

can be expected that a business may become involved in litigation, but the introduction of such

evidence is not relevant to the issues raised in Plaintiff's claims.  Reference to such suits would

require that Defendants put forward evidence explaining the lawsuit and why it was dismissed.

None of these facts are relevant to the current dispute.   In addition, evidence of such other acts

in an effort to prove that Mr. Dawson was of bad character or acting in conformity with past

actions is inadmissible under Fed.R. Evid. 404(b).

### 4.     Evidence Regarding the Zoning of Riot Act Comedy Theater is Irrelevant and Misleading

Defendants seek to exclude from the record evidence and testimony regarding the zoning

of Riot Act Comedy Theater and Penn Social, including reference to the "arts overlay."  In the

Second Amended Complaint, Plaintiff made allegations regarding the zoning of the space rented

to become Riot Act Comedy Theater, suggesting that Defendants agreed to run the comedy

theater in the space when other options would not be allowed.  Second Amended Complaint at ¶¶

31-33 and 47.  Evidence regarding the zoning is not relevant to any of Plaintiff's causes of

action, including trademarks, breach of contract or any of the other myriad claims included in the

Second Amended Complaint.  Presenting such evidence to the jury when it does not relate to any

of Plaintiff's claims is a waste of the Court's and the jury's time.  In any event, the undisputed

facts in this matter establish that Penn Social, operating as a nightclub, satisfies the District of

Columbia zoning requirements.  Plaintiff's own deposition exhibit and testimony from a third

party witness confirm that using the space as a nightclub is a permissible use, and there is no

contradictory evidence in the record.  See Exhibit 1 attached hereto (Dep. Tr. of R. Ritchey at 81

and Ritchey Dep. Ex. 1).   Presenting irrelevant evidence regarding arcane zoning issues is

misleading and irrelevant and all such evidence should be inadmissible.

## CONCLUSION

For these reasons stated herein, evidence as noted herein should be inadmissible at trial and Defendants' motions in limine should be granted.

 _/s/_____
William T. O'Neil
Bar No. 426107
THE O'NEIL GROUP LLC
1629 K Street, N.W.
Washington, DC 20006
Telephone (202) 684-7140
Facsimile ((202) 517-9179
woneil@oneilgroupllc.com

CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above Motions in Limine was served

on August 15, 2018, by ecf and email to counsel of record noted below:

W. Todd Miller, Esq.
Baker & Miller PLLC
2401 Pennsylvania Ave, NW
Suite 300
Washington, D.C. 20037
Attorney for John Xereas

Tony C. Richa, Esq.
Richa Law Group, P.C.
4800 Hampden Lane
Suite 200
Bethesda, MD 20814
Attorney for John Xereas

_/s/_____
William T. O'Neil