**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| JOHN N. XEREAS, individually, on behalf of himself, and derivatively, as a Member and Shareholder in Penn Social, LLC, on behalf of Penn Social, LLC f/k/a Riot Act DC, LLC<br><br>      **Plaintiff,**<br>      v.<br><br>MARJORIE A. HEISS, GEOFFREY O.S. DAWSON, and PENN SOCIAL, LLC f/k/a Riot Act DC, LLC,<br><br>      **Defendants.** | )<br>)<br>)<br>)<br>)<br>)  Civil Action No. 1:12-cv-00456-DAR<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**PLAINTIFF'S MOTION *IN LIMINE* TO EXCLUDE WITNESSES**
**NOT PREVIOUSLY DISCLOSED**

Plaintiff John N. Xereas, individually, on behalf of himself, and derivatively, as a Member and Shareholder in Penn Social, LLC on behalf of Penn Social, LLC f/k/a Riot Act DC, LLC ("Plaintiff"), respectfully seeks an Order *in limine* excluding from trial two proposed witnesses whom Defendants Marjorie Heiss, Geoffrey Dawson and Penn Social, LLC ("Defendants") failed to previously identify or disclose as potential witnesses in the Defendants' Rule 26(a)(1) initial disclosure statement: (1) James Robichaud and (2) Daniel Williams.[1]

**BACKGROUND**

On November 16, 2015, Defendants served their Rule 26(a)(1) initial disclosures, which included a list of 23 individuals, plus a catch-all for all persons identified by the Plaintiff. Defendants did not supplement or amend their disclosures.

---

[1] In accordance with LCvR 7(m), Plaintiff's counsel informed Defendants' counsel of this Motion, and Defendants oppose the Motion.

On March 7, 2016, Defendant Geoffrey Dawson objected to interrogatories and referred to the Defendants' Rule 26(a)(1) disclosures when asked to identify all persons with knowledge related to any fact alleged in the pleadings. A similar response was also crafted by Defendants Penn Social and Marjorie Heiss on September 1, 2016. *See* Ex. A, Geoffrey Dawson's Objs. & Resps. to Pl.'s First Set of Interrogs.; Penn Social's Objs. & Resps, to Pl.'s First Set of Interrogs.; Marjorie Heiss' Objs. & Resps. to Pl.'s First Set of Interrogs..

On July 18, 2018, pursuant to the December 22, 2017 Amended Scheduling Order [ECF 135], Defendants served their Trial Witness List. That witness list identified 19 witnesses who Defendants intend to call at trial. Two of those witnesses were not identified in Defendants' initial disclosures: (1) James Robichaud and (2) Daniel Williams. *See* Ex. B, Defs.' Initial Disclosures Under F.R.C.P. 26(a)(1).

## ARGUMENT

### A. Defendants Failure to Disclose These Witnesses is a Violation of Local Civil Rule 16.5(b)(5)

Local Civil Rule 16.5(b)(5) prohibits the withholding of witnesses' names until the filing of the Joint Pretrial Statement where "the party objecting has unsuccessfully sought to learn the identity of the witness or the substance of the testimony by discovery, and the Court or magistrate judge finds the information to have been wrongfully withheld." L. CIV. R. 16.5(b)(5); *see also Nuskey v. Hochberg*, 723 F. Supp. 2d 229, 232 n.1 (D. D.C. 2010) ("Because defendant sought to determine all persons who might have information relevant to the case and the names of all persons plaintiff expected to call as witnesses during discovery, plaintiff's failure to disclose these witnesses is a violation of Local Civil Rule 16.5(b)(5).")

Plaintiff John Xereas sought to determine all persons who might have information to the case including witnesses, when he asked each Defendant "to identify all persons whom you

2

believe possess, or previously possessed, any documents pertaining to any fact alleged." In response, each Defendant objected and both Defendants Dawson and Penn Social referred to the 26(a)(1) disclosures. *See* Ex. A. Defendants' failure to disclose the two witnesses during discovery and then list them in a pretrial document is a violation of Local Rule 16.5(b)(5), and the two witnesses, James Robichaud and Daniel Williams, should not be permitted to testify at trial.

B.      **Defendants Failure to Comply with Rule 26(a)(1) Was Neither Substantially Justified Nor Harmless and Preclusion Under Rule 37(c)(1) Should Be Mandatory**

Rule 26(a)(1) requires each party to provide "the name and, if known, the address and telephone number of each individual likely to have discoverable information…." Fed. R. Civ. P. 26(a)(1)(A)(i). "If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1); *see also Bessemer & Lake Erie R.R. Co. v. Seaway Marine Transp.*, 596 F.3d 357, 370 (6th Cir. 2010) ("[E]xclusion of the evidence under Rule 37(c), 'for which the test is very simple: the sanction is mandatory unless there is a reasonable explanation of why Rule 26 was not complied with or the mistake was harmless.'") (*quoting Vance ex rel Hammons v. United States*, No. 98-5488, 1999 U.S. App. LEXIS 14943 at *9 (6th Cir. June 25, 1999)). "[I]n exercising its broad discretion to determine whether a nondisclosure of evidence is substantially justified or harmless for purposes of a Rule 37(c)(1) exclusion analysis, a district court should be guided by the following factors: (1) the surprise to the party against whom the evidence would be offered; (2) the ability of that party to cure the surprise; (3) the extent to which allowing the evidence would disrupt the [case]; (4) the importance of the evidence; and (5) the nondisclosing

party's explanation for its failure to disclose the evidence." *DAG Enters. v. ExxonMobil Corp.*, 2007 U.S. Dist. LEXIS 102675, *3-4 (D. D.C. Mar. 30, 2007).

(1) **Surprise to the Plaintiff.**  Plaintiff John Xereas is without question surprised by the two trial witnesses as they had not been previously disclosed by the Defendants prior to their appearance on the Defendants' trial witness list. The Plaintiff is now placed in the untenable position to prepare for the two witnesses, (1) James Robichaud and (2) Daniel Williams, without having had prior knowledge of their importance or having had the opportunity to depose the witnesses. *See Wilkins v. Montgomery*, 751 F.3d 214, 222 (4th Cir. 2014) (upholding district court exclusion of expert witness testimony when the disclosure was made after, *inter alia*, the agreed-upon disclosure date, after discovery was closed, and after the filing of a motion for summary judgment).

(2) **Ability to Cure the Surprise.**  At present, there is no cure for this surprise as discovery has closed.  If these two witnesses are not precluded from testifying at trial, discovery would need to be reopened to prevent Plaintiff from having to unfairly prepare cross-examination of two witnesses who he did not know would be called at trial.

(3) **Extent to Which Testimony Would Disrupt Trial.**  Reopening discovery would disrupt the agreed-upon trial schedule and is unjustified as it would be only be in response to the Defendants' failure to timely supplement their initial disclosures. *See* Fed. R. Civ. P. 26(e)(1)(A).

(4) **Defendants' Explanation for Their Failure to Name the Witnesses Before Trial.**  The Defendants have provided no explanation for their failure to previously disclose these two witnesses, but have merely submitted them alongside their other potential trial witnesses without explanation.

**(5) Importance of the Testimony.**  Finally, the importance of the testimony that would be offered by these witnesses is unknown as the Plaintiff has not been afforded the opportunity to take their depositions.

These five factors show that the failure of Defendants was neither substantially justified nor harmless and preclusion under Rule 37(c)(1) should be mandatory. Thus, the two witnesses, James Robichaud and Daniel Williams, who were not previously disclosed by the Defendants should not be permitted to testify at trial.

Dated: August 15, 2018

Respectfully submitted,

/s/ W. Todd Miller
W. Todd Miller (D.C. Bar No. 414930)
Amber L. McDonald (D.C. Bar No. 974873)
tmiller@bakerandmiller.com
amcdonald@bakerandmiller.com
BAKER & MILLER PLLC
2401 Pennsylvania Avenue, NW, Suite 300
Washington, DC 20037
Telephone: 202-663-7820
Fax: 202-663-7849

Tony C. Richa
Richa@richalawgroup.com
Richa Law Group, LLC
One Bethesda Center
4800 Hampden Lane, Suite 200
Bethesda, MD 20814
Telephone: 301-424-0222

*Attorneys for Plaintiff John N. Xereas*

## **CERTIFICATE OF SERVICE**

I, the undersigned, hereby affirm and declare that on August 15, 2018, I caused a true and correct copy of the foregoing to be served on all Parties registered for this case via the Court's ECF system.

/s/ W. Todd Miller
W. Todd Miller
