UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                        )
JOHN N. XEREAS                          )
                                        )
        Plaintiff,                      )
                                        )   Case No. 12-456
v.                                      )
                                        )
MARJORIE A. HEISS, *et al.*,            )
                                        )
        Defendants                      )
_____  _____)

## DEFENDANTS' PROPOSED PRETRIAL ORDER

**1.      Defendants' Statement of the Cases**

This case arises from a business dispute among the three original managing members of a DC LLC, formed as Riot Club DC, LLC, and later renamed Penn Social, LLC. The LLC operated a comedy club called Riot Act Comedy Theater in Penn Quarter, DC, that opened in August 2011. The club was unprofitable from the start, and by January 2012 when the majority of the managing members decided to make changes to the club (as they were authorized to do by the LLC's operating agreement), the Plaintiff abandoned his work for the LLC and took steps, with others, to damage the company. The Facebook, Twitter and YouTube marketing efforts of the LLC were deleted or taken over by Plaintiff or those working with Plaintiff. He had his lawyers issue a cease and desist letter which jeopardized the operations of the club, and Plaintiff and his friends, working together, made false and unfounded accusations ranging from intellectual property claims, legal ethics challenges, even criminal complaints, among others. The LLC had to scramble to handle Plaintiff's job responsibilities and attaempt to keep the club operating. To date, the LLC has spent over $800,000 indemnifying its managing member for the required defense of baseless claims by Plaintiff. By mid 2012, the LLC revised operations at the

club with a significant investment by Defendant Dawson and gave up whatever rights it had in Plaintiff's claimed intellectual property, which Plaintiff has never used since that date. The rebranding of the club costs over $700,000. The club became Penn Social, and by 2013 was operating with a profit. Plaintiff continued his efforts to hurt the LLC, challenging various interests of the LLC. Had these challenges been successful they would have closed the club, despite the fact that Plaintiff continues to own 26% of the LLC. The actions of Defendants have protected Plaintiff's investment in the LLC and even increased its value.

**2.     Defendants' Statement of Claims**

Defendants have the following claims against John Xereas, as stated in Defendants' Counterclaims:

1. Breach of Contract

2. Breach of the Implied Duty of Good Faith and Fair Dealing

3. Tortious Interference with Existing Business and Contractual Relationships

4. Tortious Interference with Contractual Relationships with Facebook

5. Tortious Interference with Contractual Relationships with Twitter

6. Tortious Interference with Contractual Relationships with YouTube

7. Tortious Interference with Prospective Business Relationships

8. Conspiracy to Tortiously Interfere with Existing Contractual Relationships

9. Conspiracy to Tortiously Interfere with Prospective Contractual Relationships

10. Breach of Fiduciary Duty

11. Violation of the Computer Fraud and Abuse Act (18 U.S.C. §1030, et seq.)

12. Conspiracy to Violate the Computer Fraud and Abuse Act (18 U.S.C. §1030, et seq.)

    13.    Conversion

**3.**    **<u>Statement of Defenses</u>**

Defendants asserted to following affirmative defenses.

1. Plaintiff fails to state a claim for which relief can be granted.

2. Plaintiff's claims are barred in whole or in part by unclean hands.

3. Plaintiff's claims are barred in whole or in part by a failure to mitigate his damages, if such damage exists.

4. Plaintiff's claims are barred in whole or in part by the statute of frauds.

5. Defendants have not infringed any applicable trademarks under federal or state law.

6. Plaintiff's trademark claims are barred in whole or in part by fraud on the United States Patent & Trademark Office.

7. Plaintiff's trademark claims are barred by legal abandonment of any marks at issue.

**4.**    **Schedule of Witnesses to Be Called**

    **A.**    **Expected to Call**

    **1.**    Geoff Dawson (all topics, 3-4 hours)

    **2.**    Marjorie Heiss (all topics, 2 hours)

    **3.**    John Xereas (all topics, 3-4 hours)

    **B.**    **May Call**

    **1.**    Peter Bayne (club operations, rebranding, 2 hours)

    **2.**    Shaun Robinson (email and websites, 1 hours)

    **3.**    Geoff McNabola (build out, expenses, 1 hour)

    **4.**    Matthew Morinello (club management and dismissal, 1 hour)

    5.    Dawn Henderson (employment and sabotage, 2 hours)

    6.    Evan Rosenthal (expenses, club operations, 1 hour)

    7.    Lauren Zoltnick (YouTube and recordings, 1 hour)

    8.    Curt Large (expenses, 1 hour)

    9.    John Sullivan (club operations, 1 hour)

    10.    Richard Mackey (expenses, 1 hour)

    11.    James Robichaud (accounting, 1 hour)

    12.    Peter Genis (accounting, 1 hour)

    13.    Ted Xereas (club operations, 1 hour)

    14.    Tom DiTonto (loan to Plaintiff, 1 hour)

    15.    Lloyd Greenberg (club investment, 1 hour)

    16.    Daniel Williams (club investment, 1 hour)

**5.   List of Exhibits to be Offered**

See Trial Exhibit list, included in attached Exhibit 1.

**6.   Designation of Deposition to be Offered**

See Deposition Designations, included in attached Exhibit 1.

**7.   Itemization of Damages**

To date, the LLC has indemnified over $800,000 in expenses incurred by the Managing Members in defending against Plaintiff's efforts to damage the LLC.

The LLC incurred at least $50,000 in expenses from January to July because Plaintiff abandoned his job duties.

The LLC spent at least $700,000 rebranding to Penn Social after comedy operations became untenable due to Plaintiff's actions.

**8.   Other Relief**

Not applicable.

Respectfully submitted,

\_/s/_____
William T. O'Neil
Bar No. 426107
THE O'NEIL GROUP LLC
1629 K Street, N.W.
Washington, DC 20006
Telephone (202) 684-7140
Facsimile ((202) 517-9179
woneil@oneilgroupllc.com

CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above Defendants Proposed Pre-Trial Order was served on September 19. 2018, by ecf and email on counsel of record noted below:

W. Todd Miller, Esq.
Baker & Miller PLLC
2401 Pennsylvania Ave, NW
Suite 300
Washington, D.C. 20037
Attorney for John Xereas

Tony C. Richa, Esq.
Richa Law Group, P.C.
4800 Hampden Lane
Suite 200
Bethesda, MD 20814
Attorney for John Xereas

\_/s/_____
William T. O'Neil