UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                   )
JOHN N. XEREAS                     )
                                   )
        Plaintiff,                 )
                                   )   Case No. 12-456
v.                                 )
                                   )
MARJORIE A. HEISS, *et al.*,       )
                                   )
        Defendants                 )
_____ ___)

## DEFENDANTS' REVISED PROPOSED VOIR DIRE

Defendants, through counsel, respectfully requests that this Honorable Court make the following statements and pose the following questions to prospective jurors on voir dire:

### Summary of Case

The Court will now ask a series of questions as part of the process of selecting a fair and impartial jury. These questions are not designed to embarrass anyone and the reasons behind these questions should be readily apparent. If your answer to any of the questions is in the affirmative, please rise and wait to be called upon to answer. When called upon to answer, please give your name and juror number before giving your answer. If any juror finds that an answer to any question is personally embarrassing, when called upon to answer, please ask to approach the Bench, and you will be permitted to give your answer to the Court and counsel in confidence.

This case arises from a business dispute among the three original managing members of a DC limited liability company, or LLC. When formed it was named Riot Act DC, LLC, and later renamed Penn Social, LLC. The LLC operated a comedy club called Riot Act Comedy Theater in Penn Quarter, DC, that opened in August 2011.

1

John Xereas is the "Plaintiff" in this case. A Plaintiff is defined as the party bringing a lawsuit. Mr. Xereas brings this lawsuit against Defendants Geoffrey Dawson, Marjorie Heiss and Penn Social, LLC. The Defendants are the parties whom Mr. Xereas is suing. In response to Mr. Xereas' claims, the Defendants also brought claims against Mr. Xereas. These are referred to as counterclaims.

### The Parties, Their Attorneys, and the Witnesses

The Plaintiff John Xereas is represented by Todd Miller and Tony Richa. Defendants are represented by William O'Neil. You will hear testimony from a number of witnesses; I will now read to you the names of the persons I believe may testify as witnesses: (see parties witness lists)

### Questions for Prospective Jurors

**Question 1**: The purpose of this voir dire is to determine whether this is a case upon which you should serve as a juror. Every case such as this is serious – one which comes to the point when jurors are asked to resolve a dispute between parties. Every verdict is important to the parties involved. There is no case in which a juror should consider that the time he or she spends hearing the evidence is anything less than important and valuable. And while it is true that every case is important, it is not true that every decision can be reached with ease. For that reason, I would like to discuss with you how you feel about rendering a decision involving a dispute among business partners.

*Is there anyone on this panel who would rather not serve on a jury that would make this kind of decision?*

**Question 2**: This is a civil suit. None of the parties are alleging that the other did anything criminal. Do any of you have any difficulty in understanding the difference between these two

ideas – criminal charges and civil claims?

**Question 3**:  In this trial, as in all civil trials, the party claiming an injury is only required to prove his case by a preponderance of the evidence.  This is less proof than "beyond a reasonable doubt," which you may have heard of because it applies in criminal trials.  I will explain those terms in my instructions.  Is there anyone who feels he or she would have to see more proof than that, even though in most claims a preponderance of the evidence is all the law requires?  It's okay to feel this way; I just need to know about how you feel about this.

**Question 4**:   Are you or any members of your family, or your close friends, personally acquainted in any way with any of the parties in this case, or employed by, or agents of any of the parties to this case or their other businesses?

**Question 5**:   Are you or any members of your family, or your close friends, personally acquainted in any way with any of the witnesses in this case?

Would the fact that you answered this question in the affirmative prevent you from rendering a fair and impartial verdict in this case based solely upon the evidence and instructions from the Court?

**Question 6**:  Does any member of the jury panel have any personal knowledge of this case as a result of either being a co-worker, supervisor, or friend of any party; having read about this case; and/or having heard from any individual any information regarding this case?

Would the fact that you have answered this question in the affirmative prevent you from rendering a fair and impartial verdict in this case based solely upon the evidence and instructions from the Court?

**Question 7**:  Does any member of this jury panel or any member his/her immediate family do business in any way with any of the parties to this lawsuit or compete in business with any of

the parties to this lawsuit?

Would the fact that you have answered this question in the affirmative prevent you from rendering a fair and impartial verdict in this case based solely upon the evidence and instructions from the Court?

**Question 8**: Have you ever served on a grand jury or trial jury, either State or Federal? If so, was it a civil or criminal trial, and when and where did your jury service take place?

Would the fact that you have answered this question in the affirmative prevent you from rendering a fair and impartial verdict in this case based solely upon the evidence and instructions from the Court?

**Question 9**: Has any member of this jury panel or a member of their immediate family or close friends been a defendant in a civil case or had a claim made against him/her arising out of an business dispute?

Would the fact that you have answered this question in the affirmative prevent you from rendering a fair and impartial verdict in this case based solely upon the evidence and instructions from the Court?

**Question 10**  Has any member of this jury panel or member of their immediate family or close friends been a plaintiff in a civil case or made a claim arising out of an business dispute?

Would the fact that you have answered this question in the affirmative prevent you from rendering a fair and impartial verdict in this case based solely upon the evidence and instructions from the Court?

**Question 11**: Is there any member of the jury panel who has any sympathy or strong feelings for or against either the Plaintiff or any of the Defendants that would prevent him or her from trying this case solely and exclusively on the evidence to be heard in open Court?

Would the fact that you have answered this question in the affirmative prevent you from rendering a fair and impartial verdict in this case based solely upon the evidence and instructions from the Court?

**Question 12**:  Is there any reason, based upon the existence of any fraternal, racial, gender, ethnic, religious, social, political, or business ties or hostilities, why you cannot serve fairly or impartially as a juror in this case, if chosen?

**Question 13**:  Does any member of this jury panel have objections to the operations of bars or nightclubs that serve alcohol?

Would the fact that you have answered this question in the affirmative prevent you from rendering a fair and impartial verdict in this case based solely upon the evidence and instructions from the Court?

**Question 14**:  Does any member of this jury panel have objections to the operations of comedy clubs that serve alcohol?

Would the fact that you have answered this question in the affirmative prevent you from rendering a fair and impartial verdict in this case based solely upon the evidence and instructions from the Court?

**Question 15**:  Does any member of this jury panel feel that he or she is unable to render an impartial verdict in this case for any reason?

**Question 16**:   In this case, you are going to hear conflicting testimony.  That is, you will hear disagreements between witnesses, including the parties.  Part of your duty, as a juror, is to determine a person's credibility.  You will have to decide for yourself, who is honest, who is convincing, who is trustworthy.  Would this prevent you from rendering a fair and impartial verdict in this case based solely upon the evidence and instructions from the Court?

**Question 17**:  Is there any reason at all why any of you cannot fairly and impartially decide this case?

**Question 18**:  Is there anyone who, for any reason, would like to hear any of the questions again?  Did I forget to ask any of you an important question you think I should hear the answer to?  Would anyone like to have a particular question repeated in private?

                         Respectfully submitted,

                         _/s/_____
                         William T. O'Neil
                         Bar No. 426107
                         THE O'NEIL GROUP LLC
                         1629 K Street, N.W.
                         Washington, DC 20006
                         Telephone (202) 684-7140
                         Facsimile ((202) 517-9179
                         woneil@oneilgroupllc.com

CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above Defendants Proposed Voir Dire was served on October 15. 2018, by ecf and email on counsel of record noted below:

> W. Todd Miller, Esq.
> Baker & Miller PLLC
> 2401 Pennsylvania Ave, NW
> Suite 300
> Washington, D.C. 20037
> Attorney for John Xereas
>
> Tony C. Richa, Esq.
> Richa Law Group, P.C.
> 4800 Hampden Lane
> Suite 200
> Bethesda, MD 20814
> Attorney for John Xereas

                                                                           /s/_____
                                                                           William T. O'Neil