## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

_____

|  |  |  |
|---|---|---|
| JOHN N. XEREAS | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 12-456 |
| v. | ) | |
| | ) | |
| MARJORIE A. HEISS, *et al.*, | ) | |
| | ) | |
| Defendants | ) | |
|_____ | ) | |

## DEFENDANTS' SUPPLEMENTAL MOTION IN LIMINE

Defendants Marjorie Heiss, Geoffrey Dawson and Penn Social LLC ("Defendants") file this supplemental motion in limine to exclude from trial certain evidence that is not relevant in light of the Court's October 5, 2018, Memorandum Opinion (the "Opinion"). Plaintiff's evidence of damages arising from certain expense reimbursements and LLC expenditures that were said to be unsupported by back-up documentation submitted by Plaintiff's experts Vu and Morrissey are no longer relevant. According to the Opinion, Plaintiff's breach of contract action is limited to his removal as Managing Member and to the lack of payment for the use of his trademark. His breach of good faith claim is limited to his removal as a managing member. And his unjust enrichment claim is similarly limited to his lack of payment for the use of his trademarks. Any and all claimed damages for the lack of recordkeeping on expenses or vendor payments has no relation to the surviving claims and is irrelevant. [1]

_____

[1] Counsel for Plaintiff and Defendants met and conferred regarding this motion but were unable to reach agreement on the issues raised herein.

In addition, based on the Opinion which granted Defendants' motion for summary judgment on all of Plaintiff's fraud and conspiracy claims, evidence of Defendants' personal relationship should be excluded from admissible evidence.  In response to Defendants' prior motions in limine, Plaintiff sought to admit such evidence as relevant to his fraud and conspiracy claims. See Plaintiff's Opposition to Defendants' Motion in Limine, at 5.[2]  As such claims have been addressed, such evidence is no longer justified, even under Plaintiff's theory.  Moreover, it is clear that such evidence is irrelevant to Plaintiff's remaining claims of trademark infringement, breach of contract and breach of the duty of good faith and unjust enrichment.  Such evidence should be held inadmissible at trial.

## LEGAL STANDARD FOR A MOTION IN LIMINE

The Court in *Flythe v. District of Columbia*, 4 F.Supp.3d 222 (2014) summarized the standard for addressing a motion in limine concisely and in detail.  As the Court stated, "[w]hile neither the Federal Rules of Civil Procedure nor the Federal Rules of Evidence expressly provide for motions in limine, the Court may allow such motions 'pursuant to the district court's inherent authority to manage the course of trials.' " *Barnes v. District of Columbia,* 924 F.Supp.2d 74, 78 (D.D.C.2013) (quoting *Luce v. United States*, 469 U.S. 38, 41 n. 4, 105 S.Ct. 460, 83 L.Ed.2d 443 (1984)). "Motions in limine are designed to narrow the evidentiary issues at trial." *Williams v. Johnson*, 747 F.Supp.2d 10, 14 (D.D.C.2010). "Rule 103(d) of the Federal Rules of Evidence mandates that the court must conduct a jury trial to the extent practicable so that inadmissible evidence is not suggested to the jury by any means." *Daniels v. District of Columbia*, 15

---

[2] Plaintiff also argues, without detail, that such evidence is relevant to the breach of the implied duty of good faith.  The evidence is not relevant to and does not support any of the elements of such a breach as noted by the Court in its Opinion at page 14 (breach occurs "where a party (1) evades the spirit of the contract, (2) willfully renders imperfect performance, or (3) interferes with performance by the other party").

F.Supp.3d 62, 66 (D.D.C.2014) (citing FED. R. EVID. 103(d)). Importantly, a trial judge's discretion "extends not only to the substantive evidentiary ruling, but also to the threshold question of whether a motion in limine presents an evidentiary issue that is appropriate for ruling in advance of trial." *Barnes*, 924 F.Supp.2d at 79 (quoting *Graves v. District of Columbia*, 850 F.Supp.2d 6, 11 (D.D.C.2011)).

The *Flythe* Court went on to note, "[i]n evaluating the admissibility of proffered evidence on a pretrial motion in limine the court must assess whether the evidence is relevant and, if so, whether it is admissible, pursuant to Federal Rules of Evidence 401 and 402." *Daniels*, 15 F.Supp.3d at 66. Under the Federal Rules of Evidence, "[e]vidence is relevant if (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." FED. R. EVID. 401. A court "may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." FED. R. EVID. 403. "Unfair prejudice within its context means an undue tendency to suggest [making a] decision on an improper basis, commonly, though not necessarily, an emotional one." *United States v. Ring*, 706 F.3d 460, 472 (D.C.Cir.2013), cert. denied, ⸺ U.S. ⸺, 134 S.Ct. 175, 187 L.Ed.2d 43 (2013) (quoting *Advisory Committee's Note*, FED. R. EVID. 403); see also *Carter v. Hewitt*, 617 F.2d 961, 972 (3d Cir.1980) (explaining that evidence is unfairly prejudicial "if it appeals to the jury's sympathies, arouses its sense of horror, provokes its instinct to punish, or otherwise may cause a jury to base its decision on something other than the established propositions in the case.") (citations omitted). Under Rule 403, "the court must 'engage in on-the-spot balancing of probative value and prejudice and ... exclude even factually relevant evidence when it fails the

balancing test." *Daniels*, 15 F.Supp.3d at 67 (quoting *United States v. Moore*, 651 F.3d 30, 63 (D.C.Cir.2011)).

## ARGUMENT

### 1.    Plaintiff's Expert Reports and Testimony Are Not Relevant

In addition to the reasons argued in Defendants' first motion in limine seeking to find inadmissible the entirety of Plaintiff's expert report, the Opinion gives rise to new grounds to exclude portions of those reports.  Specifically, Plaintiff's evidence of damages arising from certain expense reimbursements and LLC expenditures that were said to be unsupported by back-up documentation, as submitted by Plaintiff's experts Vu and Morrissey, are irrelevant to Plaintiff's surviving causes of action.

According to the Opinion, Plaintiff's breach of contract action is limited to (1) his removal as Managing Member, and (2) breach of an alleged licensing agreement for Plaintiff's alleged trademark.  The outlined "damage" to the company, and by extension to Plaintiff, from the lack of back-up recordkeeping does not arise from Defendants' actions in removing Plaintiff as a Managing Member, even if that action breached the Operating Agreement.  Similarly, those outlined damages do not arise from any breach of a licensing agreement.

Plaintiff's breach of good faith claim is limited to the damages arising from his removal as a managing member.  Again, the expenses and reimbursement damages do not arise from his removal as a managing member and thus are irrelevant to the breach of the implied duty claims.  The unjust enrichment claim is similarly limited to his lack of payment for the use of his trademarks.  Opinion at 25.  The expenses and reimbursement damages as detailed by Plaintiff's expert are not a measure of damages arising from the use of the Plaintiff's trademark.  Such

evidence is irrelevant to Plaintiff's unjust enrichment claim.   In short, any and all claimed damages for the lack of recordkeeping on expenses or vendor payments has no relation to the surviving claims and is irrelevant.

### 2. Evidence of the Non-Business Relationship Between Defendants is Irrelevant, Prejudicial and Inadmissible

As noted in Defendants' original motions in limine, allegations of impropriety in the personal relationship between Defendants Dawson and Heiss that have no relevance to the causes of action pled.  In addition to the reasons stated in Defendants' original motion, the Opinion gives rise to new grounds for finding the evidence inadmissible.  In opposing the motion in limine on relevance grounds, Plaintiff argued that the evidence was relevant to his fraud and conspiracy claims.  Plaintiff's Opposition to Defendants' Motion in Limine, at 5 (ecf 176).  As Defendants have now been granted judgment on those claims, the evidence has lost any relevance by Plaintiff's own admission.  Plaintiff also made the spurious claim that the evidence was relevant to his breach of the duties of good faith.  As the Court pointed out in its Opinion, a breach of the implied duty turns on when a party (1) evades the spirit of the contract, (2) willfully renders imperfect performance or (3) interferes with performance by the other party.  Opinion, at 14.   Evidence of Defendants' relationship has no bearing on any of these factors.

On its face the evidence is not relevant to any of Plaintiff's remaining claims.  Clearly the evidence is not relevant to the trademark claims.  Similarly, the breach of contract claims turn on Plaintiff's removal as a managing member and claims of the personal relationship have no bearing on such a claim.  The lack of a fee for the use of the trademark also has no connection and finds no support in allegations regarding Defendants' relationship.  Lastly, the unjust enrichment claim, again limited to the failure of the Defendants to pay for the use of the

trademark, has no connection to the relationship of the Defendants, and such evidence is irrelevant to any required proof for this claim.  Evidence of the personal relationship should be deemed inadmissible at trial.

## CONCLUSION

For these reasons stated herein, evidence as noted herein should be inadmissible at trial and Defendants' motions in limine should be granted.

_/s/_____
William T. O'Neil
Bar No. 426107
THE O'NEIL GROUP LLC
1629 K Street, N.W.
Washington, DC 20006
Telephone (202) 684-7140
Facsimile ((202) 517-9179
woneil@oneilgroupllc.com

CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above Supplemental Motion in Limine

was served on October 17, 2018, by ecf and email to counsel of record noted below:

W. Todd Miller, Esq.
Baker & Miller PLLC
2401 Pennsylvania Ave, NW
Suite 300
Washington, D.C. 20037
Attorney for John Xereas

Tony C. Richa, Esq.
Richa Law Group, P.C.
4800 Hampden Lane
Suite 200
Bethesda, MD 20814
Attorney for John Xereas

 /s/
William T. O'Neil