UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOHN N. XEREAS, <br><br> Plaintiff, <br><br> v. <br><br> MARJORIE A. HEISS, *et al.*, <br><br> Defendants | ) <br> ) <br> ) <br> ) <br> ) Case No. 12-456 <br> ) <br> ) <br> ) <br> ) <br> ) |

## DEFENDANTS' OBJECTIONS TO PLAINTIFF'S
## PROPOSED JURY INSTRUCTIONS, VOIR DIRE AND JURY VERDICT FORM

Pursuant to the Amended Scheduling Order, Defendants Marjorie Heiss, Geoffrey Dawson and Penn Social LLC ("Defendants") file these objections to Plaintiff's proposed jury instructions, voir dire and jury verdict form. Defendants' objections to Plaintiff's proposed jury instructions can be grouped in three separate areas. First, many of Plaintiff's instructions have been made irrelevant by the Court's summary judgment opinion. All such instruction should be deleted in full.[1] Second, a smaller subset of instructions need to be individually revised to account for the dismissal of Plaintiff's derivative actions and the narrowing of the breach of contract and unjust enrichment claims. Third, Plaintiff's proposed instructions do not address Defendants' affirmative defenses or counterclaims, and as a result Defendants' proposed instructions in those areas should be utilized.

---

[1] As Plaintiff's Instruction were not numbered, we reference the page number of the as filed instructions. Those made irrelevant are Nos. 18, 26, 27, 28, 41, 42, 47, 48, 49, 50, 51, 52-53, 54, 55, 56, 57-58, 59, 62, 63-64, 65, 66, 67-68, and 69-70.

Defendants also object to certain elements of Plaintiff's proposed voir dire as overly personal and irrelevant or improper argument in the form of questions to prospective jurors. Finally, changes in the jury instructions require corresponding changes in the proposed jury verdict form.

**ARGUMENT**

I.  **Plaintiff's Proposed Jury Instructions Are Inconsistent with the Court's Memorandum Opinion on Defendants' Motion for Summary Judgment**

   A.  **Many Instructions Must be Deleted in Light of the Court's Opinion**

Twenty three of Plaintiff's instructions have been made irrelevant by the Court's summary judgment opinion and should be deleted in full. The majority of these relate to causes of action for which Defendants' were granted judgment. See footnote 1 above. A few, however, address topics that are no longer at issue in the litigation separate and apart from these causes of action. For example, Instruction 18 addresses Plaintiff's contention regarding back-up records for certain LLC expenses. As this theory was tied to Plaintiff's fraud and conspiracy claims which are no longer part of the case, this instruction does not relate to any present claim in the action. As such, it should be deleted. Similarly, Instructions 26, 27 and 28 address the awarding of punitive damages, and such damages are not available for trademark, breach of contract, breach of contractual duty of good faith and unjust enrichment claims. See, e.g. *Foxtrap, Inc. v. Foxtrap, Inc.,* 671 F.2d 636, 641 (D.C. Cir. 1982) ("the [Lanham] Act specifically forbids the award of a penalty"); *Fireman's Fund Ins. Co. v. CTIA*, 480 F.Supp.2d 7, 12 (D.D.C. 2007) ("Where the basis of a complaint is ... a breach of contract, punitive damages will not lie, even if it is proved that the breach was willful, wanton, or malicious. The rule in this jurisdiction is that only where an alleged breach of contract merges with, and assumes the character of, a willful tort

will punitive damages be available." (citations omitted)).; *Griffith v. Barnes*, 560 F.Supp.2d 29, 35 (D.D.C. 2008) (remedy for unjust enrichment is remedial not punitive).  Plaintiff's willful tort claims have already been addressed and dismissed.  As such, there remains no basis in his remaining claims for an award of punitive damages.  All jury instructions referring to punitive damages must be rejected.

        **B.**       **Instruction Regarding Derivative Claims, Breach of Contract and Unjust Enrichment Must be Revised and Instructions on these Causes of Action are Incomplete.**

Plaintiff's jury instructions make multiple references to his derivative claims and all such references should be deleted.  See, e.g., Instructions 26 and 27.  The Court's Opinion granted summary judgment to Defendants on all such claims.

In addition, Plaintiff's breach of contract, breach of the covenant of good faith (43-47) and unjust enrichment (60) contain grounds for such claims that have been rejected by the Court's opinion.  Instruction 43 addressing the alleged breach of the duty of good faith should be limited to Plaintiff's removal as managing member, and part 1.a., 2.a. and b. should be deleted.  Instruction 45 regarding breach of contract should similarly be restricted to claims regarding Plaintiff's removal as managing member.  Finally, Instruction 60 regarding unjust enrichment should address only the use of the trademark, consistent with the Court's opinion.  References to Plaintiff's "labor, time, expertise, or list of contacts" should be deleted.[2]

---

[2] Plaintiff also makes reference is several instructions to the "majority" of the jury reaching a decision.  Defendants believe that the verdict in federal civil actions must be unanimous.

### C. Plaintiff Submitted No Instructions Addressing Defendants' Affirmative Defenses or Counterclaims

Plaintiff did not submit any proposed instructions regarding Defendants' affirmative defenses and counterclaims, and for this reason Defendants proposed instructions should be accepted.

### II. Plaintiff's Revised Voir Dire Contains Objectionable Questions

On October 15, 2018, Plaintiff filed his revised voir dire. As drafted, Plaintiff's questions to prospective jurors are overly personal and irrelevant or improper argument in the form of questions. For example, questions 2-5 seem designed more for identifying jurors that Plaintiff would prefer rather than attempting to seat a fair and impartial jury. Personal questions such as "what is your primary source of news" are misplaced in a breach of contract action. Other questions seem designed as subtle arguments about the issues in the case. For example, question 15 asks about keeping receipts and filing taxes. The answer to such questions should play no role in identifying fair and impartial jurors. Similarly question 16 asks about ownership of a trademark, again an irrelevant issue but suggestive of Plaintiff's point of view in this matter. Questions 20 and 21 again are argumentative and not relevant. Questions 22 and 23 about expert witnesses or lawyers as witnesses are better handled by instructions than voir dire.

### III. Necessary Changes in the Jury Instructions Require Corresponding Changes in the Proposed Jury Verdict Form

The changes required in the proposed jury instructions require the same changes be made in the jury verdict form. Causes of action for which judgment has already been granted to Defendants should be stricken, as should references to punitive damages, derivative claims, and theories of recovery already rejected by the Court in the breach of contract or unjust enrichment claims. Additionally, the Trademark Infringement verdict form misstates the law, not asking the

jury to reach a finding about "substantial likelihood of confusion" and instead asking about misleading people into thinking that Defendants owned the rights.  The Court's opinion rightly stated that the key factual inquiry was whether there was a likelihood of confusion in the use of the trademark.  The jury verdict form should reflect this correct statement of the law.

## CONCLUSION

For these reasons stated herein, Plaintiff's proposed jury instructions, voir dire and jury verdict form must be rejected and/or modified.

        /s/_____
William T. O'Neil
Bar No. 426107
THE O'NEIL GROUP LLC
1629 K Street, N.W.
Washington, DC 20006
Telephone (202) 684-7140
Facsimile ((202) 517-9179
woneil@oneilgroupllc.com

CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above Defendants Objections to Plaintiff's Proposed Jury Instructions, Voir Dire and Jury Verdict Form was served on October 17, 2018, by ecf and email to counsel of record noted below:

> W. Todd Miller, Esq.
> Baker & Miller PLLC
> 2401 Pennsylvania Ave, NW
> Suite 300
> Washington, D.C. 20037
> Attorney for John Xereas
>
> Tony C. Richa, Esq.
> Richa Law Group, P.C.
> 4800 Hampden Lane
> Suite 200
> Bethesda, MD 20814
> Attorney for John Xereas

                                                                                                /s/
                                                              William T. O'Neil