**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| JOHN N. XEREAS,<br><br>Plaintiff/ Counterclaim Defendant,<br><br>v.<br><br>MARJORIE A. HEISS,<br>GEOFFREY O.S. DAWSON, and<br>PENN SOCIAL, LLC f/k/a Riot Act DC, LLC,<br><br>Defendants / Counterclaim Plaintiffs. | Civil Action No. 1:12-cv-00456-DAR |

**PLAINTIFF'S OBJECTIONS TO
DEFENDANTS' PROPOSED VERDICT SHEET**

Pursuant to Fed. R. Civ. P. 49 and the October 5, 2018 agreement of the parties, Plaintiff submits his objections to Defendants' Proposed Verdict Sheet.[1]  Among other issues, Defendants' Proposed Verdict Sheet neglects to list out the elements of claims and, further, combines claims.  The Proposed Verdict Sheet also frames certain claims in terms of "guilt" or "innocence."  As such, Defendants' Proposed Verdict Sheet is unnecessarily confusing, and Plaintiff's Proposed Verdict Forms should be utilized.

First, none of the claims listed on Defendants' Proposed Verdict Sheet breaks out the elements.  This overly simplistic form will unnecessarily confuse the jury.  *See, e.g., Estate of Saenz v. Ranack Constructors, Inc.,* 420 P.3d 576 (N.M. April 30, 2018) (noting,

---

[1]  Per the Court, Plaintiff is not submitting objections to Defendants' jury instructions at this time.  Plaintiff will await further instruction from the Court as to the appropriate timing for those objections.

in *dicta*, that special verdict form that did not break out the various elements of damages confused the jury).  In addition to combining the elements into one conclusory statement, Defendants' Proposed Verdict Sheet also combines claims.  Specifically, Plaintiff's three trademark claims (Counts I-III) are listed as one claim.  This confusing approach cannot be permitted.

Second, several of the claims listed on Defendants' Proposed Verdict Sheet refer to Defendants' guilt.  For example, number 11 (which corresponds to Plaintiff's Count XIX) asks the jury whether Plaintiff has "proven by a preponderance of the evidence that Defendants were guilty of cybersquatting."  *See* Defs.' Proposed Verdict Sheet at 2.  Of course, the standard for a criminal conviction, or a finding of guilt, is much higher than the standard for cybersquatting.  Once again, Defendants' proposed language will only serve to confuse the jury.

Third, Defendants seek to apply different standards to Plaintiff than to Defendants.  For example, Defendants propose that the jury determine whether Plaintiff has "proven by a preponderance of the evidence that Defendants are liable for breach of contract."  *See id.* at 1.  However, on their own contract claim, Defendants use softer language, asking the jury to determine only whether "Plaintiff John Xereas breached his contract," and not his liability for said breach.  *Id.* at 3.

Finally, several of the claims listed on Defendants' Proposed Verdict Sheet have been made irrelevant by the Court's summary judgment opinion and should be deleted in full.

For the foregoing reasons, Plaintiff respectfully requests that the Court utilize Plaintiff's Proposed Verdict Forms [ECF 184] for Plaintiff's claims that survived summary

3

judgment.  Plaintiff has further appended as Exhibit A hereto appropriate forms for Defendants' Affirmative Defenses and Defendants' Counterclaims.

| | |
|---|---|
| Dated:  October 22, 2018 | Respectfully Submitted, |
| | <u>/s/ W. Todd Miller</u><br>W. Todd Miller (D.C. Bar No. 414930)<br>Amber L. McDonald (D.C. Bar No. 974873)<br>Erin Glavich (admitted *pro hac vice*)<br>tmiller@bakerandmiller.com<br>amcdonald@bakerandmiller.com<br>eglavich@bakerandmiller.com<br>BAKER & MILLER PLLC<br>2401 Pennsylvania Avenue, NW<br>Suite 300<br>Washington, DC 20037<br>Telephone:  202.663.7820<br>Fax:  202.663.7849 |
| | Tony C. Richa (admitted *pro hac vice*)<br>richa@richalawgroup.com<br>RICHA LAW GROUP, P.C.<br>One Bethesda Center<br>4800 Hampden Lane, Suite 200<br>Bethesda, MD 20814<br>Telephone: 301.424.0222<br>Fax: 301.576.8600 |
| | *Attorneys for Plaintiff/Counter-Defendant John N. Xereas* |

## **CERTIFICATE OF SERVICE**

I, the undersigned, hereby affirm and declare that on October 22, 2018, I caused a true and correct copy of the foregoing PLAINTIFF'S OBJECTIONS TO DEFENDANTS' PROPOSED VERDICT SHEET to be served on all counsel of record by ECF.

/s/ Amber L. McDonald
Amber L. McDonald
