UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOHN N. XEREAS, <br><br> Plaintiff, <br><br> v. <br><br> MARJORIE A. HEISS, *et al.*, <br><br> Defendants | ) <br> ) <br> ) <br> ) <br> ) Case No. 12-456 <br> ) <br> ) <br> ) <br> ) <br> ) |

**DEFENDANTS' CONSOLIDATED REPLY TO PLAINTIFF'S OBJECTIONS TO DEFENDANTS' PROPOSED VOIR DIRE, PROPOSED JURY VERDICT FORM AND WITNESS LIST**

Pursuant to the Amended Scheduling Order, Defendants Marjorie Heiss, Geoffrey Dawson and Penn Social LLC ("Defendants") file this consolidated reply to Plaintiff's objections to Defendants' proposed voir dire, jury verdict form and witness list. Plaintiff also filed objections to Defendants' Trial Exhibit list, despite the fact that those objections were due August 1, 2018. Defendants response to these objections are stated below.

**1. Plaintiff Makes No Objection to Defendants' Proposed Voir Dire**

Despite filing a document purporting to be an objection to Defendants proposed voir dire, Plaintiff's paper contains no objection. Instead, it answers Defendants' objection to Plaintiff's proposed voir dire. Defendants stand by their objections, noting that the proposed questions do not appear to be necessary to sitting a fair and impartial jury, and instead appear to be attempts at profiling potentially favorable jurors or subtlety setting forward Plaintiff's viewpoint on certain issues before the jury. Such questions should be rejected.

### 2. Plaintiff's Objection to Defendants' Proposed Jury Verdict Form Are Not Supported

Defendants' proposed jury verdict form has the advantage of simplicity and does not presuppose to alter or revise the Court's instructions to the jurors on the applicable law. If the elements of the causes of action need be spelled out, they should conform to the Court instructions. Plaintiff has no objection to removing the word "guilt" and substituting "liability" but reject Plaintiff's suggestion that use of the term implies criminality. Further, Defendants have no objection to harmonizing the breach of contract verdict form language. Defendants originally objected to Plaintiff's jury verdict form because the form did not follow from the Court's opinion and in several instances mis-stated the law. Again Defendants stand by those objections.

### 3. Plaintiff's Objections to Defendants' Witness List Are Misplaced

As noted by Defendants, a trial witness need not be listed on Defendants' Rule 26 disclosure unless information about the witness was withheld. There is no such allegations here. Nevertheless, Plaintiff's have no intention of calling any of the individuals noted in Plaintiff's objection with the exception of Tom DiTonto, who remains a "may call" witness. Mr. DiTonto loaned Plaintiff $50,000 to fund his capital contribution to the LLC when he could not make the required payment. This loan was arranged by Mr. Dawson in Plaintiff's favor, and the fact and details of the loan call into question Plaintiff's theory of the case that Defendants were acting to force him out of the business. For this reason, if Plaintiff advances such a theory, Mr. DiTonto's testimony is relevant to the issues at hand.

**4. Plaintiff's Objection to Defendants Trial Exhibits Are Improper and Unsupported.**

Objections to Defendants Trial Exhibits were due on August 1, 2018, pursuant to the Scheduling Order. Plaintiff's revised objections are out of time. In any event, Plaintiff's objections are contradicted by the exhibits themselves. Each is relevant to one or more facets of the trademark and breach of contract actions, either those asserted by Plaintiff or those asserted as counterclaims by Defendants. For example, Plaintiff argues that the monthly profit and loss statements of the LLC during the relevant period are irrelevant (Def. Exs. 5 and 6) as are the transcripts of three crucial meetings of the Managing Members of thee LLC, including the meeting where Plaintiff was removed. (Def. Exs. 26-28). And each can overcome hearsay objections either for the reason the exhibit is submitted or the well established exceptions to the hearsay rule. Plaintiff's blanket objections to the relevancy of 75% of Defendants' exhibits cannot stand review.

## CONCLUSION

For these reasons stated herein, Plaintiff's objections to Defendants voir dire, jury verdict form, witness list and trial exhibit list should be rejected.

                                                                     /s/

William T. O'Neil
Bar No. 426107
THE O'NEIL GROUP LLC
1629 K Street, N.W.
Washington, DC 20006
Telephone (202) 684-7140
Facsimile ((202) 517-9179
woneil@oneilgroupllc.com

CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above Defendants' response to Plaintiff's Objections to Defendants Voir Dire, Jury Verdict Form and Witness List was served on October 25, 2018, by ecf to counsel of record noted below:

>W. Todd Miller, Esq.
>Baker & Miller PLLC
>2401 Pennsylvania Ave, NW
>Suite 300
>Washington, D.C. 20037
>Attorney for John Xereas
>
>Tony C. Richa, Esq.
>Richa Law Group, P.C.
>4800 Hampden Lane
>Suite 200
>Bethesda, MD 20814
>Attorney for John Xereas

                                                   _/s/_____
                                                   William T. O'Neil