UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOHN N. XEREAS,<br><br>Plaintiff/ Counterclaim Defendant,<br><br>v.<br><br>MARJORIE A. HEISS,<br>GEOFFREY O.S. DAWSON, and<br>PENN SOCIAL, LLC f/k/a Riot Act DC, LLC,<br><br>Defendants / Counterclaim Plaintiffs. | Civil Action No. 1:12-cv-00456-DAR |

**PLAINTIFF'S REPLY TO DEFENDANTS' OBJECTIONS TO
PLAINTIFF'S DEPOSITION DESIGNATIONS,
TRIAL EXHIBIT LIST, AND TRIAL WITNESS LIST**

Pursuant to the October 5, 2018 agreement of the parties, Plaintiff submits his Reply to Defendants' Objections to his Deposition Designations, Trial Exhibit List, and Trial Witness List [ECF 157]. Defendants filed their objections prior to consultation with the Plaintiff and, as such, they objected to a number of items that could have been – and eventually were – alleviated by agreement of the parties. Defendants' remaining arguments must fail for the reasons discussed below.

### I. Plaintiff Has Not Designated "Every Line from Every Deposition in This Case"

Defendants' claim that Plaintiff has attempted to improperly "designate the entire deposition[s] of witnesses deposed in this matter." Defs.' Obj. to Pl.'s Depo. Designations, Tr. Ex. List, and Tr. Witness List ("Defs.' Obj.") at 2. To the contrary, because each of the deponents is subject to the subpoena power of the Court, Plaintiff did not designate any portions of the transcripts. Instead, it was Plaintiff's intention to call as witnesses the

relevant individuals and, in accordance with Fed. R. Civ. P. 32(a)(2), utilize the transcripts as necessary for impeachment purposes only. *Id.* ("Any party may use a deposition to contradict or impeach the testimony given by the deponent as a witness, or for any other purpose allowed by the Federal Rules of Evidence."). This was explained to Defendants' counsel in a call, and Mr. O'Neil had no objections.[1]

## II. Unlike the Defendants' Exhibit Designations, Plaintiff's Trial Exhibit List Is Proper.

Defendants make two complaints regarding Plaintiff's Trial Exhibit List; first, several of "Plaintiff's exhibits are groups," and, second, certain documents are "irrelevant to Plaintiff's claims and prejudicial to Defendants." Preliminarily, a number of the issues raised by Defendants are moot, as Plaintiff has agreed to drop his proposed exhibits 287 (correspondence between Plaintiff's counsel and Defendants' counsel), 288 (the third-party production of Geoff McNabola), 289 (the third-party production of Greg Horgan), and 291 (the third-party production of Bank of America). There are no valid issues with Plaintiff's remaining documents.

### A. Plaintiff's Use of Group Identifiers for Documents Produced by Third Parties Without Bates Numbers Is Proper, Justified, and Harmless.

There is no rule against bulk designating exhibits. In fact, such exhibits are regularly accepted in courts. *See, e.g., Bmw of N. Am. v. Gore*, 517 U.S. 559, 565 n.8

---

[1] Since Plaintiff's initial filing of his deposition designations, the parties are working on an agreement that, rather than call Dawn Henderson and Raymond Ritchey for live testimony, each party will designate portions of their videotaped depositions to be played for the jury (subject to objections). In the event that this agreement between the parties is finalized, Plaintiff will submit his designations of Ms. Henderson's and Mr. Ritchey's deposition to Defendants forthwith.

(1996) (noting evidence in the form of a bulk exhibit comprised of 5,856 repair bills); *United States v. Fowler*, 535 F.3d 408, 422 (6th Cir. 2008) (rejecting appellant's argument that "bulk exhibits" contained irrelevant materials where appellant neglected to point to specific exhibits or parts thereof); *Marcusse v. United States,* No. 1:09-CV-913, 2012 U.S. Dist. LEXIS 153963, at *23 (W.D. Mich. Oct. 26, 2012) (finding movant's argument that she was denied use of "boxes and boxes" of "bulk" records "without merit" where she had access to them for months before trial).  Defendants cite no case law to the contrary.

Even assuming, *arguendo*, that these "bulk" or "group" exhibits were improperly identified in violation of Fed. R. Civ. P. 26 – and, to be clear, they were not – then, this "error" would be both justified and harmless.  *See* Fed. R. Civ. P. 37(c) ("If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless.").

First, Plaintiff's bulk designation of documents was necessitated by the fact that the third parties in this case neglected to produce their documents with Bates numbers. Accordingly, there was no way to effectively narrow the exhibits, short of reproducing them to Defendants.  (Even if Plaintiff were able to readily narrow the exhibits by Bates number, he would still have designated all 14 files produced by Owings & Graves or all 21 files produced by Weaver Bros. Insurance Co., among others, thus making such a reproduction to Defendants wasteful).  As such, his bulk designations are justified.

Second, Defendant has had access to the third-party documents for approximately a year.  The documents were available to them to review and to inquire as to their authenticity and contents.  (This is in direct contrast to several of Defendants' exhibits (*see*

3

Pl.'s Motions *in Limine* ECF numbers 168 and 174), which were never produced to Plaintiff prior to their designation as exhibits.)  Accordingly, there is no harm to Defendants as result of Plaintiff's designations.

### B. Defendants' Specific Exhibit Objections Also Fail As Plaintiff's Exhibits Are Relevant and Not Prejudicial.

Defendants also raise issue with 29 of Plaintiff's Trial Exhibits.  They claim that exhibits are irrelevant and/or prejudicial.  However, these exhibits are, in fact, relevant, and Defendants cannot object to evidence as prejudicial simply because they don't like it. *See Dollar v. Long Manufacturing, N.C., Inc.*, 561 F.2d 613, 618 (5th Cir. 1977), *cert. denied*, 435 U.S. 996 (1978) ("[U]unfair prejudice" as used in Rule 403 is not to be equated with testimony simply adverse to the opposing party.  Virtually all evidence is prejudicial or it isn't material. The prejudice must be 'unfair.'"); Notes of the Advisory Committee on Proposed Federal Rules of Evidence, 28 U.S.C.A. Rule 403 at 102 ("'[U]nfair prejudice' within this context means an undue tendency to suggest (a) decision on an improper basis, commonly, though not necessarily, an emotional one.'").

First, Defendants object to the use of exhibits that discuss, *inter alia*, the work of Defendants Dawson and Heiss at other enterprises.  They argue that these exhibits are irrelevant, but they establish the long-standing business relationship between Dawson and Heiss, which caused the couple to put one another before the best interests of the LLC, in violation of their obligations of good faith and fair dealing.  Further, these documents evidence the timing of the buildouts of Defendant Dawson's other businesses, to which he was diverting Riot Act funds, in further violation of his obligations.

Second, Defendants object to records documenting Ms. Heiss's personal (and

4

sometimes sexual) relationships with other parties affiliated with the club, including but not limited to Defendant Dawson.  Again, it was this longstanding business and personal relationship between the Defendants that caused the couple to put one another before the best interests of the LLC, in violation of their obligations of good faith and fair dealing. Further, Ms. Heiss behaved in an inappropriate manner with various people associated with the Riot Act theater, thereby putting the theater at risk, damaging the business in further violation of her duty of good faith and fair dealing and also doing damage to Plaintiff's trademark.  These documents are plainly relevant and do not rise to the level of prejudice.  *See, e.g., U.S. v. Ring*, 706 F.3d 460, 472 (D.C. Cir. 2031) (allowing evidence relating to campaign contribution and testimony regarding the defendants' "distasteful" commentary about the contributions despite its potential prejudicial value, where such prejudice did not substantially outweigh the probative value of providing the jury background and possible "*modus operandi*.").  Another email, in which an employee hired by Defendants Dawson and Heiss writes that he wants to be "swimming in queers" during an LGBTQ event, further establishes the type of environment that the Defendants were cultivating in violation of their duty of good faith and fair dealing and the damage they were doing to Plaintiff's trademark.

Third and finally, Defendants raise issue with a series of emails regarding noise complaints that arose from the local community following Plaintiff's ouster.  Because Defendants continued to operate the business under the Riot Act name (or with the name prominently displayed inside), these complaints materially damaged the Riot Act trademark.  As such, Defendants argument that "[s]uch complaints have no relevance to Plaintiff's claims" must fail.

### III. **Plaintiff's Amended Trial Witness List Is Proper.**

Defendants complain that Plaintiff "refused" to respond to Defendants' inquiries regarding the topic(s) of testimony for the corporate entities listed on Plaintiff's trial witness list. This is simply untrue. In fact, the parties later discussed the Plaintiff's witness list, and Plaintiff has agreed to drop all corporate entities subject to Defendants' agreement not to challenge the authenticity of the financial documents. As such, Defendants' issue is moot.

For the foregoing reasons, Plaintiff respectfully requests that the Court overrule Defendants' Objections to Plaintiff's Deposition Designations, Trial Exhibit List and Trial Witness List, and permit the Plaintiff to proceed with the evidence as described above.

Dated:  October 25, 2018					Respectfully Submitted,

/s/ W. Todd Miller
W. Todd Miller (D.C. Bar No. 414930)
Amber L. McDonald (D.C. Bar No. 974873)
Erin Glavich (admitted *pro hac vice*)
tmiller@bakerandmiller.com
amcdonald@bakerandmiller.com
eglavich@bakerandmiller.com
BAKER & MILLER PLLC
2401 Pennsylvania Avenue, NW
Suite 300
Washington, DC 20037
Telephone:  202.663.7820
Fax:  202.663.7849

Tony C. Richa (admitted *pro hac vice*)
richa@richalawgroup.com
RICHA LAW GROUP, P.C.
One Bethesda Center
4800 Hampden Lane, Suite 200
Bethesda, MD 20814
Telephone: 301.424.0222
Fax: 301.576.8600

*Attorneys for Plaintiff/Counter-Defendant John N. Xereas*

## **CERTIFICATE OF SERVICE**

    I, the undersigned, hereby affirm and declare that on October 25, 2018, I caused a true and correct copy of the foregoing PLAINTIFF'S REPLY TO DEFENDANTS' OBJECTIONS TO PLAINTIFF'S DEPOSITION DESIGNATIONS, TRIAL EXHIBIT LIST AND TRIAL WITNESS LIST to be served on all counsel of record by ECF.

                                                 /s/ Amber L. McDonald
                                                 Amber L. McDonald