**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| JOHN N. XEREAS, | |
| Plaintiff/ Counterclaim Defendant, | |
| v. | Civil Action No. 1:12-cv-00456-DAR |
| MARJORIE A. HEISS, GEOFFREY O.S. DAWSON, and PENN SOCIAL, LLC f/k/a Riot Act DC, LLC, | |
| Defendants / Counterclaim Plaintiffs. | |

**PLAINTIFF'S REPLY IN SUPPORT OF HIS**
**PROPOSED *VOIR DIRE* AND VERDICT FORMS**

Pursuant to the October 5, 2018 agreement of the parties, Plaintiff submits his reply

in support of his Amended Proposed *Voir Dire* [ECF 192] and Proposed Verdict Forms

[ECF 184].[1]

**I.      Plaintiff's Amended Proposed *Voir Dire* Questions Are Proper and**
**Should Be Utilized.**

Defendants raise issues regarding Plaintiff's Amended Proposed *Voir Dire*

Questions numbers 2-5, 15-16, and 20-23.

Questions 2-5.   Without any support for their argument, Defendants claim that

"questions 2-5 seem designed more for identifying jurors that Plaintiff would prefer rather

---

[1]   Although the Defendants submitted objections to Plaintiff's Proposed Jury Instructions, the
Court previously advised the parties to wait to submit Amended Proposed Jury Instructions (and
corresponding objections).  Accordingly, Plaintiff is not responding to Defendants' objections to
Plaintiff's Proposed Jury Instructions at this time, but will instead await further instruction from
the Court as to the appropriate timing for filing Amended Proposed Jury Instructions.

than attempting to seat a fair and impartial jury." Defs.' Obj. to Pl.'s Proposed Jury Instructions, Voir Dire and Jury Verdict Form ("Defs.' Obj.") [ECF 194]. However, questions 2-5 are typical, general questions that acquaint prospective jurors with the *voir dire* process and permit counsel for both parties to assess each potential juror's comprehension and communication. *See, e.g.,* Comment (e.) by Judge Atkins, Gordon Bermant, "Jury Selection Procedures in United States District Courts," FEDERAL JUDICIAL CENTER (1982), p. 11.

Defendants raise particular issue with question 5, which inquires as to a prospective juror's primary news source. In addition to being a general, introductory question, this question may permit counsel to determine whether prospective jurors have read about this case in the newspaper.

Questions 15-16. Defendants next argue that questions 15-16 "seem designed as subtle arguments about the issues in the case." However, this is simply not true. Question 15 inquires as to juror's tax habits and is intended to reveal, *inter alia*, a bias against the IRS and record-keeping requirements. Question 16 asks whether a potential juror believes in trademark ownership, which is, once again, designed to show bias. Although Defendants claim that this is "an irrelevant issue," Plaintiff's trademark claims have survived summary judgment and whether a juror is able to apply the relevant trademark law is highly related to this case.

Questions 20-21. As to questions 20-21, Defendants write only that they are "argumentative and not relevant." However, a juror's willingness to follow the law and to award appropriate damages is neither argumentative nor irrelevant. Instead, the questions are designed to reveal bias.

Question 22-23.   Finally, Defendants argue that questions 22-23 are "better handled by instructions than voir dire."  They make no further argument in support of this naked opinion, and Plaintiff disagrees.  Questions 22-23 are about the weight afforded to testimony and whether jurors can fairly balance facts and expert opinion.  Once again, they are intended to reveal bias.

**II.      Plaintiff Does Not Dispute That Certain Changes Are Necessary for His Proposed Verdict Forms.**

As with Defendants' Proposed Verdict Sheet, certain changes are necessary to bring Plaintiff's Proposed Verdict Forms in line with the Court's rulings on summary judgment.  Accordingly, Plaintiff has made these changes in the documents appended hereto as Exhibit A and Exhibit B.[2]  For ease of viewing, Exhibit A is in redline and Exhibit B is in final format.

As to Defendants other complaint – that Plaintiff's verdict form regarding Trademark Infringement is confusing – Plaintiff disagrees.  To the contrary, it is Defendants form, which fails to break out the elements of the claims that will unnecessarily confuse the jury.  *See, e.g., Estate of Saenz v. Ranack Constructors, Inc.,* 420 P.3d 576 (N.M. April 30, 2018) (noting, in *dicta*, that special verdict form that did not break out the various elements of damages confused the jury).  In addition to combining the elements into one conclusory statement, Defendants' Proposed Verdict

---

[2] While Counts 8 and 18 have survived summary judgment in their entirety, including Plaintiff's derivative claim, the Court's October 5, 2018 Order & Memorandum Opinion [ECF 187-88] ("Opinion") indicates the Court's intention to dismiss the derivative claims. As such, Plaintiff has treated this part of the Counts as dismissed. However, Plaintiff reserves his rights as to his surviving derivative claims, in the event that he has misinterpreted that Court's Opinion.

Sheet also combines claims.  Specifically, Plaintiff's three trademark claims (Counts I-III) are listed as one claim.  This confusing approach cannot be permitted.

For the foregoing reasons, Plaintiff respectfully requests that the Court utilize Plaintiff's Revised Proposed *Voir Dire* and his Proposed Verdict Forms for Plaintiff's claims that survived summary judgment.

Dated:  October 25, 2018                                    Respectfully Submitted,

/s/ W. Todd Miller
W. Todd Miller (D.C. Bar No. 414930)
Amber L. McDonald (D.C. Bar No. 974873)
Erin Glavich (admitted *pro hac vice*)
tmiller@bakerandmiller.com
amcdonald@bakerandmiller.com
eglavich@bakerandmiller.com
BAKER & MILLER PLLC
2401 Pennsylvania Avenue, NW
Suite 300
Washington, DC 20037
Telephone:  202.663.7820
Fax:  202.663.7849

Tony C. Richa (admitted *pro hac vice*)
richa@richalawgroup.com
RICHA LAW GROUP, P.C.
One Bethesda Center
4800 Hampden Lane, Suite 200
Bethesda, MD 20814
Telephone: 301.424.0222
Fax: 301.576.8600

*Attorneys for Plaintiff/Counter-Defendant*
*John N. Xereas*

## <u>CERTIFICATE OF SERVICE</u>

I, the undersigned, hereby affirm and declare that on October 25, 2018, I caused a true and correct copy of the foregoing PLAINTIFF'S REPLY IN SUPPORT OF HIS PROPOSED *VOIR DIRE* AND VERDICT FORMS to be served on all counsel of record by ECF.

/s/ Amber L.McDonald
Amber L.McDonald