UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JOHN N. XEREAS,

        Plaintiff/Counter-Defendant,

v.

MARJORIE A. HEISS, *et al.*,

        Defendants/ Counter-Plaintiffs.

Civil Action No. 12-456
DAR

**ORDER**

I.  **INTRODUCTION**

In accordance with an order entered following the Initial Pretrial Conference conducted on October 5, 2018, the Defendants renewed their Motion to Exclude the Expert Reports and Testimony of Plaintiff's Experts Cindy Vu and Jim Morrissey ("Defendants' Motion to Exclude") (ECF No. 141). *See* Minute Entry, 10/10/2018. This court now considers Defendants' Motion to Exclude[1] and Defendants' Motion in Limine (ECF No. 159)[2] together. After careful consideration of the parties' submissions, the court stays further consideration of Defendants' Motion to Exclude as it pertains to Plaintiff's Expert Jim Morrissey. However, for the reasons offered by the Defendants, the court grants the remaining components of Defendants' motions as set forth below.

---

[1] The court has also considered Plaintiff's Opposition to Defendants' Motion to Exclude (ECF No. 145) and Defendants' Reply in Support of Defendants' Motion to Exclude (ECF No. 155).

[2] The Court has also considered Plaintiff's Opposition to Defendants' Motion in Limine (ECF No. 176) and Defendants' Reply in Support of Defendants' Motion in Limine (ECF No. 178). Further, upon review of Defendants' Supplemental Motion in Limine (ECF No. 193), the Defendants have neither raised new arguments not requested grounds for relief. Therefore, the court will consider said motion as an amended memorandum in support of Defendants' Motion in Limine (ECF No. 159). Accordingly, the court need not wait 14 days for the Plaintiff's response.

Xereas v. Heiss, et al.

## II. DISCUSSION

First, Defendants request the exclusion of Plaintiff's Expert Cindy Vu's testimony, arguing that her damages calculations are not relevant to the remaining claims, nor do they meet the requirements of Fed. R. Evid. 702. *See* Defendants' Motion to Exclude at 6-8; Defendants' Motion in Limine at 5. Plaintiff argues that the testimony of Cindy Vu is relevant and necessary to establish Plaintiff's damages resulting from Defendants' "failure to issue 1099s, failure to maintain adequate records, failure to implement a proper accounting system, and the presence of various accounting irregularities and errors[.]" Plaintiff's Opposition to Defendants' Motion to Exclude at 5. However, Defendants correctly point out that the proffered purpose of Cindy Vu's testimony was not a basis for the calculation of damages for the remaining claims. Therefore, Cindy Vu's testimony will be excluded.

Defendants next seek to exclude evidence of any "non-business relationship between defendants." Defendants' Motion in Limine at 6; *see* Defendants' Supplemental Motion in Limine at 5-6. Plaintiff argues that this court has "twice . . . found that [such] evidence is relevant" to Plaintiff's remaining claims. Plaintiff's Opposition to Defendants' Motion in Limine at 5. However, the court is not aware of such a finding; nor has the Plaintiff cited any such finding in the record. To the extent there may have been such a finding, Plaintiff has failed to demonstrate how such evidence of any "non-business relationship" between the Defendants is relevant to any of his remaining claims. Therefore, any evidence or testimony of a non-business relationship between Defendants Dawson and Heiss will be excluded.

Likewise, Plaintiff has failed to show any nexus between the evidence and testimony of the zoning of the Riot Act Comedy Theater and Plaintiff's remaining claims. Plaintiff argues that such evidence and testimony is relevant to Defendants' motive. *See* Plaintiff's Opposition to

Xereas v. Heiss, et al.

Defendants' Motion in Limine at 6.  However, Defendants correctly point out that Plaintiff has failed to provide any basis upon which the court can conclude that evidence or testimony as to the zoning of the Riot Act Comedy Theater is relevant to the remaining claims.  *See* Defendants' Motion in Limine at 7.  Therefore, any evidence or testimony as it pertains to the zoning of the Riot Act Comedy Theater will be excluded.

Finally, Defendants argue that evidence related to prior lawsuits against Defendant Dawson or his other businesses is irrelevant.  *See* Defendants' Motion in Limine at 6-7.  In response, Plaintiff does not directly refute Defendants' argument.  *See* Plaintiff's Opposition to Defendants' Motion in Limine at 7.  Instead, Plaintiff argues that if the court finds that Plaintiff's prior lawsuit against Defendant Dawson is relevant, then it must find that the prior lawsuits against Defendant Dawson are also relevant.  *Id*.  Again, Plaintiff fails to demonstrate that any such evidence of the prior lawsuits against Defendant Dawson is either relevant, or admissible within the bounds of Fed. R. Evid. 404(b).  Therefore, evidence pertaining to prior lawsuits against Defendant Dawson in is excluded.

### III.   CONCLUSION

For the reasons set forth above, it is **SO ORDERED** that Defendants' Motion to Exclude (ECF No. 141) and Defendants' Motion in Limine (ECF No. 159) are stayed with regard to the expert testimony of Jim Morrissey, and **GRANTED** in all other respects.

October 26, 2018

DEBORAH A. ROBINSON
United States Magistrate Judge