UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOHN N. XEREAS,<br><br>        Plaintiff/Counter-Defendant,<br>v.<br><br>MARJORIE A. HEISS, *et al.*,<br><br>        Defendants/ Counter-Plaintiffs. | Civil Action No. 12-456<br>DAR |

## ORDER

### I. INTRODUCTION

Presently before the court are Plaintiff's remaining sixteen motions in limine. This court has carefully considered the Plaintiff's motions,[1] the Defendants' consolidated opposition,[2] the Plaintiff's consolidated reply,[3] and the arguments presented at the Final Pretrial Conference conducted on October 29, 2018. For the reasons stated below, Plaintiff's Motion in Limine (ECF No. 173) is granted. Plaintiff's Motion in Limine (ECF No. 165) and Plaintiff's Motion in Limine (ECF No. 168) are denied, subject to the productions for which this order provides. Plaintiff's Motion in Limine (ECF No. 160); Plaintiff's Motion in Limine (ECF No. 161); Plaintiff's Motion in Limine (ECF No. 162); Plaintiff's Motion in Limine (ECF No. 171), and Plaintiff's Motion in Limine (ECF No. 172) are granted in part, and that Defendants may offer such evidence only for impeachment purposes. Plaintiff's Motion in Limine (ECF No. 169) is stayed pending the

---

[1] *See* (ECF No. 160); (ECF No. 161); (ECF No. 162); (ECF No. 163); (ECF No. 164); (ECF No. 165); (ECF No. 166); (ECF No. 167); (ECF No. 168); (ECF No. 169); (ECF No. 170); (ECF No. 171); (ECF No. 172); (ECF No. 173); (ECF No. 174); (ECF No. 175).

[2] Defendants' Consolidated Opposition to Plaintiff's Motions in Limine (ECF No. 177).

[3] Plaintiff's Consolidated Reply in Support of His Motions in Limine (ECF No. 179).

Xereas v. Heiss, et al.

resolution of the admissibility of Jim Morrissey's expert testimony.[4]  Finally, Plaintiff's Motion in Limine (ECF No. 163); Plaintiff's Motion in Limine (ECF No. 164); Plaintiff's Motion in Limine (ECF No. 166); Plaintiff's Motion in Limine (ECF No. 167); Plaintiff's Motion in Limine (ECF No. 170); Plaintiff's Motion in Limine (ECF No. 174), and Plaintiff's Motion in Limine (ECF No. 175) are denied.

## II.   DISCUSSION

ECF No. 160. Plaintiff seeks to exclude the use of any evidence and testimony regarding a 2010 letter from the Plaintiff to a non-party, John Asadoorian, about the closing of Plaintiff's prior business.  Defendants argue that this does not constitute character evidence, but rather is evidence of the difficulties Plaintiff faced when opening his own comedy club.  For the reasons offered by the Plaintiff, Plaintiff's Motion is granted in part. The Defendants may only introduce such evidence for impeachment purposes.

ECF No. 161.  Plaintiff seeks to exclude any evidence and testimony related to Defendants' alleged request to the Alchol Bureau Regulation Administration of the District of Columbia ("ABRA") to remove the Riot Act trademark from its corporate name because any such evidence is inadmissible hearsay and unfairly prejudicial. Defendants argue that such evidence of Defendants' attempts to remove the name are relevant to the intentional use element of Plaintiff's trademark claims. For the reasons offered by the Plaintiff, Plaintiff's motion is granted in part. The Defendants may only introduce such evidence for impeachment purposes.

ECF No. 162. Plaintiff seeks to exclude certain documents which are e-mail conversations between himself, his mother, and certain Defendants because they are irrelevant,

---

[4] See Order (ECF No. 205) at 1.

Xereas v. Heiss, et al.

unfairly prejudicial, and predicated on inadmissible hearsay.  Defendants argue that these documents are relevant to the ownership of the Riot Act trademark and evidence of the Plaintiff's efforts to undermine the LLC.  For the reasons offered by the Plaintiff, this motion is granted in part and such evidence can only be used for impeachment purposes.

<u>ECF No. 163</u>.  Plaintiff seeks to exclude any evidence and testimony that he allegedly pressured other comics not to perform at the Riot Act Comedy Club because any such evidence is either hearsay or hearsay within hearsay and would otherwise confuse the jury.  However, Defendants argue that such evidence is a present sense impression or then existing mental condition shared by one of the comics. Defendants further argue that the evidence should be admissible not for the truth of the matter asserted but rather as evidenced that the LCC struggled to secure comedy performers once the Plaintiff abandoned his duties. For the reasons offered by the Defendants, this motion is denied.

<u>ECF No. 164</u>.  Plaintiff seeks to exclude any evidence and testimony that Plaintiff had LLC invoices delivered to his house and failed to submit them for payment by the LLC because it is irrelevant, prejudicial, and likely to confuse the jury.  Defendants argue that such evidence goes directly to their breach of contract counterclaim. For the reasons offered by the Defendants, this motion is denied.

<u>ECF No. 165</u>.  Plaintiff seeks to exclude three of Defendants' proposed trial exhibits which the Plaintiff has characterized as supposed transcripts of meetings of the LLC's managing members. Plaintiff argues such transcripts are inadmissible because the manner in which they were transcribed was informal, casual, and the underlying recordings were not available to the Plaintiff.  At the Final Pretrial Conference, Defendants could not confirm exactly when the recordings were produced, but only that they were produced to the Plaintiff in the past. For the

3

Xereas v. Heiss, et al.

reasons discussed at the Final Pretrial Conference, this motion is denied, contingent on the Defendants' production of the underlying recordings to the Plaintiff.

ECF No. 166. Plaintiff seeks to exclude evidence and testimony regarding the quitclaim trademark and domain name assignment because it is unfairly prejudicial and misleading to the jury as to the ownership of the trademark. Defendants argue that this evidence and testimony is relevant to the ownership of the trademark. For the reasons offered by the Defendants, this motion is denied.

ECF No. 167. Plaintiff seeks to exclude evidence and testimony of any alleged social media sabotage done to the LLC's Facebook, Twitter, and YouTube accounts and alleged resulting damages. Defendants argue that intend to introduce such circumstantial evidence to prove Plaintiff's level of involvement with the social media sabotage. For the reasons offered by the Defendants, this motion is denied.

ECF No. 168. Plaintiff seeks to exclude evidence and testimony of the emails between Plaintiff and the LLC's IT vendor, Shaun Robinson because the emails are illegible and therefore unfairly prejudicial. Defendants responded that the emails were produced in the format they were received. For the reasons discussed at the Final Pretrial Conference, this motion is denied, contingent on the Defendants' production of the documents in legible form.

ECF No. 169. Plaintiff seeks to exclude oral testimony of any LLC funds not supported by documents produced by Defendants in discovery because such testimony would violate the best evidence rule, Fed. R. Evid. 1002. Defendants responded that such testimony cannot be limited to line items supported by documents because no paper records ever existed. For the reasons discussed at the Final Pretrial Conference, this motion is stayed pending the resolution of the admissibility of Jim Morrissey's expert testimony.

Xereas v. Heiss, et al.

ECF No. 170. Plaintiff seeks to exclude evidence and testimony regarding the timing of his capital contributions to the LLC, arguing that it is unfairly prejudicial, it confuses the issues, and is likely to mislead the jury. Defendants argue that such evidence is relevant to the tension between the managing members of the LLC. For the reasons offered by the Defendants, this motion is denied.

ECF No. 171. Plaintiff seeks to exclude evidence and testimony of any unauthorized filming of comics by the Plaintiff, arguing that it is unsupported and unfairly prejudicial. Defendants argue that such evidence and testimony is admissible because it is relevant to the liability it placed on the LLC. For the reasons offered by the Plaintiff, this motion is granted in part and such evidence can only be used for impeachment purposes.

ECF No. 172. Plaintiff seeks to exclude evidence and testimony inconsistent with the LLC's 30(b)(6) deposition testimony. Defendant argues that such evidence is grounds for impeachment, should Mr. Dawson provide conflicting testimony. In light of Defendants' argument, this motion is granted in part and such evidence can only be used for impeachment purposes.

ECF No. 173. Plaintiff seeks to exclude evidence and testimony of a prior lawsuit and 2008 settlement agreement entered into by Plaintiff and non-parties because they are irrelevant and unfairly prejudicial. Defendants argue that such evidence is admissible to show that the lawsuit was never disclosed to the Defendants prior to forming the LLC. For the reasons offered by the Plaintiff, this motion is granted.

ECF No. 174. Plaintiff seeks to exclude evidence or testimony related to six documents[5] on Defendants' Trial Exhibit List because Defendants failed to identify the exhibits with

---

[5] Plaintiff has identified the exhibits at issue to be Defendants' Exhibits Nos. 39, 40, 41, 44, 45 and 46. *See* (ECF No. 174).

5

Xereas v. Heiss, et al.

sufficient particularity and failed to provide authentication for each exhibit. Defendants argue that they have provided Plaintiff with as fulsome of a description as possible. For the reasons discussed at the Final Pretrial Conference, and for those offered by the Defendants, this motion is denied.

<u>ECF No. 175</u>. Plaintiff seeks to exclude two witnesses not previously mentioned in Defendants' Rule 26 disclosures, one an accountant for the LLC and another an investor. Defendants argue that, in accordance with Local Civil Rule 16.5, Plaintif never made any effort to learn of these witnesses and thus no information was wrongly withheld. For the reasons offered by the Defendants, this motion is denied.

### III.    CONCLUSION

For the reasons set forth above, it is **ORDERED** that Plaintiff's Motion in Limine (ECF No. 173) is **GRANTED**. It is **FURTHER ORDERED** that Plaintiff's Motion in Limine (ECF No. 165) and Plaintiff's Motion in Limine (ECF No. 168) are **DENIED**, subject to Defendants' production of the underlying records. It is **FURTHER ORDERED** that Plaintiff's Motion in Limine (ECF No. 160); Plaintiff's Motion in Limine (ECF No. 161); Plaintiff's Motion in Limine (ECF No. 162); Plaintiff's Motion in Limine (ECF No. 171), and Plaintiff's Motion in Limine (ECF No. 172) are **GRANTED IN PART**, and Defendants may offer such evidence only for impeachment purposes. It is **FURTHER ORDERED** that Plaintiff's Motion in Limine (ECF No. 169) is **STAYED**. It is **FURTHER ORDERED** that Plaintiff's Motion in Limine (ECF No. 163); Plaintiff's Motion in Limine (ECF No. 164); Plaintiff's Motion in Limine (ECF No. 166); Plaintiff's Motion in Limine (ECF No. 167); Plaintiff's Motion in Limine (ECF No. 170);

Xereas v. Heiss, et al.

Plaintiff's Motion in Limine (ECF No. 174), and Plaintiff's Motion in Limine (ECF No. 175) are **DENIED**.

|  |  |
|---|---|
| October 31, 2018 | DEBORAH A. ROBINSON<br>United States Magistrate Judge |