# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

_____
                                                        )
JOHN N. XEREAS                                          )
                                                        )
     Plaintiff,                                       )
                                                        )       Case No. 12-456
v.                                                      )
                                                        )
MARJORIE A. HEISS, *et al.,*                            )
                                                        )
     Defendants                                       )
_____ )


# DEFENDANTS' REVISED PROPOSED JURY INSTRUCTIONS

     Defendants, by and through undersigned counsel, submit revised proposed Jury Instructions as follows:

## GENERAL INSTRUCTION NO. 1

You may consider only the evidence admitted in the case. The evidence consists of the sworn testimony of witnesses, exhibits admitted into evidence, and facts stipulated to by the parties.

Statements and arguments of the lawyers are not evidence. They are intended only to help you to understand the evidence. Similarly, the questions of the lawyers are not evidence.

If anyone describes the evidence you have heard differently from the way you remember it, it is your memory that should control during your deliberations.

You must rely on your own recollection of the testimony and on any notes you may have taken during the trial.

**Auth**:  Stevens, Ed., Standardized Civil Jury Instruction for the District of Columbia § 2.02 (2018 Rev. Ed.)

**GENERAL INSTRUCTION NO. 2 – DIRECT AND CIRCUMSTANTIAL EVIDENCE**

There are two types of evidence from which you may determine what the facts are in this case--direct evidence and circumstantial evidence. When a witness, such as an eyewitness, asserts actual knowledge of a fact, that witness's testimony is direct evidence. On the other hand, evidence of facts from which reasonable conclusions may be drawn is circumstantial evidence.

Let me give you an example. Assume a person looked out a window and saw that snow was falling. If he later testified in court about what he had seen, his testimony would be direct evidence that snow was falling at the time he saw it happen. Assume, however, that he looked out a window and saw no snow on the ground, and then went to sleep and saw snow on the ground after he woke up. His testimony about what he had seen would be circumstantial evidence that it had snowed while he was asleep.

The law says that both direct and circumstantial evidence are acceptable as a means of proving a fact. The law does not favor one form of evidence over another. It is for you to decide how much weight to give to any particular evidence, whether it is direct or circumstantial. You are permitted to give equal weight to both. In reaching a verdict in this case, you should consider all of the evidence presented, both direct and circumstantial.

**Auth**:  Stevens, Ed., Standardized Civil Jury Instruction for the District of Columbia § 2.03 (2018 Rev. Ed.)

**GENERAL INSTRUCTION NO. 3 – BURDEN OF PROOF (GENERAL)**

The party who makes a claim or counterclaim has the burden of proving it. This burden of proof means that the plaintiff must prove every element of his claim by a preponderance of the evidence and defendants must prove every element of their counterclaim by a preponderance of the evidence.

To establish an element by a preponderance of the evidence, the party must show evidence that produces in your mind the belief that the thing in question is more likely true than not true. The party need not prove any element beyond a reasonable doubt, the standard of proof in criminal cases, or to an absolute or mathematical certainty.

If you believe that the evidence is evenly balanced on an issue the plaintiff had to prove, then your finding on that issue must be for the defendant. Similarly, if you believe that the evidence is evenly balanced on an issue the defendant had to prove, then your finding on that issue must be for the plaintiff.

In arriving at your verdict, you should consider only the evidence in this case. That said, in determining whether a party has carried its burden of proof, you are permitted to draw, from the facts that you find have been proven, such reasonable inferences and conclusions as you feel are justified in the light of your experience and common sense. You should not rely on speculation or guesswork.

You should consider all the evidence bearing on each claim, regardless of who produced it. A party is entitled to benefit from all evidence that favors that party, whether that party or the adversary produced it. You should not give more or less weight to evidence just because it happened to be produced by one side or the other.

In this case, the defendants have asserted affirmative defenses that they must prove by a preponderance of the evidence if plaintiff has proven his claim.  When I discuss each of these defenses, I will instruct you on the defendant's burden of proof.

**Auth.:** Stevens, Ed., Standardized Civil Jury Instruction for the District of Columbia § 2.04 (2018 Rev. Ed.)

## GENERAL INSTRUCTION NO. 4 – WITNESS CREDIBILITY

In deciding what the facts are, you must weigh the testimony of all the witnesses who have appeared before you. You are the sole judges of the credibility of the witnesses. In other words, you alone determine whether to believe any witness and to what extent any witness should be believed. Judging a witness's credibility means evaluating whether the witness has testified truthfully and also whether the witness accurately observed, recalled, and described the matters about which the witness testified.

You may consider anything that in your judgment affects the credibility of any witness. For example, you may consider the witness's age, demeanor, capacity to observe and recollect facts, and any other facts and circumstances bearing on credibility. You may consider whether the witness has any motive for not telling the truth, any interest in the outcome of this case, or any friendship or animosity toward other persons involved in this case. You may consider the plausibility or implausibility of the testimony of a witness. You may also consider whether the witness's testimony has been contradicted or supported by other evidence.

**Auth**:  Stevens, Ed., Standardized Civil Jury Instruction for the District of Columbia § 2.10 (2018 Rev. Ed.)

## GENERAL INSTRUCTION 5 -- INADMISSIBLE AND STRICKEN EVIDENCE

The lawyers in this case sometimes objected when the other side asked a question, made an argument, or offered evidence that the objecting lawyer believed was not proper. Objections are not evidence. You must not hold such objections against the lawyer who made them or the party he or she represents. It is the lawyers' responsibility to object to evidence that he or she believes is not admissible.

If, during the course of the trial, I sustained an objection to a lawyer's question, then you should ignore the question and you must not guess about what the answer would have been. If, after a witness answered a question, I ruled that the answer should be stricken, then you should ignore both the question and the answer, and they should play no part in your deliberations.

Similarly, if I sustained an objection to an exhibit, then you should ignore the exhibit and it should play no part in your deliberations.

**Auth.:** Stevens, Ed., Standardized Civil Jury Instruction for the District of Columbia § 2.06 (2018 Rev. Ed.)

## GENERAL INSTRUCTION NO. 6 -- EXPERT OPINION

Some witnesses testified as experts. A person can be an expert based on his training, skill, experience, or education.

You should evaluate expert testimony like any other evidence. You may give expert testimony as much or little weight as you think it deserves, taking into account the witness' training and experience, his or her credibility, the reasons given for the opinion, and all the other evidence in the case. You should consider all of these factors in resolving any conflict in the testimony of different expert witnesses.

**Auth.:**  Stevens, Ed., Standardized Civil Jury Instruction for the District of Columbia § 2.12 (2018 Rev. Ed.)

## GENERAL INSTRUCTION NO. 7 -- COUNTERCLAIMS

In addition to the lawsuit by Plaintiff Xereas against Defendants Dawson, Heiss and Penn Social, there is another lawsuit involved in this trial which you must consider in your deliberations. In this separate lawsuit brought by Defendants Dawson, Heiss and Penn Social, against Plaintiff John Xereas, Defendants claim that Xereas damaged the company in various ways and by various actions.

When considering Defendants' claims and Plaintiff's defenses to it, the same rules I gave you about the burden of proof and the preponderance of the evidence apply with equal force.

Defendants  must prove every element of their claim by a preponderance of the evidence as I previously defined that term for you. If you believe that Defendants have proved their claim against Plaintiff by a preponderance of the evidence, then your verdict should be for Defendants. If you find that the evidence on the issue is evenly balanced or that Defendants have failed to prove the claim against Plaintiff by a preponderance of the evidence, then your verdict should be for Plaintiff.

**Auth.:**  Stevens, Ed., Standardized Civil Jury Instruction for the District of Columbia § 4.04 (2018 Rev. Ed.)

## **INTRODUCTION TO SUBSTANTIVE CLAIMS**

The instructions which I have just given you are more or less of a general nature and applicable to all civil suits before this Court.

Now I am going to give you specific instructions on the claims and defenses that are relevant to this particular case.

## SUBSTANTIVE CLAIM INSTRUCTION NO. 1

## PLAINTIFF'S CLAIMS

### Trademark Infringement

A service mark is a word, name, symbol or device used to identify and distinguish the services of one entity from the services of others, and to indicate the source of the services. 15 U.S.C. § 1127.

Trademarks identify one seller's goods or services and distinguish them from the goods or services sold by others. Trademarks make it possible for consumers to choose between various goods and services offered for sale.

Trademark laws exist to: (1) prevent confusion among consumers as to the source of goods or services; (2) permit the trademark owner to control the products' or services' reputation; and (3) protect the goodwill that the trademark owner has built up in his products or services. *United States v. Hon*, 904 F.2d 803, 806 (2d Cir. 1990), cert. denied, 498 U.S. 1069 (1991).

"Trademark infringement" occurs when anyone, without the consent of the owner, uses a trademark or service mark in connection with the sale, or the offering for sale, of goods or services in a manner that is likely to cause confusion, mistake or deception as to (1) the affiliation, connection, or association of such person with another person, or as to (2) the origin, sponsorship, or approval of his goods or services or commercial activities by another person. 15 U.S.C. §§ 1114(1)(a), 1125(a)(1)(A).

To prevail on a claim for federal trademark infringement, the plaintiff must show (1) that it owns a valid trademark, (2) that its trademark is distinctive or has acquired a secondary

meaning, and (3) that there is a substantial likelihood of confusion between the plaintiff's mark and the alleged infringer's mark.

The plaintiff has the burden of proving by a preponderance of the evidence that the plaintiff is the owner of a valid trademark and that the defendant infringed that trademark. *Globalaw Ltd. v. Carmon & Carmon Law Office*, 452 F.Supp.2d 1 (D.D.C. 2006).

In assessing the likelihood of confusion, courts within this Circuit consider approximately seven (7) factors, none of which is individually determinative. These factors include: (1) the strength of the plaintiff's mark; (2) the degree of similarity between the two marks; (3) the proximity of the products; (4) evidence of actual confusion; (5) the defendant's purpose or reciprocal good faith in adopting its own mark; (6) the quality of defendant's product; and (7) the sophistication of the buyers. *Globalaw Ltd. v. Carmon & Carmon Law Office*, 452 F.Supp.2d 1 (D.D.C. 2006).

A prevailing trademark plaintiff is entitled to recover (1) the defendants' profits, if the defendant willfully infringed or acted in bad faith; or (2) the plaintiff's actual loss caused by the infringement. Actual loss can include (i) profits lost on trade diverted to the infringer; (ii) profits lost on sales made at reduced prices in response to competition by the infringer; (iii) harm to the plaintiff's reputation and good will; and/or (iv) the cost of advertising needed to prevent or dispel customer confusion. *Foxtrap, Inc. v. Foxtrap, Inc.,* 671 F.2d 636 (D.C. Cir. 1982). A prevailing trademark plaintiff may also be entitled to injunctive relief, preventing the infringer from continuing to use the mark.

Monetary recovery is subject to the principles of equity and is to be measured according to the circumstances of the case. 15 U.S.C. § 1117(a); *Foxtrap, Inc. v. Foxtrap, Inc.,* 671 F.2d 636 (D.C. Cir. 1982).

If Plaintiff proves all elements of this claim by a preponderance of the evidence, then

Defendants are liable for the resulting damages.  If Plaintiff fails to prove any one element of this

claim, you must find for Defendants.

**Auth.:** *Globalaw Ltd. v. Carmon & Carmon Law Office*, 452 F.Supp.2d 1 (D.D.C. 2006);
*Foxtrap, Inc. v. Foxtrap, Inc.,* 671 F.2d 636 (D.C. Cir. 1982); 15 U.S.C. § 1117(a); *United States
v. Hon*, 904 F.2d 803, 806 (2d Cir. 1990), cert. denied, 498 U.S. 1069 (1991); 15 U.S.C. §§
1114(1)(a), 1125(a)(1)(A).

## SUBSTANTIVE CLAIM INSTRUCTION NO. 2

## PLAINTIFF'S CLAIMS

### Breach of Contract

In this case, the plaintiff claims that there was a contract between the plaintiff and the defendant.

To prevail on a claim of breach of contract, a party must establish (1) a valid contract between the parties; (2) an obligation or duty arising out of that contract; (3) a breach of that duty; and (4) damages caused by the breach. The plaintiff claims that the defendants breached this contract by terminating Plaintiff's role as a Managing Member of the LLC.   Here, the contract states that

> "If at any time any one (1) or more of the Managing Members (i) cease to devote such time and effort to the business and affairs of the Company as is reasonably necessary to promote and maintain adequately the interests of the Company…or (iii) are determined to have committed … willful misconduct… the other Managing Members shall promptly … notify the other Members in writing of such termination Event.

Plaintiff claims that Defendants breached the contract by determining that Plaintiff  (1) ceased to devote such time and effort to the business and affairs of the Company as is reasonably necessary to promote and maintain adequately the interests of the Company and (2) engaged in willful misconduct.  Plaintiff further claims that he was damaged as a result.

Defendants claims that their action in determining that a Termination Event had occurred was reasonable and that they complied with the requirements of the contract.

Under the law, if one party, without legal excuse, fails to fully perform a duty owed under a contract, and caused damages to the other party by their actions, then that party has breached the contract.

If Plaintiff proves all elements of this claim by a preponderance of the evidence, then Defendants are liable for the resulting damages.  If Plaintiff fails to prove any one element of this claim, you must find for Defendants.

**Auth.:**  Stevens, Ed., Standardized Civil Jury Instruction for the District of Columbia § 11.17 (2018 Rev. Ed.);  *Tsintolas Realty Co. v. Mendez*, 984 A.2d 181, 187 (D.C. 2009); Xereas v. Heiss.  Memorandum Opinion of October 5, 2018.

## SUBSTANTIVE CLAIM INSTRUCTION NO. 3

## DEFENDANTS' AFFIRMATIVE DEFENSES

### Failure to Mitigate Damages

Defendants have asserted as an affirmative defense that if Plaintiff successfully proves a breach of contract claim, then his damages are limited by his failure to mitigate his damages. The law requires that an injured party take all the reasonable steps it can to avoid further injury and reduce its loss. Plaintiff Xereas may not recover damages for any portion of his injury which he could have avoided through the exercise of reasonable care and prudence.

If Defendants prove all elements of this defense by a preponderance of the evidence, then Defendants are not liable for Plaintiff's resulting damages.

**Auth.:**  *Tri County Industries, Inc. v District of Columbia*, 200 F.3d 836 (D.C.Cir. 2000).

**SUBSTANTIVE CLAIM INSTRUCTION NO. 4**

**(Defendants' Affirmative Defenses)**

**Trademark Abandonment**

A trade mark or service mark shall be deemed to be abandoned when its use has been discontinued with intent not to resume such use. Intent not to resume may be inferred from circumstances, and nonuse for three consecutive years shall be *prima facie* evidence of abandonment. "Use" of a mark means the bona fide use of such mark made in the ordinary course of trade, and not made merely to reserve a right in a mark.

**Auth.:** 15 U.S.C. § 1127.

## SUBSTANTIVE CLAIM INSTRUCTION NO. 5

### (Defendants' Affirmative Defenses)

### Fraud on the United States Patent & Trademark Office.

A registered trademark may be cancelled if the owner commits fraud on the United States Patent and Trademark Office ("USPTO").  Fraud in procuring or maintaining a trademark registration occurs when the trademark applicant or owner knowingly makes false, material representations of fact in connection with its application or registration with intent to deceive the USPTO.

**Auth.:** *In re Bose Corp.*, 580 F.3d 1240 (Fed. Cir. 2009); *Nationstar Mortgage LLC v. Mujahid Ahmad*, 112 USPQ2d 1361 (TTAB 2014).

**SUBSTANTIVE CLAIM INSTRUCTION NO. 6**

**DEFENDANTS' COUNTERCLAIMS**

**Breach of Contract**

In this case, the Defendants claim that there was a contract between the plaintiff and the defendants.  To prevail on a claim of breach of contract, a party must establish (1) a valid contract between the parties; (2) an obligation or duty arising out of that contract; (3) a breach of that duty; and (4) damages caused by the breach.  The Defendants claim that the Plaintiff breached this contract by stopping work for the LLC in February and March 2012  and taking steps to undermine the operations of the LLC, contrary to his obligation to advance the interests of the LLC.

Under the law, if one party, without legal excuse, fails to fully perform a duty owed under a contract, and caused damages to the other party by their actions, then that party has breached the contract.

If Defendants prove all elements of this claim by a preponderance of the evidence, then Plaintiff is liable for the resulting damages.  If Defendants fails to prove any one element of this claim, you must find for Plaintiff.

**Auth.:**  Stevens, Ed., Standardized Civil Jury Instruction for the District of Columbia § 11.17 (2018 Rev. Ed.);  *Tsintolas Realty Co. v. Mendez*, 984 A.2d 181, 187 (D.C. 2009).

**SUBSTANTIVE CLAIM INSTRUCTION NO. 7**

**(Counterclaims – Breach of Duty of Good Faith)**

Defendants allege that Plaintiff breached his covenant of good faith and fair dealing.  In the District of Columbia, all contracts contain an implied duty of good faith and fair dealing, which means that neither party shall do anything which will have the effect of destroying or injuring the right of the other party to receive the fruits of the contract.  If the party to a contract evades the spirit of the contract, willfully renders imperfect performance, or interferes with performance by the other party, he or she may be liable for breach of the implied covenant of good faith and fair dealing.

To state a claim for breach of the implied covenant of good faith and fair dealing, a Defendant must prove that Plaintiff has taken steps, or refused to take steps, which ultimately had the effect of destroying or injuring the right to receive the fruits of the contract.  Plaintiff's conduct must be either bad faith or conduct that is arbitrary and capricious.

In addition, like a breach of contract claim, a claim for breach of the covenant of good faith requires that Defendants suffer damages.

If Defendants prove all elements of this claim by a preponderance of the evidence, then Plaintiff is liable for the resulting damages.  If Defendants fail to prove any one element of this claim, you must find for Plaintiff.

Auth:  *Allworth v. Howard Univ.*, 890 A.2d 194, 201-202 (D.C.2006) (quoting Restatement (Second) of Contracts § 205, cmt. a (1981)); *Metz v. BAE Systems Technology Solutions & Services, Inc.*, 979 F.Supp.2d 26 (D.D.C. 2013)  *Wright v. Howard University*, 60 A.3d 749, 754 (D.C. 2013); *Alden v. Georgetown Univ.*, 734 A.2d 1103, 1112 n. 11 (D.C. 1999).

## SUBSTANTIVE CLAIM INSTRUCTION NO. 8

### (Counterclaims – Tortious Interference with Existing Business Relationships)

In this action, the Defendants have alleged the Plaintiff intentionally interfered with contracts that existed between the Defendants and third parties, including  customers, talent managers, agents, comics, vendors, other members of the comedy industry, Facebook, Twitter and YouTube.  You must consider whether the evidence establishes the following four elements:

1.      there was a contract or business relationship between the Defendants and certain third parties;

2.      the Plaintiff had knowledge of that contract or relationship;

3.      the Plaintiff  acted intentionally to interfere with the performance of the contract or relationship in a way that induced or caused a third party to breach or end the relationship with the Defendants; and

4.      the Defendants suffered damages caused by the Plaintiff's intentional interference.

If Defendants prove all elements of this claim by a preponderance of the evidence, then Plaintiff is liable for the resulting damages.  If Defendants fails to prove any one element of this claim, you must find for Plaintiff.

Defendants have also alleged a conspiracy among plaintiff and other to take these same actions.  Conspiracy claims require additional proof of

(1) an agreement between two or more persons;

(2) to participate in an unlawful act, or in a lawful act in an unlawful manner; and

(3) an injury caused by an unlawful overt act performed by one of the parties to the agreement

(4) pursuant to, and in furtherance of, the common scheme.

If Defendants prove all elements of this claim by a preponderance of the evidence, then Plaintiff is liable for the resulting damages.  If Defendants fails to prove any one element of this claim, you must find for Plaintiff.

**Auth**.: Stevens, Ed., Standardized Civil Jury Instruction for the District of Columbia § 25.01 (2018 Rev. Ed.);  *Executive Sandwich Shoppe, Inc. v. Carr Realty Corp.*, 749 A.2d 724, 738 (D.C.2000).

**SUBSTANTIVE CLAIM INSTRUCTION NO. 9**

**(Counterclaims – Tortious Interference with Prospective Business Relationships Duty)**

In this action, the Defendants have alleged the Plaintiff intentionally interfered with prospective business relationships that were expected between the Defendants and third parties, including  customers, talent managers, agents, comics, vendors, and other members of the comedy industry.  You must consider whether the evidence establishes the following four elements:

1.      there was a valid business relationship or expectancy between the Defendants and certain third parties;

2.      the Plaintiff had knowledge of that relationship or expectancy;

3.      the Plaintiff  acted intentionally to interfere with the relationship in a way that induced or caused a third party to breach or end the prospective relationship with the Defendants; and

4.      the Defendants suffered damages caused by the Plaintiff's intentional interference.

If Defendants prove all elements of this claim by a preponderance of the evidence, then Plaintiff is liable for the resulting damages.  If Defendants fails to prove any one element of this claim, you must find for Plaintiff.

Defendants have also alleged a conspiracy among plaintiff and other to take these same actions.  Conspiracy claims require additional proof of

(1) an agreement between two or more persons;

(2) to participate in an unlawful act, or in a lawful act in an unlawful manner; and

(3) an injury caused by an unlawful overt act performed by one of the parties to the agreement

(4) pursuant to, and in furtherance of, the common scheme.

If Defendants prove all elements of this claim by a preponderance of the evidence, then Plaintiff is liable for the resulting damages.  If Defendants fail to prove any one element of this claim, you must find for Plaintiff.

**Auth**.: Stevens, Ed., Standardized Civil Jury Instruction for the District of Columbia § 25.01 (2018 Rev. Ed.);  *Executive Sandwich Shoppe, Inc. v. Carr Realty Corp.*, 749 A.2d 724, 738 (D.C.2000).

**SUBSTANTIVE CLAIM INSTRUCTION NO. 10**

**(Counterclaims – Breach of Fiduciary Duty)**

To state a claim for breach of fiduciary duty under District of Columbia law, the defendants here must allege facts sufficient to establish the following:

(1) Plaintiff owed Defendants a fiduciary duty,

(2) Plaintiff breached that duty, and

(3) to the extent Defendants seeks compensatory damages, the breach proximately caused an injury.

If Defendants prove all elements of this claim by a preponderance of the evidence, then Plaintiff is liable for the resulting damages.  If Defendants fail to prove any one element of this claim, you must find for Plaintiff.

**Auth**.: *Paul v. Judicial Watch, Inc.,* 543 F.Supp2d 1 (D.D.C. 2008)

## SUBSTANTIVE CLAIM INSTRUCTION NO. 11

### (Counterclaims – Violation of Computer Fraud and Abuse Act)

Defendants claims that Plaintiff Xereas violated the Computer Fraud and Abuse Act. That act requires that Defendants prove by a preponderance of the evidence that Plaintiff

> (1) intentionally exceeding his authorized access to the Riot Act social media sites, and

> (2) by altering and destroying valuable information on those sites,

> (3) causing damage and loss.

If Defendants prove all elements of this claim by a preponderance of the evidence, then Plaintiff is liable for the resulting damages.  If Defendants fails to prove any one element of this claim, you must find for Plaintiff.

Defendants have also alleged a conspiracy among plaintiff and others to take these same actions.  Conspiracy claims require additional proof of:

(1) an agreement between two or more persons;

(2) to participate in an unlawful act, or in a lawful act in an unlawful manner; and

(3) an injury caused by an unlawful overt act performed by one of the parties to the agreement

(4) pursuant to, and in furtherance of, the common scheme.

If Defendants prove all elements of this claim by a preponderance of the evidence, then Plaintiff is liable for the resulting damages.  If Defendants fails to prove any one element of this claim, you must find for Plaintiff.

**Auth**.: *See Hedgeye Risk Management LLC v. Heldman*, 271 F.Supp.3d 181 (D.D.C. 2017) (purpose of CFAA was to target hackers); *see also Econ. Research Servs., Inc. v. Resolution*

*Econ., LLC*, 208 F.Supp.3d 219, 232 (D.D.C. 2016); *Roe v. Bernabei & Wachtel PLLC*, 85 F.Supp.3d 89, 103 (D.D.C. 2015); *Lewis–Burke Assocs., LLC v. Widder*, 725 F.Supp.2d 187, 194 (D.D.C. 2010); *Executive Sandwich Shoppe, Inc. v. Carr Realty Corp.*, 749 A.2d 724, 738 (D.C.2000) (conspiracy).

## SUBSTANTIVE CLAIM INSTRUCTION NO. 12

### (Counterclaims – Conversion)

Defendant Penn Social, LLC seeks to recover damages from Plaintiff for the alleged conversion of their personal property. Conversion can occur when one person wrongfully takes possession of the other person's property or where he wrongfully exercises control over the property.   The conversion claimed here was a computer purchased by the LLC and retained by Plaintiff after he stopped his daily activities on behalf of the LLC.

You must consider whether the evidence establishes the following [three][four] elements:

1.     That Defendant owned or had a right to control the personal property;

2.     That Plaintiff intentionally and substantially interfered with Defendant's  property interests in a manner that amounted to depriving Defendant of that property;

3.     That Defendant did not consent to Plaintiff's taking and retaining the computer and refusing to return the property when requested to do so:

4.     That Defendant requested the return of the personal property but Plaintiff refused to do so.

If Defendants prove all elements of this claim by a preponderance of the evidence, then Plaintiff is liable for the resulting damages.  If Defendants fails to prove any one element of this claim, you must find for Plaintiff.

**Auth.:**  Stevens, Ed., Standardized Civil Jury Instruction for the District of Columbia § 25.03 (2018 Rev. Ed.)

## **VERDICT SHEET**

In this case, it will be your duty to return your verdict in the form of written answers to the written questions which are being submitted to you on a verdict sheet.  Your answers will constitute your verdict.  Each answer is to be written in the space provided after each question.  Before making an answer to any of the questions all of you must agree on it.  It is, of course, your duty to answer each of the questions in accordance with the evidence in this case.

When you retire to deliberate, your foreperson will preside over your deliberations and be your spokesperson when you return to the courtroom.

While you are deliberating, if it becomes necessary to communicate with the Court, do it in writing and give the note to the Marshal.

Do not indicate at any time how you stand with regard to your verdict, numerically or otherwise.

Any verdict must represent the considered judgment of each juror.  In order to return a verdict, it is necessary that each juror agree.  In other words, your verdict must be unanimous.

When you are agreed on your verdict, notify the security officer and you will be returned to the courtroom as soon as possible.

Upon your return you will be asked if you are agreed on your verdict.  When you indicate that you are, you will be asked who will speak for you; you will say your foreperson.  The foreperson will then be asked to stand and to deliver the verdict as it has been recorded on your verdict form.

You are now ready to retire to the jury room to begin deliberating.  All of the exhibits that have been accepted in evidence will be provided for your reference and examination during you deliberations.

I am also going to provide you with some copies of my instructions on the law in the event of a need to refer back to them for guidance.

Respectfully submitted,

_____
William T. O'Neil
THE O'NEIL GROUP LLC
1629 K Street, N.W.
Washington, DC 20006
Telephone (202) 445-4277
Facsimile (202) 517-9179
woneil@oneilgroupllc.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 12th day of November, 2018, a copy of the foregoing

Defendants ' Revised Proposed Jury Instructions was filed via the Electronic Case Filing System

(ECF) maintained by the U.S. District Court for the District of Columbia, and is available for

viewing and downloading from the ECF system.


   /s/                  

William T. O'Neil