UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA


JOHN N. XEREAS,                      .

      Plaintiff,                 .   CA No. 12-0456 (DAR)

   v.                                .
                          .   Washington, D.C.
MARJORIE A. HEISS, et al.,           .   Wednesday, November 14, 2018
                          .

      Defendants.                   .
. . . . . . . . . . . . . . . . .


FINAL JURY INSTRUCTIONS
HON. DEBORAH A. ROBINSON
UNITED STATES MAGISTRATE JUDGE

## JURY INSTRUCTIONS

THE COURT:  The first series of instructions concern the evidence in the case.  Some of these instructions may sound familiar from the ones that I gave you at the outset.

### Evidence in the Case

First, you are instructed that you may only consider evidence admitted in the case.  The evidence consists of the sworn testimony of witnesses and exhibits admitted into evidence.

Statements and arguments of the lawyers are not evidence. They are intended only to help you to understand the evidence from that party's perspective.  Likewise, the questions the lawyers ask the witnesses are not evidence.

If counsel described the evidence you have heard differently from the way you remember it, it is your memory that should control during your deliberations.  You must rely on your recollection of the testimony and any notes you may have taken during the trial.

### Direct and Circumstantial Evidence

There are two types of evidence from which you may determine what the facts are in this case: direct evidence and circumstantial evidence.  When a witness, such as an eyewitness, asserts actual knowledge of a fact, that witness's testimony is direct evidence.  On the other hand, evidence of facts from which reasonable conclusions may be drawn is circumstantial

evidence.

I will offer an example.  Assume a person looked out a window and saw that snow was falling.  If he later testified in court about what he had seen, his testimony would be direct evidence that snow was falling at the time he saw it happen. Assume, however, that he looked out a window and saw no snow on the ground, then went to sleep and saw snow on the ground after he woke up.  His testimony about what he had seen would be circumstantial evidence that it had snowed while he was asleep.

The law says that both direct and circumstantial evidence are acceptable as a means of proving a fact.  The law does not favor one form of evidence over another.  It is for you to decide how much weight to give to any particular evidence, whether it is direct or circumstantial.  You are permitted to give equal weight to both.  In reaching a verdict in this case, you should consider all of the evidence presented, both direct and circumstantial.

### Burden of Proof

The party who makes a claim or counterclaim has the burden of proving it.  This burden of proof means that the party asserting the claim must prove every element of it by a preponderance of the evidence.

To establish an element by a preponderance of the evidence, the party must show that the evidence produces in your mind the belief that the thing in question is more likely true than not

true.  The party need not prove any element beyond a reasonable doubt, the standard of proof in criminal cases, or to an absolute or mathematical certainty.

If you believe that the evidence is evenly balanced on an issue as to which the Plaintiff has the burden of proof as to his claim, or that the evidence is evenly balanced on an issue as to which the Defendants have the burden of proof with respect to their counterclaims, then your finding on that issue must be for the opposing side.

In arriving at your verdict, you should consider only the evidence in the case.  That said, in determining whether a party has carried its burden, you are permitted to draw from the facts that have been proven such reasonable inferences as you believe are justified in light of your experience and common sense.  However, you may not rely on speculation or guesswork.

You must consider all the evidence bearing on each claim and counterclaim, regardless of who produced it.  A party is entitled to benefit from all evidence that favors that party, whether that party or the adversary produced it.  You should not give more or less weight to evidence just because it happened to be produced by one side or the other.

<u>Inadmissible or Stricken Evidence</u>

You will recall that the lawyers in this case often objected when the other side asked a question, made an argument, or offered an exhibit into evidence that the objecting lawyer

believed was not proper.  Objections are not evidence.  You must not hold such objections against the lawyer who made them or the party he or she represents.  It is the lawyer's responsibility to object to evidence that he or she believes is not admissible.

If, during the course of the trial, I sustained an objection to a lawyer's question, then you must ignore the question and must not guess about what the answer would have been had I allowed it.  If, after a witness answered a question, I ruled that the answer should be stricken, then, of course, you must ignore both the question and the answer.

Likewise, if I sustained an objection to an exhibit and the exhibit was not admitted, then you should not speculate about the contents of the exhibit or permit that circumstance to play any role in your deliberations.

### Credibility of Witnesses

In deciding what the facts are, you must weigh the testimony of all of the witnesses who have appeared before you. You are the sole judges of the credibility of the witnesses. In other words, you alone determine whether to believe any witness and to what extent any witness should be believed.

Judging a witness's credibility means evaluating whether the witness has testified truthfully and also whether the witness accurately observed, recalled, and described the matters about which he or she testified.  You may consider anything that in your judgment affects the credibility of the witness.

For example, you may consider the witness's age, demeanor, capacity to observe and recollect facts, and any other facts and circumstances bearing on credibility.  You may consider whether the witness has any motive for not telling the truth, any interest in the outcome of the case, or any friendship or animosity toward other persons involved in this case.  You may consider the plausibility or implausibility of the testimony of a witness.  You may also consider whether the witness's testimony has been contradicted or supported by other evidence.

## Number of Witnesses and Exhibits

The relative weight of the evidence on a particular issue is not determined by the number of witnesses testifying for either side or the number of exhibits on either side.  It depends on the quality, and not the quantity, of the evidence.  It is up to you to decide whether to credit the testimony of a smaller number of witnesses or a smaller number of exhibits on one side, or the testimony of a greater number of witnesses or a greater number of exhibits on the other side.

## Depositions as Evidence

As you know, a deposition is the testimony of a person taken before trial.  When a deposition is taken, the witness is placed under oath and swears to tell the truth, and lawyers for each party may ask questions.  A court reporter is present and records the questions and answers.

During the trial, you heard deposition testimony, and as

I indicated, you will receive a copy of the transcript of the testimony since you brought to our attention that portions of the video at various points were not entirely audible.  You are instructed that you should give the deposition testimony the same consideration you give any other testimony.  You should not give it more weight or less weight just because the witness did not appear in court.

### Impeachment by Prior Inconsistent Statement

You may recall a reference to prior testimony which was inconsistent with a witness's testimony here in the courtroom. It is for you to decide whether any witness made a prior statement and, if one or more was made, whether the prior statement was inconsistent with the witness's testimony here in the courtroom.  If you find that any prior statement is inconsistent with the witness's testimony here in court, then you may consider such inconsistency in evaluating the credibility of the witness.

### Multiple Defendants

As you know, in this case there are multiple defendants. A single plaintiff, multiple defendants.  There is more than one defendant in this lawsuit.  Each defendant deserves fair consideration of his or her own separate defense.  Accordingly, your finding one liable or not liable should have no affect on your decision about the liability of any other defendant.  The instructions I give you govern the case as to each defendant.

If you find that no defendant is liable to the plaintiff, then your verdict should be in favor of all defendants against the plaintiff.  If you find that not all of the defendants are liable to the plaintiff, then your verdict should be in favor of the plaintiff and against only those defendants you found liable.

<u>Counterclaims</u>

In addition to the claim by the plaintiff in which the plaintiff alleges a breach of the Amended Operating Agreement, the defendants, of course, have pled counterclaims.  Defendants also plead breach of the Amended Operating Agreement.  So you're instructed that the sole claim for your consideration at this time brought by the plaintiff is breach of the Amended Operating Agreement.  The parties agree that the Amended Operating Agreement is a contract.

The defendants' further counterclaims are for breach of the duty of good faith and fair dealing, tortious interference with defendants' existing business relationships, tortious interference with defendants' prospective business relationships, breach of fiduciary duty, and conversion.

I see that you are taking notes concerning the claims. I do not want you to be alarmed if you realize that you did not write all of that down verbatim because you will receive, when you begin your deliberations, a verdict form which will have a statement concerning each claim.  I simply want to provide you

with that information now as we go forward with the instructions.

Plaintiff is required to prove each element of his claim by a preponderance of the evidence. Defendants are required to prove each element of their counterclaims by a preponderance of the evidence.

I will turn now to the instructions concerning the governing law with respect to contracts.

### Contracts

First, a contract is an agreement between two or more parties to do or not to do something. As I indicated, the parties in this case agree that the Amended Operating Agreement is the contract which is at issue. You must consider the contract as a whole. In other words, you must not ignore any section of the contract or give undue weight to one section over another.

### Terms of a Contract

In determining the terms of a contract, you should first consider what a reasonable person in the position of the parties would have believed was the meaning of the words. Next, you may consider the circumstances that existed at the time that the contract was made, including the apparent purpose of the parties in entering into the contract, the history of the negotiations leading up to the contract, and the statements of the parties about their understanding of the contract.

### Contract Interpretation

To determine the meaning of a contract, you must first look at the words and phrases which actually appear in the document. To determine the meaning of any words or phrases which are in dispute, you may consider the conduct of the parties in relation to those disputed words or terms. You should give great weight to how the parties acted with respect to the disputed contract provision. You should also consider other evidence presented to you about the meaning of the provisions.

### Breach of Contract

Under the law, if one party, without legal excuse, fails to fully perform a duty owed under a contract, then that party has breached the contract. If you find that plaintiff breached the contract with defendants, then the opposing side is liable for damages. And, again, I note that each side alleges a breach of the Amended Operating Agreement.

To repeat, the definition is: If one party, without legal excuse, fails to perform a duty owed under a contract, then that party has breached the contract.

There are two types of breach of contract. One is called a "material breach" or "total breach" of the contract. If one party breached the contract by failing to perform a contractual duty so important that it affects the central purpose of the contract, then that party has committed a material or total breach of the contract.

The other type of breach of contract is called a "simple" or "partial" breach.  If you find that a party receives substantially what was bargained for, then the breach would be characterized as a simple breach.

### Excuse From Performance

If you find by a preponderance of the evidence that performance was rendered impossible, or substantially contributed to preventing performance, then the party may be excused from performing under the contract.  If, instead, you find that performance was simply rendered more difficult but not impossible, then there is no excuse from performance.

We will now proceed to the definition of "Impossibility."

### Impossibility

Generally, a person is not excused from performing his or her duties under a contract even if performance has been more difficult or expensive than expected at the time the contract was made.  However, a person is excused from his or her failure to perform a contract if performance is impossible.

A party claiming that performance is impossible must prove it.  To do so, the party claiming that performance is impossible must prove, by a preponderance of the evidence:

(1) that performance was absolutely impossible or would have involved extreme or unreasonable difficulty, expense, injury, or loss;

(2) the circumstances which made performance impossible

were not reasonably foreseeable at the time the contract was made;

(3) the party claiming impossibility did not assume the risk that the circumstance making performance impossible would occur; and

(4) the party claiming impossibility did not cause the circumstance making performance impossible.

If you find that all of these elements have been proved by a preponderance of the evidence, then you may find that performance was impossible.

I will proceed next to the discussion of breach of contract damages.

## Breach of Contract Damages

The measure of damages for a breach of contract is that amount of money necessary to place the injured party in the same economic position he or they would have been in if the contract had not been breached. To calculate the damages, it is necessary to first determine what benefit would have been received in the absence of a breach. Next, consider the incidental and consequential damages. Finally, subtract from that any money that was saved, if any, as a result of not having to complete the contract.

Incidental damages include any costs incurred while making reasonable efforts to avoid losses, whether the efforts to avoid losses were successful or not. Consequential damages include

damages resulting from the breach such as injury to persons or property.  Any award of damages is intended to compensate the injured party for the breach of the opposing party.  You may not award damages for present or future harm which are speculative or remote, or which are based solely on conjecture or guesswork.

The next series of instructions concerns defendants' counterclaim of breach of the duty of good faith.

<u>Breach of Duty of Good Faith</u>

Defendants allege that plaintiff breached his covenant of good faith and fair dealing.  In the District of Columbia, all contracts contain an implied duty of good faith and fair dealing, which means that no party to the contract shall do anything which will have the effect of destroying or injuring the rights of the other parties to receive the fruits of the contract. If a party to a contract evades the spirit of the contract, willfully renders imperfect performance, or interferes with performance by another party, he or she may be liable for breach of the implied covenant of good faith and fair dealing.

To state a claim for breach of the implied covenant of good faith and fair dealing, a party must prove that the other side has taken steps or refused to take steps which ultimately had the effect of destroying or injuring the right to receive the fruits of the contract.

In addition, like a breach of contract claim, a claim for breach of the covenant of good faith and fair dealing requires

proof of damages.  Thus, in this instance, if defendants prove all elements of this claim by a preponderance of the evidence, or satisfy you that they have done so, then plaintiff is liable for the resulting damages.

Next I will turn to defendants' counterclaim in which breach of fiduciary duty is alleged.

### Breach of Fiduciary Duty

To state a claim for breach of fiduciary duty under District of Columbia law, the defendants must allege facts sufficient to establish the following:

(1) plaintiff owed defendants a fiduciary duty,

(2) plaintiff breached that duty, and

(3) to the extent defendants seek damages, the breach proximately caused an injury.

If defendants have satisfied you that they have proven the elements of the claim by a preponderance of the evidence, then plaintiff is liable for the resulting damages.  If, instead, you find that defendants have failed to prove any element of the breach of fiduciary duty claim, then your verdict on that claim must be for the plaintiff.

### Conversion

Defendant Penn Social, LLC, seeks to recover damages from plaintiff for the alleged conversion of its personal property. Conversion can occur when one party wrongfully takes possession of the other person's property or wrongfully exercises control

over the property.  The conversion claimed here was a computer purchased by the LLC and retained by plaintiff after he stopped his daily activities on behalf of the LLC.  You must consider whether the evidence establishes the following elements:

(1) that the LLC owned or had a right to control the personal property;

(2) that plaintiff intentionally and substantially interfered with defendants' property interest in a manner that amounted to depriving the LLC of that property;

(3) that defendant LLC did not consent to plaintiff's taking and retaining the computer and refusing to return it when asked to do so; and, finally,

(4) that the LLC requested the return of the property but that plaintiff refused to do so.

If defendants satisfy you that they have proven all of these elements by a preponderance of the evidence, then your verdict must be for the defendants, and plaintiff is liable for the resulting damages.  If you find that defendants have failed to prove any element of the conversion claim, then your verdict as to that claim must be for the plaintiff.

I have given a number of instructions concerning damages as to the specific claims.  The next series of instructions I will ask you to consider as umbrella instructions.  In other words, they cover all of the very specific ones that I have given.

## Damages

The determination regarding an award of damages is the province of the jury.  In other words, it is up to you to decide the extent of any damages that have been proven and what the appropriate measure of compensation is for those damages.

I will add to that the instruction that the harm which results in any damage must be either a direct or reasonably probable consequence of the alleged wrongful conduct.  The party seeking damages still bears the burden of proving them by a preponderance of the evidence.  Thus, any award of damages must be based on a just and reasonable estimate derived from the evidence admitted in the case.

Reasonable certainty with respect to an award of damages does not require exact or mathematically precise proof of damages or that future damages are absolutely certain to occur.  Thus, you may not award damages that are speculative, based on guesswork, or dependent upon merely remote possibilities not reasonably certain to occur.

## Procedural Instructions

My final instructions concern what you will do next. . Thus, before you are excused to deliberate, there are a few final matters.

First, during your deliberations, you must consider the instructions that I have given you as a whole.  All of the instructions are important.  Thus, you may not ignore any

instruction or treat any single instruction or part of an instruction differently than the others.

Your first order of business when you retire to the deliberation room will be to identify who among you will serve as foreperson, to preside over your deliberations, and to serve as your spokesperson here in court.  Your selection of a foreperson should be with an eye toward identification of the person among you that you believe is most likely to encourage civility and mutual respect, to invite each juror to express his or her views, and promote full and fair consideration of the evidence.

The verdict that you return must represent the considered judgment of each member of the jury.  In order to return a verdict, your decision must be unanimous.  That means that each of you must agree.

Each of you has a duty to consult with your fellow jurors in an attempt to reach a unanimous verdict.  You must decide the case for yourself.  However, you should not surrender your honest beliefs about the effect or weight of evidence simply to return a verdict or solely because of what a number of other jurors may think.

However, you should seriously consider the views of your fellow jurors, just as you expect them to seriously consider your own views, and you should not hesitate to change an opinion if you are persuaded, by listening to your fellow jurors, that

that is the appropriate thing to do.  Thus, you are not advocates for your position but neutral judges of the facts.

So you will make an important contribution to the administration of justice by arriving at a verdict in this case. During your deliberations, therefore, your purpose should not be to support your own opinion but to determine the facts.

It may not be useful for a juror at the start of deliberations to announce a determination to stand for a particular verdict.  If that occurs, it is often the case that other jurors may hesitate to express their own views, and the process of deliberations is derailed.

During your communications with the Court -- and you will have occasion to communicate not only to ask any questions that may arise during your deliberations but to address logistical issues such as our start time or end time or any other concerns that you have -- you must do so in writing.

You will be given a supply of note paper to use for that purpose.  The note must be signed by the foreperson.  There will be a deputy marshal outside the deliberation room during your deliberations, and the procedure that you will utilize is that you will give the deputy marshal the note.  The deputy marshal will provide the note to the Court.  I will share the note with counsel and the parties and then be prepared to address your question.

With respect to a verdict, it is only when you have reached

a unanimous verdict that you should let me know that you have done so.  I ask that you refrain from sharing with me any information concerning what you were thinking or how you were divided before you reach a verdict.

If not this evening, then in the morning you will receive a copy -- a transcript, essentially -- of the instructions that I have just given.  You will also receive a verdict sheet which will guide you during your efforts to address each of the remaining claims.

We join in thanking you for your attention thus far.  I'm certain that your attention, your care, your patience, your determination to reach a verdict will continue as you continue your deliberations.

At this time I will excuse you to accompany Ms. Lesley. Thank you so much.  And I will ask Ms. Lesley to inquire of you how late you would like to stay this evening.  We're very close to the time that we would ordinarily recess.

If you are able to at least take a few minutes and agree upon the identification of a foreperson, I would encourage you to do that, but if there is a time that all of you agree you absolutely should leave, then let Ms. Lesley know, please. Your notebooks will be available for your use during the deliberations, so please take them with you.  Thank you.

## ADDITIONAL JURY INSTRUCTIONS

Tortious Interference with Existing Contractual Relationships

**In this action, the Defendants have alleged that the Plaintiff intentionally interfered with existing business relationships between the Defendants and third parties, including customers, talent managers, agents, comics, vendors, and other members of the comedy industry. You must consider whether the evidence establishes the following four elements:**

**1. there was a contract between the Defendants and a third party;**

**2. the Plaintiff had knowledge of that contract;**

**3. the Plaintiff acted intentionally to interfere with the performance of the contract in a way that induced or caused the third party to breach or to not perform on the contract with the Defendants; and**

**4. the Defendants suffered damages caused by the Plaintiff's intentional interference.**

**If you find a preponderance of the evidence establishes all four elements of this claim, then you should find in favor of the Defendants. If Defendants failed to prove any one element of these claims, you must find for Plaintiff.**

Tortious Interference with Prospective Business Relationship

**In this action, the Defendants have also alleged that the Plaintiff intentionally interfered with prospective business relationships that were expected between the Defendants and third parties including customers, talent managers, agents, comics, vendors, and other members of the comedy industry. You must consider whether the evidence establishes the following four elements:**

Xereas v. Heiss, et al.

1. there was a valid business relationship or expectancy between the Defendants and certain third parties;

2. the Plaintiff had knowledge of that relationship or expectancy;

3. the Plaintiff acted intentionally to interfere with the relationship in a way that induced or caused a third party to breach or end the prospective relationship with the Defendants; and

4. the Defendants suffered damages caused by the Plaintiff's intentional interference.

If Defendants proved all elements of this claim by a preponderance of the evidence, then Plaintiff is liable for the resulting damages. If Defendants failed to prove any one element of this claim, you must find for Plaintiff.

Xereas v. Heiss, et al.

## SECOND ADDITIONAL JURY INSTRUCTIONS

A fiduciary duty is a duty of loyalty and care. A member of a member-managed limited liability company owes to the company, and to the other members, the duties of loyalty and care. Such duties, as relevant to this case, are: (1) refraining from dealing with the company in the conduct of the company's activities and affairs in a manner adverse to the company; additionally, (2) a member in a member-managed limited liability company shall discharge the duties and obligations under the operating agreement consistent with the contractual obligation of good faith and fair dealing.

Xereas v. Heiss, et al.

## THIRD ADDITIONAL JURY INSTRUCTIONS

Defendants have asserted as an affirmative defense that if Plaintiff successfully proves a breach of contract claim, then his damages are limited by his failure to mitigate his damages. The law requires that an injured party take all the reasonable steps it can to avoid further injury and reduce its loss. Plaintiff Xereas may not recover damages for any portion of his injury which he could have avoided through the exercise of reasonable care and prudence.

Plaintiff has asserted as an affirmative defense that if Defendants successfully prove a breach of contract claim, then their damages are limited by their failure to mitigate their damages. The law requires that an injured party take all the reasonable steps it can to avoid further injury and reduce its losses. Defendants may not recover damages for any portion of their injury which they could have avoided through the exercise of reasonable care and prudence.