UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOHN N. XEREAS, <br><br> Plaintiff, <br><br> v. <br><br> MARJORIE A. HEISS, *et al.*, <br><br> Defendants | ) <br> ) <br> ) <br> ) <br> ) Case No. 12-456 <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## DEFENDANTS' POST TRIAL MOTION
## TO ALTER OR AMEND THE JURY'S JUDGMENT

Defendants Marjorie Heiss, Geoffrey Dawson and Penn Social LLC ("Defendants") file this post trial motion pursuant to Fed.R.Civ.P. 59(e) to alter or amend the jury's verdict. First, the jury's award of $106,000 as compensatory damages has no basis in the evidence and was not argued by Plaintiff. The damages for breach of contract argued by the plaintiff totaled $45,000 according to his amended pre-trial order (ecf 213). The jury's award of compensatory damages for the breach of contract claim should be revised to the $45,000 Plaintiff argued for and identified in his pre-trial order.[1] In addition, the jury's award of plaintiff's attorney's fees is clearly improper, as it lacks any statutory or contractual basis and again was not requested, argued or supported by any admissible evidence submitted by Plaintiff. The jury is not entitled in a standard breach of contract action to award attorney's fees as compensatory damages without some basis in law or contract for doing so. The jury's award should be amended to exclude any award of attorney's fees.

---

[1] This Motion is subject to the court's ruling on Defendants' Motion for Judgment as a Matter of Law under Rule 50(b), filed concurrently.

**LEGAL STANDARD FOR A MOTION TO ALTER OR AMEND JUDGMENT**

A Rule 59(e) motion to amend or alter a judgment may be granted if there is an "intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Firestone v. Firestone,* 76 F.3d 1205, 1208 (D.C.Cir.1996) (per curiam), citing *Nat'l Trust for Historic Pres. v. Dep't of State*, 834 F.Supp. 453, 455 (D.D.C.1993), aff'd in part and rev'd in part on other grounds sub nom, *Sheridan Kalorama Historical Ass'n v. Christopher*, 49 F.3d 750 (D.C.Cir.1995).  The court has considerable discretion in ruling on a Rule 59(e) motion.  See *Firestone v. Firestone*, 76 F.3d 1205, 1208 (D.C.Cir.1996) (per curiam ).  In addition, "[a] Rule 59(e) motion to reconsider is not simply an opportunity to reargue facts and theories upon which a court has already ruled," *New York v. United States*, 880 F.Supp. 37, 38 (D.D.C.1995), nor is it a vehicle for presenting theories or arguments that could have been advanced earlier. See *W.C. & A.N. Miller Companies*, 173 F.R.D. at 3.

**ARGUMENT**

**1.      The Court Should Alter or Amend the Jury's Determinations as to Breach of Contract Damages To Avoid a Clear Error or Prevent Manifest Injustice.**

The Court has already recognized that the jury awarded Plaintiff damages for his breach of contract claims to which he was not entitled as a matter of law, including damages from breach in excess of his claimed and itemized damages stated in his amended pre-trial order, as well as attorney's fees that find no basis in law or contract.  See Minute Order dated November 26, 2018 (entry of judgment would provide relief "to which [Plaintiff] simply is not entitled").  Thus, the jury's award should be altered or amended to conform to the factual and legal bases of Plaintiff's claims in order to prevent a clear error or prevent manifest injustice.

Relying on Plaintiff's own filings, even the $45,000 amount was never listed as a breach of contract damage. In his second amended pre-trial statement (ecf 213), plaintiff listed an amount of $45,000 as "guaranteed payments still owed to Plaintiff for services as GM of the LLC," explaining that these damages were the difference between his promised guaranteed payment of $72,000 and the $26,000 he actually received. Declaration of William O'Neil (Amend) ("O'Neil Dec. (Amend)"), Ex. 1 (Plaintiff's Amended Pre-Trial Order (ecf 213), at 18-19).[2] The explanatory text, however, does not include this amount in sub-section E. that lists breach of contract damages. Instead, the $45,000 is identified in sub-section B. under the heading "Compensation as General Manager." *Id*. at 19-20. Breach of contract damages in sub-section E. are identified as those amounts described in sub-section A. (all of which were excluded from evidence) and sub-section H., which does not exist. *Id*. at 21.

Plaintiff's breach of contract based on alleged breaches of the Amended Operating Agreement was the only issue presented to the jury. They awarded $106,000 in compensation for the breach of contract, and there is no evidence in the record supporting such a damage figure. While Defendants dispute the disclosure, calculation and basis of the $45,000 figure, Plaintiff should be limited to an award of the damages sought in the pre-trial order. See, e.g. *Comenos v. Viacon Inter., Inc.*, 882 F.Supp. 667, 680 (E.D. Mich. 1995) (plaintiff in breach of contract action cannot pursue damages for amounts not included in the pre-trial order). Here that correct amount is zero (see discussion of pre-trial order identified damages above), but in no event could it be more that $45,000.

---

[2] A simple subtraction yields a result of $46,000. The pre-trial order also labels the compensation as "guaranteed payments" and no evidence to support that was submitted at trial, as the term does not appear in the contract Plaintiff claims was breached. Similarly, Plaintiff offered no evidence at trial of when he started or ended his work pursuant to the compensation agreement to allow actual computation of unpaid salary.

There is no basis to allow an award of extra-contractual damages. Under District of Columbia law, punitive or non-contractual damages are not allowed for a breach of contract claim unless the conduct at issue rises to the level of a tort. *See, e.g., Dean v. Walker* 876 F.Supp.2d 10 (D.D.C. 2012) (punitive damages are not allowed in a pure breach of contract claim, citing *Caston v. Butler*, 718 F.Supp.2d 87, 89 (D.D.C.2010)); *Sere v. Group Hospitalization Inc.*, 443 A.2d 33, 37 (D.C.1982) ("[w]here the basis of the complaint is, as here, a breach of contract, punitive damages will not lie, even if it is proved that the breach was willful, wanton or malicious"). No evidence supporting a punitive damages ruling was presented to the jury and they made no finding of facts that could be the basis for a punitive damages award or an award of any damages in excess of the compensatory damages sought by Plaintiff. Plaintiff's effort to claim tort damages were rejected by the Court when the Court entered judgment in favor of Defendants on plaintiff's claims of breach of the duty of good faith and intentional infliction of emotional distress. The jury's verdict should be altered to an award of either zero or at most $45,000 as stated in Plaintiff's pre-trial itemization of damages rather than $106,000 to avoid a clear error of law.

2.  **The Jury's Award of Plaintiff's Attorney's Fees is Not Supported by Statute or Contract and Must be Stricken**

As part of their compensatory damage award, the jury also awarded Plaintiff's attorney's fees as damages for breach of contract, but such an award is contrary to clearly established D.C. law and cannot stand. Under D.C. law, the "American Rule" applies and the parties are not entitled to an award of attorney's fees for a breach of contract claim absent a statutory or contractual basis. See, e.g. *Nugent v. Unum Life Ins. Co. of America*, 752 F. Supp. 2d 46 (D.D.C. 2010), citing *Estate of Raleigh v. Mitchell*, 947 A.2d 464, 473 (D.C. 2008); *Continental Ins. Co. v. Lynham*, 293 A.2d 481, 483 (D.C.1972) ("It is the rule in the District of Columbia

4

that, absent a contract or statutory provision or a showing that the defendant's conduct was willfully and oppressively fraudulent, attorney's fees are not generally allowed as damages or costs."). Here, Plaintiff did not assert any contractual or statutory right to attorney's fees. Plaintiff similarly did not present any evidence to the jury of any contractual or statutory basis for such a claim. Nor did Plaintiff present any evidence to the jury to support his claim for attorney fees. The Court even admonished the Plaintiff that it was not to argue for attorney's fees because there was no evidentiary basis for doing so in the record. O'Neil Dec. (Amend), at Ex. 2 (Tr. at 1009:19-20) ("Under no circumstances may plaintiff argue that [attorney] fees are recoverable").

In just this situation, where a jury is given a special verdict form and writes in "attorney's fees" as an element of the compensatory damages awarded, a court in this district rejected the jury's effort to add attorney's fees and deleted any such amount from the judgment entered. *Gabriel v. Fernando,* 695 F. Supp. 600, 601-602 (D.D.C. 1988) (deleting the award of unspecified attorney's fees because plaintiff's attorney fees may not be considered by the jury in setting compensatory damages.) The jury's effort in this case to award attorney's fees as an element of Plaintiff's compensatory damages violates D.C. law and must be altered by striking such an award to avoid clear error and manifest injustice

## CONCLUSION

For these reasons stated herein, Defendants' motion to alter or amend the jury's award should be granted.

                                                                  _/s/_____
                                                                  William T. O'Neil
                                                                  Bar No. 426107

THE O'NEIL GROUP LLC
1629 K Street, N.W.
Washington, DC 20006
Telephone (202) 684-7140
Facsimile ((202) 517-9179
woneil@oneilgroupllc.com

CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above was served on December 17, 2018, by ecf and email to counsel of record noted below:

W. Todd Miller, Esq.
Baker & Miller PLLC
2401 Pennsylvania Ave, NW
Suite 300
Washington, D.C. 20037
Attorney for John Xereas

Tony C. Richa, Esq.
Richa Law Group, P.C.
4800 Hampden Lane
Suite 200
Bethesda, MD 20814
Attorney for John Xereas

 /s/
William T. O'Neil