UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOHN N. XEREAS, <br><br>　　Plaintiff, <br><br>v. <br><br>MARJORIE A. HEISS, *et al.*, <br><br>　　Defendants | Case No. 12-456 |

**DEFENDANTS' POST-TRIAL MOTION FOR
JUDGMENT AS A MATTER OF LAW**

Defendants Marjorie Heiss, Geoffrey Dawson and Penn Social LLC ("Defendants") file this post-trial motion for judgment as a matter of law pursuant to Fed.R.Civ.P. 50(b). During trial, Defendants moved for judgment as a matter of law with respect to Plaintiff's breach of contract claim, arguing that Plaintiff failed to present evidence of damages arising from his claimed breaches of contract. In response, Plaintiff claimed that his failure to be paid a salary by the LLC represented his breach of contract damages, and the Court allowed the claim to go to the jury. In closing, Plaintiff argued that Defendants breached the contract by holding meetings without notice or without providing notice of the agenda, by removing Plaintiff's sole managing authority in January 2012 and by voting to remove Plaintiff as a Managing Member of the LLC in March 2012. Even if the jury accepted any one of these actions as a breach, the damages claimed by Plaintiff – $45,000 in missing salary – did not arise from any of those alleged breaches. Plaintiff presented no evidence of damage arising from these breaches and as a matter of law judgment should be entered for Defendants on Plaintiff's breach of contract claim. Under D.C. law, there must be a causal link between the breaches and the damage, and Plaintiff's

evidence provides no such link.  Defendants' motion is procedurally proper because Defendants raised this same lack of causation argument during trial.[1]

## LEGAL STANDARD FOR A MOTION FOR
## JUDGMENT AS A MATTER OF LAW

The court in *Beyene v. Hilton Hotels Corp.*, 958 F. Supp. 2d 247 (D.D.C. 2013), set forth the legal standard for a motion for judgment as a matter of law under Rule 50(b).  Under Federal Rule of Civil Procedure 50(a), "[i]f a party has been fully heard on an issue during a jury trial and the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue," then a court may "grant a motion for judgment as a matter of law against the party on a claim or defense that, under the controlling law, can be maintained or defeated only with a favorable finding on that issue."  Fed.R.Civ.P. 50(a)(1)(B).  "If the court does not grant a motion for judgment as a matter of law made under Rule 50(a), the court is considered to have submitted the action to the jury subject to the court's later deciding the legal questions raised by the motion."  Fed.R.Civ.P. 50(b).  If the moving party renews its motion for judgment as a matter of law following the discharge of the jury, the court may consider the motion and, if appropriate, direct the entry of judgment as a matter of law. Fed.R.Civ.P. 50(b)(3).

The legal standard for granting a renewed motion for judgment as a matter of law is the same whether it is rendered during the trial, under Rule 50(a), or after the jury has been discharged, under Rule 50(b). *See Rice v. District of Columbia*, 818 F. Supp. 2d 47, 54 (D.D.C. 2011).  That is, "a court should render judgment as a matter of law when a party has been fully heard on an issue and there is no legally sufficient evidentiary basis for a reasonable jury to find for that party on that issue." *Id.* (quoting *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S.

---

[1] Concurrent with this motion, Defendants also are filing a motion to amend the jury verdict, but that motion is reliant on the Court's decision on the instant motion and is filed as an alternative to the relief requested herein.

133, 149, 120 S.Ct. 2097, 147 L.Ed.2d 105 (2000)).  As a post-trial Rule 50(b) motion is limited to a renewal of a Rule 50(a) motion for judgment as a matter of law, the post-trial motion must be limited to those grounds that were specifically raised in the prior Rule 50(a) motion.  *Id.* at 54–55.

The standard for a Rule 50 motion is similar to the summary judgment standard under Rule 56.  Like summary judgment, a court considering a motion for judgment as a matter of law "must draw all reasonable inferences in favor of the nonmoving party and may not make credibility determinations or weigh evidence."  *Rice*, 818 F. Supp. 2d at 54.  The evidence supporting the nonmoving party's position, however, "must be more than merely colorable; it must be significantly probative."  *See Williams v. Johnson*, 870 F. Supp. 2d 158, 162 (D.D.C. 2012) (internal citations omitted).

## ARGUMENT

1. **The Court Should Grant Judgment as a Matter of Law on Plaintiff's Breach of Contract Claim Because Plaintiff Failed to Present Evidence that the Damages Sought were Caused by the Breaches Argued**

An essential element of a breach of contract claim is "damages caused by the breach." *See Tsintolas Realty Co. v. Mendez*, 984 A.2d 181, 187 (D.C. 2009) (damages cause by the breach are a required element of a breach of contract action).  Causation is clearly a requirement for a breach of contract claim.  *See United States Conference of Mayors v. Great-West Life & Annuity Ins. Co.,* 327 F. Supp. 3d 125, 129 (D.D.C. 2018) ("Causation is an element of a breach of contract claim.").  As Defendants argued in their motion to dismiss and in their motion for summary judgment, Plaintiff's claims that Defendants breached the contract, based on such claims as holding meetings with less than 10 days notice and other technical "breaches" of the contract are not actionable because they did not damage the Plaintiff.  Declaration of William

O'Neil (Judgment) ("O'Neil Dec. (Judgment)"), Ex 1 (Defendants' Motion to Dismiss at 8-10 (ecf 57));  O'Neil Dec. (Judgment), Ex. 2 (Defendants' Motion for Summary Judgment at 12-13 (ecf 142)).  Twice the Court in this case has found that the failure to pay Plaintiff a salary was not a breach of contract.  The Court in its Memorandum Opinion on Defendants' Motion for Summary Judgment agreed that Plaintiff had conceded that the failure to pay his salary was not a breach of the agreement since the agreement to pay was at the reasonable discretion of the Managing Members.  Memorandum Opinion at 15 (October 5, 2018).  The same ruling was made during trial.  O'Neil Dec. (Judgment), Ex. 3 (Tr. at 244:16-21 (sustaining Defendants' objection to testimony regarding the payment of a salary by Mr. Xereas because that issue was decided at summary judgment and was no longer relevant)). [2]

At the close of evidence, Defendants renewed their Rule 50 motion seeking judgment as a matter of law because the Plaintiff failed to present evidence of damages arising from a breach.  O'Neil Dec. (Judgment), Ex. 4 (Tr. at 1017:10-11 (renewing Rule 50 motion)); O'Neil Dec. (Judgment), Ex. 5 (Tr. at 1011:15-17 (arguing lack of causation between damages and breach)).  At first, the Court agreed with this point, finding that the $45,000 in damages identified by Plaintiff as a shortfall in his so-called "guaranteed payments" was unsupported by any evidence in the record and that "no damages can be awarded for such."  O'Neil Dec. (Judgment), Ex. 6 (Tr. at 1002:13-14).  As he did so many times during trial, Plaintiff then changed his theory, arguing that the $45,000 in identified damages was "salary" (O'Neil Dec. (Judgment), Ex. 5 (Tr.

---

[2] In addition, the Court already rejected the claim that his removal as a Managing Member could stand as a breach of contract.  In response to Defendants' first motion to dismiss, this Court held that the remaining Managing Members' actions in removing "Xereas as general manager [does] not state a claim for breach of the Amended Operating Agreement because Dawson and Heiss were empowered to do so as the majority of Managing Members."  *Xereas v. Heiss*, 933 F. Supp. 2d 1, 8 (D.D.C. 2013).

at 1011:1-3)) and pleaded as damages in Count VIII, justifying allowing the damages theory to be presented to the jury.

There is no evidence in the record linking the $45,000 in "missing" salary payments to any of the argued breaches of contract. This lack of a causal link is fatal to Plaintiff's claim. None of the breaches identified and argued by Plaintiff have any causal connection to the damages they claimed as unpaid salary. O'Neil Dec. (Judgment), Ex. 7 (Tr. at 1038 to 1045 (identifying four claimed breaches of contract in closing argument)). The timing of meetings or the substance of the notice of meetings did not give rise to Plaintiff's claimed lack of a salary. Similarly, the restrictions on the scope of his authority agreed to by the majority of the Managing Members on January 26, 2012, did not stop his salary (as he was receiving no salary at that time). Nor did his removal as Managing Member cause the stop in his salary payments. With no causal link between the breach and the claimed damage, there was insufficient evidence to allow the jury to award the identified amount of damages arising from the alleged breach of contract. As a matter of law, judgment on Count VIII should be granted to the Defendants.

Moreover, as noted above, this Court has already ruled that Plaintiff conceded that the failure to pay a salary was not a breach of the contract. In the October 5 Memorandum Opinion, the Court noted that "Defendants contend that … failure to pay Plaintiff a salary cannot be a breach of contract because the parties contracted to compensation via managing member discretion." The Opinion then notes that "Plaintiff concedes Defendants' … point." Memorandum Opinion, at 15. During trial, when Plaintiff sought to elicit testimony on his salary, Defendants' relevance objection was sustained. O'Neil Dec. (Judgment), Ex. 3 (Tr. at 244:16-21). Plaintiff should not have been allowed to argue that the $45,000 figure identified in

his Pre-Trial Order were damages arising from a breach of contract when Plaintiff had already admitted that those sums were not the result of a breach of contract.

In any event, Plaintiff's own explanation of the $45,000 identified in his Amended Pre-Trial Order reveal that it is not, as he claims, an unpaid salary. Salaries are paid over time. There is a work-begin date and a work-end date that can be used to calculate the amount of a salary that was wrongly not paid. Here, there is no evidence of either begin dates or end dates. There is simply an "annual" salary of $72,000, payments of $26,000, and an alleged shortfall of $45,000 (never mind the fact that $72,000 minus $26,000 equals $46,000, not $45,000). It's clear from the record that Plaintiff never argued salary, but instead argued a guarantee of $72,000 less the amount already paid. Lacking any contractual basis for a guaranteed payment, the issue of damages for breach of contract should never have gone to the jury, as the Court recognized during trial and had so ruled in its October 5, 2018, Memorandum Opinion.[3]

2. **Defendants Renewed Their Motion For Judgment Under Rule 50(a) Before The Case Was Sent To The Jury**

A motion for judgment as a matter of law under Rule 50(b) must be a renewal of a motion made prior to the time the jury received that case. *Beyene v. Hilton Hotels Corp.*, 958 F. Supp. 2d 247 (D.D.C. 2013). Here, at the close of Plaintiff's evidence, Defendants moved for judgment under Rule 50(a) on Plaintiff's breach of contract claims focusing on the claim that Defendants breached the contract by removing Plaintiff as a managing member. However, at the close of all evidence, Defendants renewed their motion under Rule 50(a) as to the lack of damages arising from the alleged breaches of contract. O'Neil Dec. (Judgment), Ex. 5 (Tr. at 1011:15-17 (Defendants argued that there is no "connection between this $45,000 figure and

---

[3] Should Defendants' Motion be granted, Defendants would be entitled to an award of costs as the prevailing party under Fed.R.Civ.P. 54(d)(1).

their breach of contract damages")). Plaintiff argued breaches of the contract, and Plaintiff argued lost salary, but the record reflects no causal link between the breaches and the lost salary. Defendants pressed this claim in their renewed motion for judgment as a matter of law, but the Court allowed the matter to go to the jury. O'Neil Dec. (Judgment), Ex. 8 (Tr. at 1023:10-17). Defendants' renewal of their motion for judgment as a matter of law after the jury verdict is procedurally proper as the same argument was pressed by Defendants at trial. *See Rice v. District of Columbia*, 818 F. Supp. 2d 47, 54 (D.D.C.2011) (issue raised during trial properly preserved for consideration in post trial motion). Defendants' renewed motion for judgment as a matter of law should be granted.[4]

---

[4] In the alternative, should the Court not grant Defendants' Motion for Judgment as a Matter of Law, Defendants request a new trial on Plaintiff's breach of contract claim under Fed.R.Civ.P. 59(a). "Such a motion should be granted only when the court is convinced that the jury verdict was a "seriously erroneous result" and where denial of the motion will result in a "clear miscarriage of justice." *In re Lorazepam & Clorazepate Antitrust Litigation*, 467 F.Supp.2d 74 (D.D.C. 2006) (citing *Warren v. Thompson*, 224 F.R.D. 236, 239 (D.D.C.2004)). The decision to grant or deny such a motion lies within the sound discretion of the court. *See e.g., Grogan v. General Maint. Co.*, 763 F.2d 444, 448 (D.C.Cir.1985); *Machesney v. Larry Bruni, M.D., P.C.*, 905 F.Supp. 1122, 1130 (D.D.C.1995). Here, the jury's verdict is a seriously erroneous result and a clear miscarriage of justice, based on Plaintiff's repeated efforts to place irrelevant information in front of the jury and other misconduct, as detailed in Defendants' Motion for Attorney's Fees, incorporated herein by reference.

## CONCLUSION

For the reasons stated herein, Defendants' motion should be granted and judgment should be entered for Defendants on Count VIII of the Second Amended Complaint alleging breach of contract.

                                                /s/_____
                                                William T. O'Neil
                                                Bar No. 426107
                                                THE O'NEIL GROUP LLC
                                                1629 K Street, N.W.
                                                Washington, DC 20006
                                                Telephone (202) 684-7140
                                                Facsimile ((202) 517-9179
                                                woneil@oneilgroupllc.com

CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above was served on December 17, 2018, by ecf and email to counsel of record noted below:

> W. Todd Miller, Esq.
> Baker & Miller PLLC
> 2401 Pennsylvania Ave, NW
> Suite 300
> Washington, D.C. 20037
> Attorney for John Xereas
>
> Tony C. Richa, Esq.
> Richa Law Group, P.C.
> 4800 Hampden Lane
> Suite 200
> Bethesda, MD 20814
> Attorney for John Xereas

                                                                            /s/_____
                                                                            William T. O'Neil