UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOHN N. XEREAS, <br><br> Plaintiff, <br><br> v. <br><br> MARJORIE A. HEISS, *et al.*, <br><br> Defendants | Case No. 12-456 |

**DEFENDANTS' POST-TRIAL MOTION FOR ATTORNEY'S FEES**

Defendants Marjorie Heiss, Geoffrey Dawson and Penn Social LLC ("Defendants") file this post-trial motion pursuant to 15 U.S.C. § 1117(a) for attorney's fees as the prevailing party in a trademark infringement action under the Lanham Act. Defendants prevailed on all four of Plaintiff's Lanham Act claims.[1] Attorney's fees are available in exceptional cases like this one that stands out from among other trademark claims either for the substantive strength of a party's litigating position or the unreasonable manner in which the case was litigated.

Further, while this jurisdiction follows the "American rule" on attorney's fees, that rule contains an exception in cases due to a litigant's oppressive or vexatious conduct. Plaintiffs conduct throughout this case and particularly his conduct at trial fully support the awarding of attorney's fees for the non-Lanham Act claims as well.

---

[1] These were Counts I through III and Count XIX.

**LEGAL STANDARD FOR THE AWARD OF ATTORNEY'S FEES**

Pursuant to the Lanham Act, "[t]he court in exceptional cases may award reasonable attorney fees to the prevailing party." 15 U.S.C. 1117(a). This text imposes one and only one constraint on district courts' discretion to award attorney's fees in patent litigation: The power is reserved for "exceptional" cases. *Octane Fitness, LLC v. Icon Health & Fitness, Inc.* 572 U.S. 545 (2014); 134 S.Ct. 1749, 188 L.Ed.2d 816 (in patent case, holding that an exceptional case is one that stands out either for the substantive strength of a party's litigating position or the unreasonable manner in which the case was litigated); *Noxell Corp. v. Firehouse No. 1 Bar–B–Que Restaurant,* 771 F.2d 521, 526 (D.C. Cir. 1985) (R.B. Ginsburg, J., joined by Scalia, J.) (in trademark case, interpreting the term "exceptional" in the Lanham Act's fee-shifting provision, 15 U.S.C. § 1117(a), to mean "uncommon" or "not run-of-the-mill"). The *Octane Fitness* standard applies in trademark cases. *Yah Kai World Wide Enters., Inc. v. Napper*, 292 F. Supp. 3d 337, 366 (D.D.C. 2018) (in trademark case, "every court of appeals to have considered the relevance of *Octane Fitness* has concluded that its definition of an "exceptional case" ought to govern the Lanham Act's [trademark] attorney fees provision"). "District courts may determine whether a case is 'exceptional' in the case-by-case exercise of their discretion, considering the totality of the circumstances." *Octane Fitness,* 572 U.S. at 554.

As to non-Lanham Act fees, D.C. follows the "American Rule" where, unless modified by statute or contract, "generally, each litigant must bear his or her own attorney's fees and litigation costs." *Estate of Raleigh v. Mitchell*, 947 A.2d 464, 473 (D.C. 2008). As with all general rules, however, the American Rule has exceptions. In *Nugent v. Unum Life Ins. Co. of America*, 752 F. Supp. 2d 46 (2010), the Court found that attorney fees could be awarded due to the "oppressive or vexatious" conduct of the defendant. *Nugent*, 752 F. Supp. 2d at 57; s*ee also*

*Siegel v. William E. Bookhultz & Sons, Inc.,* 419 F.2d 720, 723–24 (D.C. Cir.1969) (overriding considerations of justice can compel the award of attorney's fees); *Continental Ins. Co. v. Lynham*, 293 A.2d 481, 483 (D.C. 1972) (attorney's fees may be awarded at the discretion of the trial court upon a showing that the Plaintiff's conduct was willfully and oppressively fraudulent or brought to annoy or harass).

**ARGUMENT**

1. **Defendants Are Entitled to Attorney's Fees for the Defense of Plaintiff's Lanham Act Claims as the Prevailing Party in an Exceptional Case.**

The Lanham Act provides that the successful litigant of a Lanhan Act case such as the instant trademark case are entitled to an award of fees in "exceptional" cases. There is no doubt that Defendants were the prevailing party on the four Lanham Act claims pleaded by Plaintiff. Judgment was granted to Defendants on each of those claims prior to submission of the case to the jury.

It is also clear that the present case is exceptional as it "stands out" for the substantive strength of a party's litigating position or the unreasonable manner in which the case was litigated. *Octane Fitness,* 572 U.S. at 554. It need not rise to the level of bad faith. *Noxell,* 771 F.2d at 526. An award of attorney's fees is justified when the actions of the non-prevailing party were oppressive in that their claims lacked merit, had elements of an abuse of process claim and a party's conduct unreasonably increased the cost of defending against the suit. *Central Mfg., Inc. v. Brett*, 492 F.3d 876 (7th Cir. 2007) (attorney fee award justified for defense of trademark claim when claimant had no evidence of using the trademark, claims lacked merit and had elements of an abuse of process). The present case is clearly rare, out of the ordinary and not run of the mill when considering the totality of the circumstances.

The present case was originally based on a claimed oral license from Plaintiff to Defendants to use the alleged trademark in question.  At trial, it became clear that the license was a fiction, as the parties at most discussed plans to discuss a license in the future.  Declaration of William O'Neil (Fees) ("O'Neil Dec. (Fees)") at Ex. 1 (Trial Transcript ("Tr.") at 300:6-9).  The evidence at trial showed that at the beginning of the relationship, Plaintiff referred to the intellectual property as owned by the LLC together.  O'Neil Dec. (Fees), Ex 2 and 3 (Def. Trial Ex. 32; Pl. Trial Ex. 74).  No contemporaneous evidence to the contrary was submitted by Plaintiff.  Also, at trial it became clear that Plaintiff applied for the trademark after granting the LLC the right to use it and filed false statements with the Patent and Trademark office to obtain the trademark.  He also purposefully hid these actions from his partners by having his personal address on the application rather than the requested business address.  O'Neil Dec. (Fees) , Ex. 4 (Tr. at 302:9).  All of these circumstances support the finding that this case is exceptional, and it lies within the Court's discretion to award attorney fees to Defendants for the successful defense of Plaintiff's Lanham Act claims.[2]

### 2. Defendants Are Entitled to an Award of All of Their Attorney's Fees Due to Plaintiff's Oppressive and/or Vexatious Conduct.

Attorney's fees are also justified by the Plaintiff's actions in litigating this case.  After much of his first amended complaint was dismissed by the Court, Plaintiff adopted a scorched earth litigation campaign mixing personal attacks and innuendo to personally malign the Defendants.  While the American Rule generally dictates that the parties bear their own legal fees, fees can be awarded when a litigant's actions are "oppressive or vexatious." *Nugent v.*

---

[2] If the Court were to award attorney's fees, Defendants would argue that 15% of the total fees incurred by Defendants would qualify as Lanham Act fees, since four of Plaintiff's 26 causes of action arose from the Lanham Act.  The total fees to be awarded could be addressed in a supplemental motion to determine fees.

*Unum Life Ins. Co. of America,* 752 F. Supp. 2d 46, 57 (D.D.C. 2010) (allowing a claim for attorney's fees to survive a motion to dismiss).

Plaintiff's actions through-out the course of this litigation meet the oppressive or vexatious standard.  After 18 of his 26 claims were eliminated by summary judgment a month before trial, including fraud, Plaintiff changed his theories of recovery such that none of his claimed damages and none of his factual evidence was made irrelevant in his eyes.  Plaintiff pressed wholly unsupported claims such as RICO and fraud claims that had no basis in fact.  Plaintiff repeatedly pressed irrelevant and salacious allegations against Defendants even after they were ruled inadmissible and tried again at trial to introduce such evidence.  O'Neil Dec. (Fees), at Ex. 5 (Tr. at 251-252).  Plaintiff's pre-trial statement was ordered revised by the Court because it repeatedly made statements the Court had already ruled inadmissible.  Despite this, the amended pre-trial order continued to contain personal attacks.  O'Neil Dec. (Fees), Ex. 6 (Amended Pre-Trial Order at 5 (ecf 213)).  It also contained itemized damages for counts no longer in the case.  *Id.* at 18 (listing damages for unjust enrichment).

The oppressive behavior continued through trial.  Plaintiff marked over 300 trial exhibits (and immediately tried to add to that total during trial without so much as notice to counsel for the defense), but only admitted 23 exhibits into the record.  Plaintiff repeatedly attempted to introduce evidence or legal theories that were no longer relevant given the Court's orders, evidence that had been ruled inadmissible or that had no connection to his causes of action (such as conflicts of interest or failures of discovery), causing counsel for defense to have to repeatedly object.  The overwhelming majority of those objections were sustained.  Plaintiff seemed to engage in retaliatory objections during Defendants' case in chief, and once again the majority of these objections were overruled.  Plaintiff admitted out of the presence of the jury that

...
...

Defendants' conversion claim related to a single identified computer, but then attempted to argue otherwise in closing.  Counsel for Plaintiff was required to stop her closing argument by the Court to correct misstatements.  O'Neil Dec. (Fees), at Ex. 7 (Tr. at 1054).  At the conclusion of Plaintiff's closing, again blatant factual misstatements had to be corrected for the jury.  Even these corrections were done begrudgingly or incompletely.  Several curative instructions had to be read to the jury during trial.  For all of these reasons, Plaintiff's conduct rises to the level of oppressive and vexatious and it is well within the discretion of the Court to order Plaintiff to pay Defendants' legal fees.

## CONCLUSION

For the reasons stated herein, Defendants' motions should be granted.

                                                                           /s/_____
                                                      William T. O'Neil
                                                      Bar No. 426107
                                                      THE O'NEIL GROUP LLC
                                                      1629 K Street, N.W.
                                                      Washington, DC 20006
                                                      Telephone (202) 684-7140
                                                      Facsimile ((202) 517-9179
                                                      woneil@oneilgroupllc.com

CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above was served on December 17, 2018, by ecf and email to counsel of record noted below:

>W. Todd Miller, Esq.
>Baker & Miller PLLC
>2401 Pennsylvania Ave, NW
>Suite 300
>Washington, D.C. 20037
>Attorney for John Xereas
>
>Tony C. Richa, Esq.
>Richa Law Group, P.C.
>4800 Hampden Lane
>Suite 200
>Bethesda, MD 20814
>Attorney for John Xereas

                                                                        /s/_____
                                                                         William T. O'Neil