# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

**JOHN N. XEREAS,**

**Plaintiff/ Counterclaim Defendant,**

**v.**

**MARJORIE A. HEISS,**
**GEOFFREY O.S. DAWSON, and**
**PENN SOCIAL, LLC f/k/a Riot Act DC, LLC,**

**Defendants / Counterclaim Plaintiffs.**

**Civil Action No. 1:12-cv-00456-DAR**

## PLAINTIFF'S MOTION FOR LEAVE TO AMEND THE PLEADINGS TO CONFORM TO THE EVIDENCE PRESENTED AT TRIAL

Pursuant to Federal Rule of Civil Procedure 15(b)(2), Plaintiff John N. Xereas respectfully moves for leave to amend Plaintiff's Second Amended Complaint in order to conform it to the evidence presented at trial.[1] The matters at issue – Plaintiff's various theories for his breach of contract claims – were already raised in the Second Amended Complaint. *See, e.g.,* SAC ¶¶ 2, 75, 112, 117, 168, 170-73, 194-96, 220, 231, 267-285. Further, these multiple theories were put forth in Plaintiff's Pre-Trial Statement [ECF 183], Plaintiff's First Amended Pre-Trial Statement [ECF 191], and Plaintiff's Second Amended Pre-Trial Statement [ECF 213]. *See, e.g.,* Pl.'s Pre-Trial Statement at 5 ("Unbeknownst to Plaintiff, before the new business had even opened its doors to the public, Defendants Dawson and Heiss were using LLC funds for non-LLC purposes and making expenditures without maintaining financial records (*e.g.*, receipts and invoices) as required by…the LLC Operating Agreement…."), 27 ("Plaintiff seeks damages

---

[1] In accordance with LCvR 7(m), Plaintiff's counsel informed Defendants' counsel of this Motion, and Defendants oppose the Motion.

based on Defendants' multiple breaches of contract…."); Pl.'s 1st Amen. Pre-Trial Statement at 4 ("Unbeknownst to Plaintiff, before the new business had even opened its doors to the public, Defendants Dawson and Heiss were using LLC funds for non-LLC purposes and making expenditures without maintaining financial records (*e.g.*, receipts and invoices) as required by…the LLC Operating Agreement…."), 20 ("Plaintiff seeks damages based on Defendants' multiple breaches of contract…, including the payment of unsubstantiated LLC expenses as provided for in (A) herein, the misappropriation of LLC funds used to pay management and attorneys' fees as provided for in (H) herein and Defendants' pretextual removal of Plaintiff. The relevant contract for this purpose is the parties' Amended Operating Agreement."); Pl.'s 2d. Amen. Pre-Trial Statement at 4 ("Unbeknownst to Plaintiff, before the new business had even opened its doors to the public, Defendants Dawson and Heiss were using LLC funds for non-LLC purposes and making expenditures without maintaining financial records (e.g., receipts and invoices) as required by…the LLC Operating Agreement…."), 20 ("Plaintiff seeks damages based on Defendants' multiple breaches of contract…, including the payment of unsubstantiated LLC expenses as provided for in (A) herein, the misappropriation of LLC funds used to pay management and attorneys' fees as provided for in (H) herein and Defendants' pretextual removal of Plaintiff. The relevant contract for this purpose is the parties' Amended Operating Agreement.").

However, throughout the November 5-14, 2018 jury trial, the Court repeatedly ruled that Plaintiff's multiple breach of contract claims were not properly pled because each allegation of breach was not specifically reiterated under the remaining contract count headings. *See, e.g.,* Trial Transcript ("Tr.") 243:2-24 (Court asking Mr. Richa to point to specific language under Count V heading, one of Plaintiffs' breach of contract claims pled in the alternative, and Mr.

Richa noting that Count V incorporates all proceeding paragraphs by reference), 245:7-18 (Mr. Richa preserving that allegations were plead in the alternative); 565:2-566:17  (Court again asking Mr. Richa to point to specific language under Count V, and Mr. Richa again noting that Count V incorporates all proceeding paragraphs by reference), 667:24-668:13 (Ms. McDonald noting Court's requirement that each of Plaintiff's allegations appear separately under each count heading).

Notice pleadings require only "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), and the U.S. Supreme Court has continually admonished that courts are not to impose heightened pleading requirements, *see Aktieselskabet AF 21 November 2001 v. Fame Jeans Inc*., 381 U.S. App. D.C. 76, 79, 525 F.3d 8, 16 (2008). However, in keeping with the Court's rulings at trial, Plaintiff now seeks to amend his Second Amended Complaint ("SAC") to repeat the relevant paragraphs below the heading for Count V. Further, if the Court intends to hold the Plaintiff to his Amended Pre-Trial Statement as if it were a pleading, *see, e.g.* Tr. 479:11-480:23 (Court limiting evidence to materials specified in Amended Pre-Trial Statement), Plaintiff further seeks to amend his Second Amended Pre-Trial Statement to conform to the evidence of claims and damages presented.[2]  As the Court of Appeals for the D.C. Circuit stated "'the binding effect of pretrial orders…does not mean that the order is rigidly and pointlessly adhered to at trial.'  Otherwise, 'a pre-trial order or pre-trial statements would hold the parties in a vise, and the result might be just about as bad as a return to the old sporting theory of justice.'" *Ashrah-Hassan v. Embassy of Fr.*, 695 Fed. Appx. 579, 581 (D.C. Cir. 2017) (internal citations omitted).

**ARGUMENT**

---

[2]  Plaintiff further seeks any other relief as is necessary in the interest of justice.

Rule 15 provides that "[a] party may move – at any time, even after judgment – to amend the pleadings to conform them to the evidence and to raise an unpleaded issue." Fed. R. Civ. P 15(b)(2).  Further, "leave to amend one's complaint is liberally permitted." *Islamic Am. Relief Agency v. Gonzales,* 477 F.3d 728, 738 (D.C. 2007), *cert denied*, 128 S. Ct. 92 (2007).

"Rule 15(b) makes consent of the parties--either express or implied--a condition for treating unpled issues as though they were raised in the pleadings." *United States ex rel. Modern Elec. v. Ideal Elec. Sec. Co.*, 81 F.3d 240, 245 (D.C. 1996).  "Because of Rule 15(b)'s focus on the consent of the parties and because pleading under the Federal Rules is designed primarily to provide parties with notice of the opposing parties' claims," the courts should "focus here on whether events at trial should have put [the Defendants] on notice that the issue…was entering the case." *Id.* (citing *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

Even before trial, Defendants were on notice that Plaintiff was seeking damages related to several violations of the Amended Operating Agreement – namely, Defendants' improper removal of Plaintiff as a managing member, *see* SAC ¶¶ 121,125, 231; Defendants' failure to pay Plaintiff compensation promised to him, *see* SAC ¶  171, 220, 276, 285; Defendants' improper use of LLC funds for non-company purposes, *see* SAC ¶ 172; Defendants' failure to maintain adequate books and records, *see* SAC ¶¶ 194, 196; and Defendants' failure to give proper notice for Managing Member meetings, *see* SAC ¶ 195.  The Plaintiff also sought discovery related to the various violations.  For example, in Plaintiff's First Set of Interrogatories to Defendant Penn Social, dated August 2, 2016, Plaintiff sought the identities of those individuals responsible for maintaining the books and records for Penn Social.  Numerous other interrogatory requests, as well as requests for admission and for production, were devoted to Defendants' improper use of LLC funds for non-company purposes.

Plaintiff's breach of contract claims survived Defendants' Motion for Summary Judgment [ECF 187], and the Court's opinion did not state that Plaintiff would be limited to one breach of contract claim or a singular theory of contract damages.  Indeed, not once did the Court instruct the Plaintiff that his breach of contract claims could only be pursued under one theory. As such, Plaintiff's First and Second Amended Pretrial Statements laid out Plaintiff's pursuit of his various contract claims.  *See, e.g.,* Pl.'s 1st Amen. Pre-Trial Statement [ECF 191] at 20 ("Plaintiff seeks damages based on Defendants' multiple breaches of contract…, including the payment of unsubstantiated LLC expenses as provided for in (A) herein, the misappropriation of LLC funds used to pay management and attorneys' fees as provided for in (H) herein and Defendants' pretextual removal of Plaintiff."); Pl.'s 2d. Amen. Pre-Trial Statement [ECF 213] at 20 (same).  Further, Plaintiff was explicit that his damages, as laid out in his various pre-trial statements, could "be recovered under a number of different Counts pled in Plaintiff and Derivative Plaintiff's Second Amended Complaint," and he "attempt[ed] to list the damages only once."  Pl.'s 2d. Amen. Pre-Trial Statement [ECF 213] at 18 ("Plaintiff…reserve[s] the right to amend the Pretrial Statement and/or to seek recovery for all damages allowable under each respective Count pled in Plaintiff's Second Amended Complaint").

Defendants offered no objection to the various contract claims and corresponding damages theories offered by Plaintiff in his Pre-Trial Statement, First Amended Pre-Trial Statement, or Second Amended Pre-Trial Statement.  Indeed, Defendants filed a motion with respect to Plaintiff's first two pre-trial statements, seeking to have Plaintiff's "scandalous accusations about the individual Defendants" placed under seal, but, notably, did not object to

anything regarding Plaintiff's various contract claims or damages theories.[3] Defs.' Mot. to Place
Pl.'s Proposed Pretrial Statement (ECF 183) and Amen. Pretrial Statement (ECF 191) Under
Seal at 1.  As such, any such objections thereto are now surely waived.  *See* Tr. 1014:9-1015:18
(Court finding untimely Plaintiff's objection to materials contained in Defendants' Pre-Trial
Statement).

Finally, at trial, Plaintiff presented evidence of each theory of contract breach and related
damages under the breach of contract umbrella.  *See, e.g.,* Tr. 264:11-16 (Mr. Richa eliciting
testimony from Plaintiff Xereas regarding Defendants' failure to give proper notice for meetings
in violation of the Amended Operating Agreement); Tr. 265:22-266: 5 (same); Tr. 523:9-530:11
(Ms. Glavich eliciting testimony from Plaintiff's expert Mr. Morrissey regarding Defendants'
failure to maintain adequate books and records, as well as Defendants' improper use of LLC
funds for non-company purposes).  Defendants were plainly on notice that the various theories of
contract damages were "entering the case."

Moreover, Defendants consented to the entrance of the variant theories of contract claims
and damages when they defended against them.  *Villar v. Flynn Architectural Finishes, Inc.*, 893
F. Supp. 2d 201, 214 (D.D.C. 2012) ("If…the non-moving party produced evidence bearing on
the issue, consent to amend is present.").  For example, in support of Defendants' summary
judgment motions, Defendants submitted several declarations by Defendants and witnesses
relating to their accounting and bookkeeping.  *See* Decl. of Geoffrey Dawson Regarding Opp. to

---

[3]  In response, the Court issued a minute order requiring Plaintiff to "withdraw his Proposed
Pretrial Statement [183] and his Amended Pretrial Statement [191], and refile it only after
del[e]ting all references to matters which this court has excluded as evidence at trial."  Nov. 1,
2018 Minute Order.  As such, Plaintiff removed all references to the "scandalous" matters raised
by Plaintiff and refiled his pre-trial statement.  Defendants filed no objections to Plaintiff's
Second Amended Pretrial Statement, and the Court never found that Plaintiff had failed to
remove any excluded matters from his Second Amended Pre-Trial Statement.

Pl.'s Mot. for Summ. Judg. on Certain of His Claims, ECF 147-2, ¶ 8-11.  In addition, at trial, Defendants put forth witnesses to discuss accounting and record keeping, offered evidence to counter Plaintiff's contention that LLC funds were used for non-company purposes, and generally sought to provide evidence contrary to Mr. Morrissey's testimony regarding the contract violations and corresponding damages.  *See, e.g.,* Tr. 640:15-25 (Mr. O'Neil eliciting testimony from Defendant Dawson regarding the LLC's accounting software), 871:22-878:6 (Mr. O'Neil eliciting testimony from Peter Bayne regarding maintenance of books and records, seeking to legitimize the use of company funds for various expenses, and offering evidence in opposition to Mr. Morrissey's testimony).[4]

While Plaintiff respectfully argues that the Court was incorrect to limit his claims, Defendants had full notice of Plaintiff's intention to offer the aforementioned arguments on contract liability and damages.  As such, Defendants would not be prejudiced by Plaintiff's amendment of the pleadings under Rule 15(b)(2).  *See Modern Elec. v. Ideal Elec. Sec. Co.*, 81 F.3d at 245.  In addition, Defendants responded to the evidence that Plaintiff presented by defending against each of the theories, thereby consenting to any necessary amendments.  *See Villar*, 893 F. Supp. 2d at 214.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court grant his motion for leave to amend the pleadings and his Second Amended Pre-Trial Statement in order to conform to the evidence of contract claims and damages presented at trial.

---

[4]  Defendants did not offer any evidence in opposition to the allegation that they did not provide proper notice for Managing Member meetings.  This is simply because they admitted to this fact. *See, e.g.,* Tr. 836:20-24 (Defendant Heiss testifying that 15 days' notice was not provided for the January 26, 2012 Managing Member meeting).

Dated:  December 17, 2018                 Respectfully submitted,

<u>/s/ W. Todd Miller</u>
W. Todd Miller (D.C. Bar No. 414930)
Amber L. McDonald (D.C. Bar No. 974873)
Erin Glavich (Admitted Pro Hac Vice)
tmiller@bakerandmiller.com
amcdonald@bakerandmiller.com
eglavich@bakerandmiller.com
BAKER & MILLER PLLC
2401 Pennsylvania Avenue, NW Suite 300
Washington, DC 20037
Telephone: 202-663-7820
Fax: 202-663-7849

Tony C. Richa
Richa@richalawgroup.com
Richa Law Group, LLC
One Bethesda Center
4800 Hampden Lane, Suite 200
Bethesda, MD 20814
Telephone: 301-424-0222
*Attorneys for Plaintiff John N. Xereas*

## <u>CERTIFICATE OF SERVICE</u>

I, the undersigned, hereby affirm and declare that on December 17, 2018, I caused a

true and correct copy of the foregoing to be served on all Parties registered for this case via the

Court's ECF system.

<u>/s/ W. Todd Miller</u>
W. Todd Miller