# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOHN N. XEREAS,<br><br>    Plaintiff / Counterclaim Defendant,<br>v.<br><br>MARJORIE A. HEISS, *et al.*,<br><br>    Defendants / Counterclaim Plaintiffs. | Civil Action No. 12-456<br>DAR |

## MEMORANDUM OPINION AND ORDER

Defendants' Post Trial Motion to Alter or Amend the Jury's Judgment ("Defendants' Motion to Alter or Amend") (ECF No. 234) and Defendants' Post-Trial Motion for Judgment as a Matter of Law ("Defendants' Motion for Judgment as a Matter of Law") (ECF No. 235) are pending for determination. After careful consideration of the parties' submissions, and for the reasons that follow, the court will grant Defendants' Motion to Alter or Amend and deny Defendants' Motion for Judgment as a Matter of Law.

## BACKGROUND

After nearly five years of litigation, including extensive discovery, the Plaintiff, in August 2017, filed his Second Amended Complaint. *See* Plaintiff's Second Amended Complaint (ECF No. 102). After extensive briefing, the court entered an order granting summary judgment as to fifteen counts in the Second Amended Complaint, dismissed four counts in the Second Amended Complaint, and denied summary judgment as to the remaining claims of trademark infringement (Counts I through III), breach of contract and the duty of good faith and fair dealing (Counts V, VII, and VIII), unjust enrichment (Count XVIII), and cybersquatting (Count XIX). *See* Order (ECF No. 187).

Trial commenced on November 5, 2018. After the close of Plaintiff's evidence, the Defendants moved for judgment as a matter of law on the basis that there was no evidence presented support the Plaintiff's claim for damages for breach of contract or for trademark infringement. *See* Transcript of Jury Trial, Day 7 (ECF No. 233) at 1016–17. In opposition, the Plaintiff argued that damages were his lost salary following his removal as a Managing Member of Riot Act LLC, and losses stemming from Defendants' conversion of the Riot Act trademark. *See id.* at 1019. The court granted the Motion for Judgment as a Matter of Law as to the conversion of the Riot Act trademark. *See id.* at 1022–23. However, the court denied the motion as to the breach of contract claims because "the jury could find at a minimum that Mr. Xereas was not paid a salary and that constitutes a damage or one item of damages for the alleged breach." *See id.* at 1023:14–18. Thus, that issue was submitted to the jury.

Following deliberations, the jury returned a verdict on the issues submitted. *See* Verdict Form (ECF No. 225). The jury awarded Plaintiff "$106,000 plus legal fees" for recovery for the breach of contract claim and found in favor of the Defendants on their counterclaim for Conversion, awarding the Defendants "return computer." *See id.*

Defendants filed three motions: the two motions discussed herein, as well as the Motion for Attorney's Fees (ECF No. 236). Plaintiff filed the Motion to Amend the Pleadings to Conform to Evidence Presented at Trial (ECF No. 237).

**THE PARTIES' CONTENTIONS**

   **A. Motion for Judgment as a Matter of Law**

Defendants, in their Motion for Judgment as a Matter of Law, argue that the Plaintiff did not present any evidence supporting the contention that he is entitled to damages stemming from the breach of contract claims. *See* Defendants' Motion for Judgment as a Matter of Law at 3–6.

Defendants contend that none of the alleged breach of contract claims have any causal connection to the damages Plaintiff claims as "unpaid salary." *Id*. at 5. Defendants also point out that the court held that the failure to pay a salary was not a breach of contract. *See id*. (quoting Memorandum Opinion at 15). Additionally, the Defendants argue that there is no contractual basis for ensuring that the Plaintiff receive the $45,000 salary because there is not guaranteed payment for the full salary permitted by the Operating Agreement. *See id*. at 6.

In opposition, Plaintiff submits that Defendants effectively admit that the jury correctly determined that the defendants had breached the Amended Operating Agreement. Plaintiff's Opposition to Defendants' Post-Trial Motion for Judgment as a Matter of Law (ECF No. 242) at 1-2. Plaintiff further submits that there was sufficient evidence—including witness testimony—for the jury to conclude that the Defendants unfairly removed Plaintiff as a Managing Member and holding member meetings without proper notice in violation of the Operating Agreement. *Id*. at 6–10. Plaintiff contends this constitutes sufficient evidence of promises Defendants made to Plaintiff that he would receive a salary and was wrongly denied that salary. *Id*. at 9. Plaintiff further argues that the jury could have reasonably disagreed whether breach of contract occurred, whether damages were required, and what damage amount would be appropriate. *See id*. at 13–18 (discussing multiple pieces of evidence and arguments made at trial to suggest that reasonable minds could disagree whether a breach of contract occurred). Plaintiff argues that the jury could have considered any contract breach and the appropriate damages, and that the jury's award of damages was not limited to the "list of itemized damages in [Plaintiff's] Final Pretrial Statement." *See id*. at 21. Finally, Plaintiff argues that Defendants are precluded from making a "causation" argument because it was not raised in the Plaintiff's Rule 50(a) motion following the close of evidence. *Id*. at 23.

In reply, Defendants reassert the arguments made in their Motion. See Defendants' Reply In Support of Defendants' Post-Trial Motion for Judgment as a Matter of Law (ECF No. 245) at 3-5. Specifically, Defendants argue that Plaintiff's allegations of (1) failure to give timely notice of a Managing Member meeting, (2) failure to provide meeting agendas, and (3) Plaintiff's ultimate removal as a Managing Member, was not the cause of any salary to be withheld. *Id*. Defendants further argue that a loan Defendant Dawson gave to the LLC or the indemnification provision of the Operating Agreement cannot be the basis for Plaintiff's alleged damages. *Id*. at 5-6. Finally, Defendants argue that they filed a renewed motion under Rule 50(a) as to the lack of damages arising from the alleged breaches of contract, and thus preserved this argument for the present motion. *Id*. at 7-8. Thus, the Defendants argue that the motion should be granted because the Plaintiff has failed to offer evidence of damages causally related to the alleged breach of contract.

### B. Motion to Alter or Amend

Defendants submit that the jury award of $106,000 has no basis in the evidence presented at trial. Defendants also submit that the jury award of attorney's fees has neither a statutory or contractual basis, nor did Plaintiff request or argue for attorney's fees at trial. *See* Defendants' Motion to Alter or Amend at 1. Defendants first argue that the court should alter or amend the jury award of $106,000 to avoid clear error or prevent manifest injustice. *Id*. at 2-4. Defendants contend that, at the most, Plaintiff should be limited to the amount of damages he specified in his in the pretrial statement, $45,000. *Id*. at 3.[1] Second, Defendants argue that the jury's award of

---

[1] Defendants also contend that Plaintiff is entitled to zero dollars for breach of contract because the court excluded evidence of the damages claimed for breach of contract and the claim for $45,000 was listed as damages for "Compensation as a General Manager." Defendants' Motion to Alter or Amend at 3.

attorney's fees must be stricken, absent a statutory or contractual basis, and Plaintiff never asserted such basis nor presented evidence to the jury for such an award. *Id*. at 5.

In opposition, Plaintiff submits that "his damages for breach of contract were not limited to the amount Defendants incorrectly assert[,]" and that "[his] various theories for his breach of contract claims were supported by the evidence presented at trial . . . ." Plaintiff's Opposition to Defendants' Post Trial Motion to Alter or Amend the Jury's Judgment (ECF No. 241). Plaintiff further submits that "recovery in excess of the amount set forth in the Plaintiff's Second Amended Pretrial Statement is permitted." *Id*. at 2.[2] Plaintiff thus argues that there was a reasonable basis for the award of $106,000, and that there is no "clear error" or "manifest injustice" which warrants altering or amending the judgment. *Id*. at 4-9. Regarding attorney's fees, Plaintiff argues that the parties "contract[ed] around the American Rule [barring recovery of attorney's fees] by placing the indemnification clause in their operating agreement." *Id*. Plaintiff contends that the jury's award was "conceivably based on the indemnification clause that Defendants Dawson and Heiss even used themselves as a basis to pay for their individual defenses[,]" thus there was no "manifest injustice" in awarding attorney's fees. *Id*. at 10-11.

In reply, Defendants first argue that Plaintiff should be limited to the $45,000 breach of contract damages claimed in his pre-trial statement and at trial. Defendants' Reply Brief in Support of Defendants' Post Trial Motion to Alter or Amend the Jury's Judgment (ECF No. 244) at 3-7. Defendants contend that Plaintiff's assertion that the jury award for damages falls under other itemizations of damages is simply an attempt to "mix and match" the evidence presented at

---

[2] In support of this proposition, Plaintiff cites, *inter alia*, a Superior Court rule, A District of Columbia Court of Appeals decision, and a series of decisions other than the District of Columbia Circuit. *Id*. at 2. The District of Columbia Circuit opinion cited for a subsequent proposition holds only that it is not an abuse of discretion "to permit trial testimony that was inconsistent with a pretrial statement, especially where that statement was not memorialized in a pretrial order, and the inconsistency was plain and repeated throughout the life of the case." *Ashraf-Hassan v. Embassy of France*, 695 F. App'x 579, 581 (D.C. Cir. 2017).

trial with the breach of contract claims disposed of at summary judgment or during trial. *Id*. at 3-5. Defendants further contend that Plaintiff's post-trial attempt to "switch his theory of recovery" is simply a means of "justif[ing] a jury award that was not based on allegations in the complaint or the pre-trial order, or any evidence presented to the jury and argued by the Plaintiff." *Id*. at 5. Second, Defendants argue that Plaintiff's new attempt to justify the jury award by alleging that the "transition from a comedy club to a bar could have been damages suffered by the Plaintiff arising from the breach." *Id* at 6. Defendants contend that such damages were (1) "never mentioned in the Second Amended Complaint or in the multiple pre-trial orders filed by the Plaintiff," and (2) "Plaintiff never presented any evidence [of] any profits from the business, that there would have been profits if [Plaintiff] had remained a managing member, or hat [sic] he was in any [sic] entitled to a share of such hypothetical profits." *Id*. Finally, Defendants argue that "no such claim for indemnification for attorney's fees was argued in the Second Amended Complaint or the pre-trial order and no such claim was argued to the jury." *Id*. at 7.

**APPLICABLE STANDARDS**

   **A. Federal Rule of Civil Procedure 50(a)**

Rule 50(a) mandates that "[i]f a party has been fully heard on an issue during a jury trial and the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue," then a court may "grant a motion for judgment as a matter of law against the party on a claim or defense that, under the controlling law, can be maintained or defeated only with a favorable finding on that issue." Fed. R. Civ. P. 50(a)(1)(B). Federal Rule of Civil Procedure 50(b) states:

> If the court does not grant a motion for judgment as a matter of law made under Rule 50(a), the court is considered to have submitted the action to the jury subject to the court's later deciding the legal questions raised by the motion. No later than 28 days after the entry of judgment—or if the motion addresses a jury issue not decided by a verdict, no later than 28 days after the jury was discharged—the movant may file a renewed motion for judgment as a matter of law and may include an alternative or joint request for a new trial under Rule 59. In ruling on the renewed motion, the court may:
> (1) allow judgment on the verdict, if the jury returned a verdict;
> (2) order a new trial; or
> (3) direct the entry of judgment as a matter of law.

Fed. R. Civ. P. 50(b). A motion pursuant to Rule 50(b) must be limited to the issues first raised in the initial motion for judgment as a matter of law pursuant to Rule 50(a). *Rice v. District of Columbia*, 818 F. Supp. 2d 47, 54 (D.D.C. 2011). In determining whether a Rule 50(b) motion ought to be granted, "the jury's verdict must stand unless the evidence, together with all the inferences that can reasonably be drawn therefrom is so one-sided that reasonable people could not disagree on the verdict." *Lewis v. D.C.*, 315 F. Supp. 3d 571, 580 (D.D.C. 2018) (internal alterations omitted) (quoting *McNeal v. Hi–Lo Powered Scaffolding, Inc.*, 836 F.2d 637, 640–41 (D.C. Cir. 1988)). Because entering judgment as a matter of law after a jury verdict "intrudes upon the rightful province of the jury, it is highly disfavored." *Id.* (quoting *Boodoo v. Cary*, 21 F.3d 1157, 1161 (D.C. Cir. 1994).

### B. Federal Rule of Civil Procedure 59(e)

A district court has discretion to alter or amend a judgment pursuant to a Rule 59(e) motion if there is "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Mohammadi v. Islamic Republic of Iran*, 782 F.3d 9, 17 (D.C. Cir. 2015) (citing *Patton Boggs LLP v. Chevron Corp.*, 683 F.3d 397, 403 (D.C. Cir. 2012) (internal quotation marks omitted)). "Although courts have generally not defined what constitutes "clear error[,]"" *Bond v. U.S. Dep't of Justice*, 286 F.R.D. 16, 22

(D.D.C. 2012) (citing *Lightfoot v. District of Columbia*, 355 F. Supp. 2d 414, 422 (D.D.C. 2005)), "a final judgment must be 'dead wrong' to constitute clear error." *Id.* (citing *Parts & Elec. Motors, Inc. v. Sterling Elec., Inc.*, 866 F.2d 228, 233 (7th Cir. 1988); *see, e.g.*, *Lardner v. FBI*, 875 F. Supp. 2d 49, 53 (D.D.C. 2012). Similarly, to establish "manifest injustice," the moving party must demonstrate that there was "clear and certain prejudice to the moving party, [and] a result that is fundamentally unfair in light of governing law." *Paleteria La Michoacana, Inc. v. Productos Lacteos Tocumbo S.A. De C.V.*, 247 F. Supp. 3d 76, 92 (D.D.C. 2017) (quoting *Slate v. ABC*, 12 F. Supp. 3d 30, 35-36 (D.D.C. 2013)). There is no manifest injustice when "a party could have easily avoided the outcome, but instead elected not to act until after a final order had been entered." *Arabaitzis v. Unum Life Ins. Co. of Am.*, 351 F. Supp. 3d 11, 14 (D.D.C. 2018) (quoting *Ciralsky v. CIA*, 355 F.3d 661, 665 (D.C. Cir. 2004)); *see also Patton Boggs LLP*, 683 F.3d at 403 ("Rule 59(e) is not a vehicle to present a new legal theory that was available prior to judgment . . . .").

**DISCUSSION**

    **A. Judgment as a Matter of Law**

In light of the court's determination of the Defendants' Rule 59(e) motion, the court will deny Defendants' Post-Trial Motion for Judgment as a Matter of Law. The thrust of the Defendants' argument is that the Plaintiff did not present evidence indicating that the damages asserted had a causal link to the breaches of contracts claimed. However, evidence speaking to the amount of damages appropriate for a breach of the Operating Agreement was presented. For example, the Plaintiff presented evidence that the breach of the Operating Agreement, namely being improperly removed as a Managing Member of the LLC, resulted in damages totaling $45,000 because that was the remaining amount that the Plaintiff was owed pursuant to the

$72,000 that was promised to him in the Agreement. *See* Trial Transcript ("Tr.") 617:2–10 (Defendant testifying that "[i]n a perfect world, he would have gotten his salary, which we had hoped would be $72,000 a year, to manage the club."). The Plaintiff also presented evidence of other relevant salaries and expenses to use as benchmarks for an award of damages. *See* Tr. 235:13-237:2 (discussing the salaries of other employees). Likewise, the Defendants presented evidence that this amount of money was never promised. *See* Tr. 617:10-16 (Defendant testifying that there was no guarantee of a salary if business was unsuccessful). Reasonable minds could make a factual determination whether the Plaintiff is entitled to some level of damages and what the appropriate level of damages would be, given the evidence adduced at trial.

Additionally, the court denied the initial Motion for Judgment as a Matter of Law because "the jury could find *at a minimum* that Mr. Xereas was not paid a salary and that constitutes a damage or *one item of damages* for the alleged breach." *See* Tr. 1023:14-23 (emphasis added). The jury also was instructed to consider incidental and consequential damages in its calculation of damages should it have found a breach of the Operating Agreement. *See* Tr. 1095:18-1096:9; *see also* Tr. 1095:18-21 (instructing the jury to "put the injured parties in the economic position he or they would have been in."). The jury was instructed that it "may not award damages for present or future harms which are speculative or remote, or which are based solely on conjecture or guesswork." *Id.* at 1096:7–9. Thus, the jury was given a framework to apply to the facts of the case, and there can be little doubt that the jury was unaware of the process to calculate damages.

In accordance with the case law in this Circuit, the court should not endeavor to second-guess the jury's determination that damages resulting from Plaintiff's removal as a Managing

9

Member are appropriate once evidence of each element of a breach of contract has been offered. "In review the amount of the jury's award, [the court] thus need[s] no – and indeed cannot – reconstruct the precise mathematical formula that the jury adopted. . . . [The court's] inquiry ends once [the court is] satisfied that the award is within a reasonable range and that the jury did not engage in speculation or other improper activity." *Geraldine v. Carter v. Duncan-huggins, Ltd.*, 727 F.2d 1225 (D.C. Cir. 1984); *see also U.S. Conference of Mayors*, 327 F. Supp. 3d 125, 134 (D.D.C. 2018) ("Juries are not required to show their work."). Accordingly, Defendants' Post-Trial Motion for Judgment as a Matter of Law is denied.

### B. The Judgment Must be Altered

The jury's award of $106,000 in damages is precisely "clear error," and the judgment should be altered under Rule 59(e). Although Plaintiff is indeed correct that Rule 59(e) motions "[are] not routinely granted," *Lightfoot*, 355 F. Supp. 2d at 421, the present case is hardly routine. As Defendants observed, Plaintiff's Second Amended Pretrial Statement explicitly identified $45,000 as the only damages for "Breach of Contract . . . (Guaranteed Payments still owed to Plaintiff for services as GM of the LLC)[.]" Plaintiff's Second Amended Pretrial Statement (ECF No. 213) at 18. As the purpose of a pretrial statement is to narrow the scope of the issues for trial and prevent surprise theories from being presented to the jury, *see Klayman v. Judicial Watch, Inc.*, 802 F. Supp. 2d 137, 149 (D.D.C. 2011), the court cannot accept Plaintiff's contention that the jury may award damages for matters other than the only remaining claim.

In opposition to the Motion to Alter or Amend, Plaintiff contends that the cost of rebranding the club harmed Plaintiff in the amount of $700,000. However, the court cannot allow the jury to award damages "on the basis of mere speculation or guesswork[.]" *CapitalKeys, LLC v. Democratic Republic of Congo*, 278 F. Supp. 3d 265, 285 (D.D.C. 2017) (quoting *Hill v.*

10

*Republic of Iraq*, 328 F.3d 680, 684 (D.C. Cir. 2003)). This contention as the basis of damages was neither supported in the Plaintiff's Second Amended Pretrial Statement, nor supported by the evidence presented at trial. Because a Rule 59(e) motion carries an "exacting standard," *Bond*, 286 F.R.D. at 22, the court has discretion to reduce the damage award to more accurately reflect the evidence only when "it is apparent as a matter of law that certain identifiable sums included in the verdict should not have been there," *see Pratt v. Uni. of the District of Columbia*, 691 A.2d 158, 159 (D.C. Cir. 1997) (per curiam) (quoting Charles Alan Wright, Arthur R. Miller and Mary Kay Kane, FEDERAL PRACTICE AND PROCEDURE, § 2815, at 159 (2d ed.)), the court reduces the jury award of $106,000 to the amount of damages alleged in Plaintiff's Second Amended Pretrial Statement, $45,000.

Further, the court finds that Plaintiff's argument for entering a judgment that includes attorney's fees unavailing. The jury's award of attorney's fees causes manifest injustice to the Defendants, as Plaintiff "could have easily avoided the outcome, but instead elected not to act . . ." until Defendants filed present motion. *Arabaitzis*, 351 F. Supp. 3d at 14 (quotation and citation omitted). District of Columbia law follows the "American Rule" where, absent a statutory or contractual modification, "each litigant must bear his or her own attorney's fees and litigation cost." *Nugent v. Unum Life Ins. Co. of America*, 752 F. Supp. 2d 46, 57 (D.D.C. 2010) (quoting *Estate of Raleigh v. Mitchell*, 947 A.2d 464, 473 (D.C. 2008)). The court observes, as Defendants argue, that Plaintiff never asserted a claim for indemnification in his Second Amended Pretrial Statement, nor was any evidence of indemnification of the Plaintiff presented at trial.[3] *See* Plaintiff's Second Amended Pretrial Statement (ECF No. 213). Indeed, Plaintiff

---

[3] In the Second Amended Complaint, Derivative Plaintiff asserted claims for indemnification pursuant to the Operating agreement. Second Amended Complaint (ECF No. 102) at ¶¶ 212, 219; *id*. at 104. Those claims were dismissed as articulated in this court's Memorandum Opinion. *See* Memorandum Opinion (ECF No. 188) at 8-9.

admits that the basis for his theory of recovery was only advanced by Defendants' asserted counterclaims and presentation of evidence for indemnification. *See* Pl.'s Opp. to Motion to Alter or Amend at 9-10. Thus, no exception to the "American Rule" barring recovery of attorney's fees in a breach of contract claim presently applies. Previously in this District, when a jury is given a special verdict form and writes in "attorney's fees" as an element of compensatory damages, the Court rejected the jury's effort to add attorney's fees and deleted any such amount from the judgment entered. *See Gabriel v. Fernando*, 695 F. Supp. 600, 601-02 (D.D.C. 1988). Presently, the court will order the same for the reasons articulated herein. Because the jury's award of attorney's fees is impermissible under any theory of recovery, the judgment must be altered to strike the jury's award for attorney's fees. *C.f. Chrabaszcz v. Johnston Sch. Comm.*, 474 F. Supp. 2d 298, 322 (D.R.I. 2007) (finding that the parties did not contract for the indemnification of attorney's fees for any action relating the plaintiff's employment and denying Plaintiff's request to modify the judgment to add attorney's fees).

**CONCLUSION**

For the reasons set forth herein, on this 5th day of August, 2019, it is

**ORDERED** that Defendants' Post-Trial Motion for Judgment as a Matter of Law (ECF No. 235) is **DENIED**, and it is

**FURTHER ORDERED** that Defendants' Motion to Alter or Amend the Jury's Judgment (ECF No. 234) is **GRANTED**, and that (1) the award of damages for breach of contract is reduced to $45,000, and (2) the award of attorney's fees is stricken.

_____
DEBORAH A. ROBINSON
United States Magistrate Judge